**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS E. HALL, on Behalf of Himself and All Others Similarly Situated**<br>984 Cleveland Avenue<br>Amherst, OH  44001<br><br>          Plaintiff,<br><br>     vs.<br><br>**VITRAN EXPRESS, INC.**<br>c/o Registered Agent<br>Norman R. Garvin<br>10 W. Market Street, Ste. 1500<br>Indianapolis, IN  46204<br><br>          Defendant. | CASE NO. 1:09-cv-00800<br><br><br><br><br><u>**CLASS ACTION COMPLAINT**</u><br><br>(Jury Demand Endorsed Hereon) |

* * * *

**NATURE OF THE ACTION**

1. This is a class action on behalf of consumers who were the subject of criminal background reports prepared as a precondition of employment with Vitran Express, Inc. ("Vitran") between April 7, 2007 and April 7, 2009, inclusive (the "Class Period") seeking remedies under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681*, et seq.*

**JURISDICTION AND VENUE**

2. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in the Northern District of Ohio because a substantial part of the

events or omissions giving rise to the allegations contained herein occurred in the Northern District of Ohio. 28 U.S.C. §1391(b). Further, Vitran maintains a principal place of business in this district.

## PARTIES

4. Thomas E. Hall ("Hall") is a citizen of the State of Ohio and a "consumer" within the meaning of 15 U.S.C. §1681a.

5. Vitran is a for-profit corporation organized under the laws of the State of Indiana. At all times relevant hereto, Vitran was doing business in the State of Ohio.

6. Further, Vitran is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. §1681a.

## ALLEGATIONS AS TO THE NAMED PLAINTIFF

7. On or about January 9, 2008, Hall applied for a commercial truck driver position with Vitran through its terminal facility in Brook Park, Ohio.

8. As part of his job application, Hall signed a document authorizing an investigation of all statements contained in his application and interviews with past employers or personal references and/or a driver's record check.

9. On or about January 15, 2008, Vitran, without proper authorization from Hall, ordered a criminal background report regarding Hall from USIS Commercial Services, Inc. ("USIS"). On that same date, USIS provided Vitran with a criminal background report, which grossly misidentified Hall as having twenty-seven (27) felony convictions for crimes involving moral turpitude. This report actually pertained to another individual with the same first name, middle initial, last name and date of birth.

10. Immediately after receiving the subject criminal background report, Vitran took adverse action against Hall, documenting a decision not to hire Hall based upon the results of the report.

11. At no time did Vitran provide Hall with any verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

12. Hall was not advised by Vitran of the reason for the adverse action, nor did he learn of the inaccurate report until February 2, 2008, when he received a derogatory letter and a copy of the report from USIS.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

13. For at least two (2) years, Vitran or its predecessor has purchased criminal background reports from USIS or its predecessor regarding job applicants, which are used as a basis for taking adverse action against said applicants.

14. Upon information and belief, Vitran does not seek or receive an appropriate disclosure from job applicants as required by 15 U.S.C. §1681b(b)(2) prior to obtaining these criminal background reports.

15. Upon information and belief, Vitran does not provide pre-adverse action notice to job applicants, including a copy of the applicants' criminal background report and a statement of the applicants' rights as required by 15 U.S.C. §§ 1681b(b)(3) and 1681m(a).

16. Vitran's violations of the FCRA have been willful, wanton and reckless in that Vitran knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

17. 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

18. Pursuant to F. R. Civ. P. 23, Hall brings this action on behalf of the Class specified below:

    a. At any time during the Class Period; and

    b. A consumer was the subject of a criminal background report used by Vitran to deny employment or otherwise take adverse action against the consumer; and/or

    c. Said consumer did not sign an appropriate disclosure permitting Vitran to obtain a criminal background report; and/or

    d. Said consumer did not receive pre-adverse action notice from Vitran, including a copy of a Statement of Rights under the FCRA and a copy of the consumer's criminal background report.

19. Information concerning the exact size of the putative class is within the exclusive possession of Vitran.

20. The Class members are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Hall at this time and can only be ascertained through appropriate discovery, Hall believes that there are hundreds of Class members located throughout the United States.

21. Hall's claim is typical of the claims of the other Class members as all Class members were similarly affected by Vitran's unlawful conduct in violation of the FCRA.

22. Hall will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex litigation. Hall is a member of the Class and does not have any interests antagonistic to or in conflict with the members of the Class. Hall's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

23. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

    a. the form of disclosure Vitran utilizes as a basis for seeking and obtaining criminal background reports regarding job applicants; and

    b. the notification provided to job applicants once Vitran determines to take adverse action based upon the results of a criminal background report.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and involves claims that, taken individually, may not justify the costs and effort of bringing suit.

25. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

**COUNT ONE – CLASS CLAIM**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT,**
**15 U.S.C. §§1681b(b)(3) and 1681m(a)**

26. Hall realleges and incorporates by reference all preceding allegations of law and fact.

27. Vitran violated 15 U.S.C. §§ 1681b(b)(3) and 1681m(a) by failing to provide pre-adverse action notification, along with a copy of the subject criminal background report and a Statement of Rights under the FCRA to Hall and each Class member prior to taking adverse action.

28. As a result of Vitran's conduct, Hall and the Class members suffered damages in

many ways, including by example only and without limitation, loss of employment, emotional distress, and humiliation and embarrassment.

29. Vitran's conduct was willful, rendering Vitran liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Vitran acted negligently, entitling Hall and the Class members to recover actual damages under 15 U.S.C. §1681o.

30. Hall and the Class members are entitled to recover costs and attorneys' fees from Vitran in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT TWO – CLASS CLAIM
### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681b(b)(1)

31. Hall realleges and incorporates by reference all preceding allegations of law and fact.

32. Vitran violated 15 U.S.C. §1681b(b)(1) by failing to certify that Vitran would comply with the FCRA as required by 15 U.S.C. §1681b(b)(1) prior to obtaining and using consumer reports to make employment decisions.

33. As a result of Vitran's conduct, Hall and the Class members suffered damages in many ways, including by example only and without limitation, loss of employment, emotional distress, and humiliation and embarrassment.

34. Vitran's conduct was willful, rendering Vitran liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Vitran acted negligently, entitling Hall and the Class members to recover actual damages under 15 U.S.C. §1681o.

35. Hall and the Class members are entitled to recover costs and attorneys' fees from

Vitran in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT THREE – CLASS CLAIM
## VIOLATION OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. § 1681b(b)(2)

36. Hall realleges and incorporates by reference all preceding allegations of law and fact.

37. Vitran violated 15 U.S.C. §1681b(b)(2) by failing to obtain an appropriate release from Hall and the Class members to obtain and use criminal background reports to make employment decisions as FCRA as required by 15 U.S.C. §1681b(b)(2).

38. As a result of Vitran's conduct, Hall and the Class members suffered damages in many ways, including by example only and without limitation, loss of employment, emotional distress, and humiliation and embarrassment.

39. Vitran's conduct was willful, rendering Vitran liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Vitran acted negligently, entitling Hall and the Class members to recover actual damages under 15 U.S.C. §1681o.

40. Hall and the Class members are entitled to recover costs and attorneys' fees from Vitran in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT FOUR – INDIVIDUAL CLAIM
## DEFAMATION

41. Hall realleges and incorporates by reference all preceding allegations of law and fact.

42. Vitran published in writing false information about Hall which affects him injuriously in his trade or profession.

43. Specifically, Vitran published in writing false information about Hall including statements claiming Hall has a felony history.

44. Vitran published and communicated the false information to its employees.

45. Said published false information and writings reflect upon Hall in a defamatory manner, causing injury to Hall's good reputation, exposing him to embarrassment and affecting him adversely in his trade or business, and lost income.

46. Vitran's conduct was done with such a degree of recklessness that it equates to malice.

**WHEREFORE,** Hall, and the putative class respectfully move for class certification and request a judgment against Vitran as follows:

A. Actual damages in an amount to be determined by the Court;

B. Statutory damages for Hall and each Class member of no less than $100.00 and no more than $1,000.00;

C. Punitive damages to deter such willful and reckless conduct in the future;

D. Attorneys' fees, expenses and costs; and

E. Such other relief as the Court deems just and proper.

    Respectfully submitted,

    STUMPHAUZER, O'TOOLE, McLAUGHLIN,
    McGLAMERY & LOUGHMAN CO., LPA

By:   /s/ Dennis M. O'Toole
    Dennis M. O'Toole (0003274)
    Anthony R. Pecora (0069660)
    Matthew A. Dooley (0081482)
    5455 Detroit Road
    Sheffield Village, Ohio 44054
    Tel: (440) 930-4001
    Fax: (440) 934-7208
    sheffieldlaw@sheffieldlaw.com
    apecora@sheffieldlaw.com
    mdooley@sheffieldlaw.com
    *Attorneys for Thomas E. Hall and the putative class*

## JURY DEMAND

Hall demands a trial by a jury of eight (8) as to all issues presented herein.

    /s/ Dennis M. O'Toole

G:\25\25747-1\Vitran Class Action Complaint.doc