# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS E. HALL, on Behalf of Himself and All Others Similarly Situated**<br>984 Cleveland Avenue<br>Amherst, OH  44001<br><br>       Plaintiff,<br><br>       vs.<br><br>**VITRAN EXPRESS, INC.**<br>c/o Registered Agent<br>Norman R. Garvin<br>10 W. Market Street, Ste. 1500<br>Indianapolis, IN  46204<br><br>       Defendant. | CASE NO. 1:09-cv-00800<br><br>JUDGE DAN AARON POLSTER<br><br><br><br><br><br>**AMENDED CLASS ACTION COMPLAINT**<br><br>(Jury Demand Endorsed Hereon) |

\* \* \* \*

Now comes the plaintiff, Thomas E. Hall, on behalf of himself and all other similarly situated individuals and alleges the following claims:

## NATURE OF THE ACTION

1. This is a class action on behalf of consumers who were the subject of criminal background reports obtained by Vitran Express, Inc. ("Vitran") as a precondition of employment with Vitran between April 7, 2007 and April 7, 2009, inclusive (the "Class Period") seeking remedies under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, *et seq.*

## JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681p.

3. Venue is proper in the Northern District of Ohio because a substantial part of the events or omissions giving rise to the allegations contained herein occurred in the Northern District of Ohio. 28 U.S.C. §1391(b). Further, Vitran maintains a principal place of business in this judicial district.

## PARTIES

4. Thomas E. Hall ("Hall") is a citizen of the State of Ohio and a "consumer" within the meaning of 15 U.S.C. §1681a.

5. Vitran is a for-profit corporation organized under the laws of the State of Indiana. At all times relevant hereto, Vitran was doing business in the State of Ohio.

6. Further, Vitran is a "person" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. §1681a.

## ALLEGATIONS AS TO THE NAMED PLAINTIFF

7. On or about January 9, 2008, Hall applied for a commercial truck driver position with Vitran through its terminal facility in Brook Park, Ohio.

8. As part of his job application, Hall signed a document purportedly authorizing an investigation of all statements contained in his application, including interviews with past employers or personal references and/or a driver's record check.

9. On or about January 15, 2008, Vitran, without proper authorization from Hall, ordered a criminal background report regarding Hall from USIS Commercial Services, Inc. ("USIS"), a consumer reporting agency as defined by 15 U.S.C. 1681a. On that same date, USIS provided Vitran with a criminal background report, which grossly misidentified Hall as having twenty-seven (27) felony convictions for crimes involving moral turpitude.

10. Immediately after receiving the subject criminal background report, Vitran took adverse action against Hall, documenting a decision not to hire Hall based upon the results of the report.

11. At no time did Vitran provide Hall with any verbal or written notice that it intended to take adverse action by declining employment based upon the results of the report.

12. Hall was not advised by Vitran of the reason for the adverse action, nor did he learn of the inaccurate report until February 2, 2008, when he received a derogatory letter and a copy of the report from USIS.

## ALLEGATIONS AS TO THE COMMON QUESTIONS

13. For at least two (2) years, Vitran has purchased criminal background reports from USIS or its affiliates regarding job applicants, which are used as a basis for taking adverse action against said applicants.

14. Vitran does not seek or receive an appropriate disclosure and authorization from job applicants as required by 15 U.S.C. §1681b(b)(2) prior to obtaining these criminal background reports.

15. Further, Vitran does not provide pre-adverse action notice to job applicants, including a copy of the applicants' criminal background report and a statement of the applicants' rights as required by 15 U.S.C. §§ 1681b(b)(3) and 1681m(a).

16. Vitran's violations of the FCRA have been willful, wanton and reckless in that Vitran knew, or reasonably should have known, that it was failing to comply with the requirements of the FCRA.

17. 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorneys' fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

18. Pursuant to F. R. Civ. P. 23, Hall brings this action on behalf of the Class initially defined below:

> All employees or prospective employees of Vitran who were the subject of a consumer report, which was used by Vitran to make employment decisions during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency.

19. Hall also alleges the following sub-classes, of which he is a member:

   a. All employees or prospective employees of Vitran who were the subject of a consumer report, which was used by Vitran to make employments decision during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, against whom Vitran took adverse action based in whole or in part on information contained in the consumer report before providing a copy of the consumer report as required by 15 U.S.C. § 1681b(b)(3)(A)(i);

   b. All employees or prospective employees of Vitran who were the subject of a consumer report, which was used by Vitran to make employment decisions during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, against whom Vitran took adverse action based in whole or in part on information contained in the consumer report before providing a description in writing of the rights of the consumer as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

   c. All employees or prospective employees of Vitran who were the subject of a consumer report which was used by Vitran to make employment decisions during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, against whom Vitran took an adverse action based in whole or in part on information contained in the consumer report without providing an oral, written or electronic notice that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer

    with the specific reason why the adverse action was taken, as required by 15 U.S.C. §1681m(a)(2)(B);

  d. All employees or prospective employees of Vitran who were the subject of a consumer report which was used by Vitran to make employment decisions during the applicable limitations period as established by 15 U.S.C. 1681p, preceding the filing of this action and during its pendency, against whom Vitran took adverse action based in whole or in part on information contained in the consumer report without providing oral, written or electronic notice of the consumer's right to obtain within 60 days a free copy of the subject consumer report from the consumer reporting agency which prepared the report, as required by 15 U.S.C. §1681m(a)(3)(A).

20. Upon information and belief, the putative Class exceeds 1,500 members. Information concerning the exact size of the putative class is within the exclusive possession of Vitran.

21. The Class members are so numerous that joinder of all members is impracticable.

22. Hall's claim is typical of the claims of the other Class members as all Class members were similarly affected by Vitran's unlawful conduct in violation of the FCRA.

23. Hall will fairly and adequately protect the interest of the Class members and has retained counsel competent and experienced in complex litigation. Hall is a member of the Class and does not have any interests antagonistic to or in conflict with the members of the Class. Hall's claims are the same as those of the Class, which all arise from the same operative facts and are based upon the same legal theories.

24. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members, including:

5

    a. Whether Vitran violated Vitran violated 15 U.S.C. §1681b(b)(1) by failing to certify that it would comply with the FCRA prior to obtaining and using consumer reports to make employment decisions.

    b. Whether Vitran violated 15 U.S.C. §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure;

    c. Whether Vitran violated 15 U.S.C. §1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure;

    d. Whether Vitran obtained a written authorization to procure or cause to be procured consumer reports for employment purposes required by §1681b(b)(2) (A)(ii);

    e. Whether Vitran provided a copy of the consumer report to the applicant or employee before declining to hire or discharging the applicant or employee based on the results thereof as required by 15 U.S.C. §1681b(b)(3)(A)(i);

    f. Whether Vitran provided a copy of a summary of the applicant or employee's rights under the FCRA before declining to hire or discharging the applicant or employee as required by 15 U.S.C. §1681b(b)(3)(A)(ii);

    g. Whether the Vitran provided oral, written or electronic notice of the adverse action to the consumer that the consumer reporting agency did not make the decision to take the adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken as required by 15 U.S.C. §1681m(a)(2)(B);

    h. Whether the Vitran provided oral, written or electronic notice of the consumer's right to obtain a free copy of the consumer report on the consumer from the consumer reporting agency that prepared the report as required by 15 U.S.C. § 1681m(a)(3)(A));

    i. Whether Vitran knowingly and intentionally acted in conscious disregard of the rights of the consumer;

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the membership of the Class is so numerous and

6

involves claims that, taken individually, may not justify the costs and effort of bringing suit.

26. Further, the prosecution of several actions by individual members of the Class would create a risk of varying adjudications with respect to members of the Class, as well as create inconsistent standards of conduct for those opposing the Class. Additionally, individual actions by members of the Class may be dispositive of the interests of other members not parties to the adjudication of the claim, which would impair or impede the ability of those individuals to protect their interests.

## COUNT ONE – CLASS CLAIM
## VIOLATION OF THE FAIR CREDIT REPORTING ACT,
## 15 U.S.C. §§1681b(b)(3)(A)(i)

27. Hall realleges and incorporates by reference all preceding allegations of law and fact.

28. Vitran willfully violated 15 U.S.C. §§ 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Hall and the Class Members before taking adverse action that was based in whole or in part on that report.

29. Hall and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

30. Hall and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. §1681n(a)(2).

31. In the alternative to the allegations that these violations were willful, Hall and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

7

### COUNT TWO – CLASS CLAIM
### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. §§1681b(b)(3)(A)(ii)

32. Hall realleges and incorporates by reference all preceding allegations of law and fact.

33. Vitran willfully violated 15 U.S.C. §§ 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Hall and the Class Members before taking adverse action that was based in whole or in part on a consumer report.

34. Hall and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

35. Hall and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. §1681n(a)(2).

36. In the alternative to the allegations that these violations were willful, Hall and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

### COUNT THREE – CLASS CLAIM
### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681b(b)(1)

37. Hall realleges and incorporates by reference all preceding allegations of law and fact.

38. Vitran willfully violated 15 U.S.C. §1681b(b)(1) by failing to certify that it would comply with the FCRA as required by 15 U.S.C. §1681b(b)(1) prior to obtaining and using consumer reports to make employment decisions.

39. Hall and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

40. Hall and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. §181n(a)(2).

41. In the alternative to the allegations that these violations were willful, Hall and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

### COUNT FOUR – CLASS CLAIM
### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681b(b)(2)(A)(i)

42. Hall realleges and incorporates by reference all preceding allegations of law and fact.

43. Vitran willfully violated 15 U.S.C. §1681b(b)(2)(A)(i) by failing to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure to applicants and employees that a consumer report may be obtained for employment purposes.

44. Hall and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

45. Hall and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. §1681n(a)(2).

46. In the alternative to the allegations that these violations were willful, Hall and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

### COUNT FIVE – CLASS CLAIM
### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681b(b)(2)(A)(ii)

47. Hall realleges and incorporates by reference all preceding allegations of law and fact.

9

48. Vitran willfully violated 15 U.S.C. §1681b(b)(2)(A)(ii) by failing to obtain a valid authorization in writing from Hall and the Class members to procure a consumer report for employment purposes.

49. Hall and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

50. Hall and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. §1681n(a)(2).

51. In the alternative to the allegations that these violations were willful, Hall and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

### COUNT SIX – CLASS CLAIM
### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681m(a)(2)(B)

52. Hall realleges and incorporates by reference all preceding allegations of law and fact.

53. Vitran willfully violated 15 U.S.C. §1681m(a)(2)(B) by failing to provide Hall and the Class members with oral, written or electronic notice that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consume with the specific reason why the adverse action was taken.

54. Hall and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

55. Hall and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. §1681n(a)(2).

56. In the alternative to the allegations that these violations were willful, Hall and the

Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

### COUNT SEVEN – CLASS CLAIM
### VIOLATION OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681m(a)(3)(A)

57. Hall realleges and incorporates by reference all preceding allegations of law and fact.

58. Vitran willfully violated 15 U.S.C. §1681m(a)(3)(A) by failing to provide Hall and the Class members with oral, written or electronic notice of the consumer's right to obtain within sixty (60) days a free copy of the consumer report regarding the consumer from the consumer reporting agency that prepared the report.

59. Hall and the Class members seek statutory damages for this violation pursuant to 15 U.S.C. §1681n(a)(1)(A).

60. Hall and the Class members also seek punitive damages for this violation pursuant to 15 U.S.C. §1681n(a)(2).

61. In the alternative to the allegations that these violations were willful, Hall and the Class members allege that the violations were negligent and seek issue certification of that issue and an appropriate remedy, if any, pursuant to 15 U.S.C. §1681o.

### COUNT EIGHT – INDIVIDUAL CLAIM
### DEFAMATION

62. Hall realleges and incorporates by reference all preceding allegations of law and fact.

63. Vitran published in writing false information about Hall which affects him injuriously in his trade or profession.

11

64. Specifically, Vitran published in writing false information about Hall including statements claiming Hall has a felony history.

65. Vitran published and communicated the false information to its employees.

66. Said published false information and writings reflect upon Hall in a defamatory manner, causing injury to Hall's good reputation, exposing him to embarrassment and affecting him adversely in his trade or business, and lost income.

67. Vitran's conduct was done with such a degree of recklessness that it equates to malice.

**WHEREFORE,** Hall, and the putative class respectfully pray for the following relief:

A. An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned counsel to represent same;

B. The creation of a common fund available to provide notice of and remedy Vitran's unlawful conduct;

C. Statutory and punitive damages for all class claims;

D. Actual damages for Hall's individual claim;

E. Attorneys' fees, expenses and costs;

F. Pre-judgment and post-judgment interest as provided by law; and

    G.    Such other relief as the Court deems just and proper.

        Respectfully submitted,

        STUMPHAUZER, O'TOOLE, McLAUGHLIN,
        McGLAMERY & LOUGHMAN CO., LPA

By:   /s/ Dennis M. O'Toole
       Dennis M. O'Toole (0003274)
       Anthony R. Pecora (0069660)
       Matthew A. Dooley (0081482)
       5455 Detroit Road
       Sheffield Village, Ohio  44054
       Tel:   (440) 930-4001
       Fax:   (440) 934-7208
       sheffieldlaw@sheffieldlaw.com
       apecora@sheffieldlaw.com
       mdooley@sheffieldlaw.com
       *Attorneys for Thomas E. Hall and the putative class*

## JURY DEMAND

Hall demands a trial by a jury of eight (8) as to all issues presented herein.

        /s/ Dennis M. O'Toole

G:\25\25747-1\Complaint Answer\Amended Class Action Complaint.docx