# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. HALL, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 1:09-CV-00800 |
| | ) | JUDGE POLSTER |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **MOTION TO DISMISS** |
| VITRAN EXPRESS, INC., | ) ) | |
| Defendant. | ) ) ) | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Vitran Express, Inc. hereby moves to dismiss the amended complaint. The reasons in support of this Motion are contained in the attached Memorandum of Law, which is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ Tyler L. Mathews
William J. O'Neill (0029936)
Tyler L. Mathews (0063759)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
E-mail: woneill@mcdonaldhopkins.com
tmathews@mcdonaldhopkins.com

Attorneys for Defendant Vitran Express, Inc.

**MEMORANDUM IN SUPPORT**

**INTRODUCTION**

Plaintiff Thomas E. Hall's ("Plaintiff") amended complaint alleges seven counts of violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and seeks class-action status. An eighth count alleges an individual claim of defamation.

Plaintiff alleges that he applied for a commercial truck driving position with Defendant Vitran Express, Inc. ("Defendant") on January 9, 2008; that he was not hired because Defendant improperly obtained a consumer background check which contained inaccurate information regarding the Plaintiff; that Defendant failed to make written disclosures and obtain written permission for the alleged background check; and that he was not given advance notification by Defendant before it decided not to hire Plaintiff. *See* Amended Complaint, ¶¶7, 9-12.

Counts One, Two, Four and Five fail as a matter of law because Plaintiff applied for a position – a commercial truck driver – over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service. Under pertinent sections of the FCRA, a consumer applying for such a position is not entitled to the notices and disclosures in the manner alleged by Plaintiff. Count Three fails because only a consumer reporting agency, not the user of the consumer reports, may be liable under 15 U.S.C. § 1681b(b)(1). Counts Six and Seven should be dismissed because Congress eliminated any private right of action under those provisions of FCRA. Finally, Count Eight fails because the individual defamation claim is time-barred.

**STANDARDS FOR DISMISSAL**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) allows a defendant to test the legal sufficiency of a complaint without being subject to discovery. *See Uyhasz v.*

*Brush Wellman, Inc.,* 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). A court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County,* 220 F.3d 433, 466 (6th Cir. 2000).

In order to survive a motion to dismiss[1], a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544 , 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Accordingly, the claims set forth in a complaint must be plausible rather than conceivable. *See Twombly,* 127 S.Ct. at 1974. In *Ashcraft v. Iqbal,* 129 S.Ct. 1937 (2009), the Supreme Court held that the *Twombly* standards apply in all litigation in federal courts.

## LAW AND ARGUMENT

**I.    Counts One And Two Should Be Dismissed.**

Counts One and Two allege that Defendant violated 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (A)(ii) by failing to provide a copy of the consumer report and a copy of the FCRA summary statement of rights to Plaintiff before taking "adverse action" against him. *See* Amended Complaint, ¶¶28, 33. These provisions generally require an employer, before taking an "adverse action", to give the prospective employee a pre-adverse action disclosure that includes a copy of

---

[1] A suit pleaded as a class action may be resolved by deciding a motion to dismiss or for summary judgment, even before class certification is decided. *Garcia v. Veneman*, 211 F.R.D. 15, 19 n.2 (D.D.C. 2002).

the individual's consumer report and a copy of a document summarizing one's rights under the FCRA. 15 U.S.C. § 1681b(b)(3)(A) provides:

> 3) Conditions on use for adverse actions.
>
> A) In general.
>
> Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> i) a copy of the report; and
>
> ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Federal Trade Commission under section 1681(g)(c)(3) of this title.

15 U.S.C. § 1681 a(k)(1)(B)(ii) defines the term "adverse action" in regard to employment as, "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee."

In this case, Plaintiff alleges that he applied for a position as a commercial truck driver with Defendant. Amended Complaint, ¶7. The FCRA contains special procedures for mail, telephone or electronic employment applications (as is the case here) in the trucking industry. Pursuant to 15 U.S.C. § 1681b(b)(3)(B)(i), a consumer applying for a job over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service, such as the job at issue, is not entitled to a "pre-adverse notice action disclosure", the notices required under 15 U.S.C. §1681b(b)(3)(A), and the disclosures required by 15 U.S.C. § 1681m(a).[2] 15 U.S.C. §1681b(b)(3)(B)(i) provides:

---

[2] Instead the employer must, within three days of the decision, provide an oral, written, or electronic adverse action disclosure consisting of: (1) a statement that an adverse action has been taken based on a consumer report; (2) the name, address, and telephone number of the credit reporting agency (CRA); (3) a statement that the CRA did not make the decision; and (4) a statement that the consumer may obtain a copy of the actual report from the employer if

3

{1782121:}

> (B) Application by mail, telephone, computer, or other similar means
>
> > (i) If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, and if a person who has procured a consumer report on the consumer for employment purposes takes adverse action on the employment application based in whole or in part on the report, then the person must provide to the consumer to whom the report relates, in lieu of the notice required under subparagraph (A) of this action and under section 1681m(a) of this title, within 3 business days of taking such action, an oral, written or electronic notification – [ . . . ] (see foot note 2).
>
> (C) Subparagraph (B) shall apply to a person procuring a consumer report on a consumer in connection with the consumer's application for employment only if—
>
> > (i) the consumer is applying for a position over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49, or a position subject to safety regulation by a State transportation agency; and
>
> > (ii) as of the time at which the person procures the report or causes the report to be procured the only interaction between the consumer and the person in connection with that employment has been by mail, telephone, computer, or other similar means.

Because Plaintiff alleges he applied for a commercial truck driving position, Counts One and Two do not state claims against Defendant for violations of 15 U.S.C. § 1681b(b)(3)(A)(i) and (A)(ii); those provisions are not applicable to this case and these counts do not allege violations of the pertinent section of the FCRA. Accordingly, they are subject to dismissal.

**II.     Count Three Should Be Dismissed.**

Count Three alleges that Defendant violated 15 U.S.C. § 1681b(b)(1) for allegedly failing to certify that Defendant would comply with the FCRA prior to obtaining and using consumer reports to make employment decisions. Amended Complaint, ¶38. However, as a matter of law, Defendant -- as a "user" of a consumer report (Amended Complaint, ¶6) -- is not obligated to

---

he or she provides identification.  15 U.S.C. § 1681b(b)(3)(B)(i).  Counts One and Two do not allege violations of this section of the FCRA.

4

{1782121:}

obtain such certification; rather, only a consumer reporting agency is required to obtain the user's certifications as to what purpose the report will be used.

15 U.S.C. § 1681b(b)(1) provides in pertinent part as follows:

>   (1) Certification from user. – A consumer reporting agency may furnish a consumer report for employment purposes only if –
>
>   (A) the person who obtains such report from the agency certifies to the agency that—
>
>   (i) the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable; and
>
>   (ii) information from the consumer report will not be used in violation of any applicable Federal or State equal employment opportunity law or regulation; . . . [Subsection B omitted].

In *Obabuecki v. International Business Machines Corp.,* 145 F.Supp. 2d 371, 392-394 (S.D.N.Y., 2001), the court, after conducting an exhaustive analysis of the statute, concluded that only a credit reporting agency, and not a prospective employer, can be liable under 15 U.S.C. § 1681b(b)(1) ("Because the Court finds that the statutory language is unambiguous and the statutory scheme is coherent and consistent, it finds that, while plaintiff may assert a claim against [the consumer reporting agency] under Section 1681b(b)(1)(A) . . . he has no standing to assert a claim against IBM [the prospective employer] under this section.") *Id.* at 394.

The allegations in Count Three are identical to the ones faced by the court in *Obabuecki*. For the reasons set forth in *Obabuecki*, Count Three should be dismissed.

### III. Counts Four and Five Should Be Dismissed.

Counts Four and Five allege that Defendant violated 15 U.S.C. § 1681b(b)(2)(A)(i) and (A)(ii). Under these provisions, the employer must certify that it has clearly and conspicuously disclosed in writing to the consumer that a consumer report may be obtained for employment

5

purposes and the consumer has authorized in writing the procurement of the report. *See, e.g., Kelcher v. Sycamore Manor Healthcare Center*, 135 Fed.Appx. 499, 205 WL 503774 * 2 (3rd Cir. March 3, 2005).

15 U.S.C. § 1681b(b)(2)(B), however, provides an exception to that general rule:

>    (B)   Application by mail, telephone, computer, or other similar means
>
>    If a consumer described in subparagraph (C) applies for employment by mail, telephone, computer, or other similar means, at any time before a consumer report is procured or caused to be procured in connection with that application –
>
>    (i)   the person who procures the consumer report on the consumer for employment purposes shall provide to the consumer, by oral, written, or electronic means, notice that a consumer report may be obtained for employment purposes, and a summary of the consumer's rights under section 1681m(a)(3) of this title; and
>
>    (ii)   the consumer shall have consented, orally, in writing, or electronically to the procurement of the report by that person.
>
>    (C)   Scope
>
>    Subparagraph (B) shall apply to a person procuring a consumer report on a consumer in connection with the consumer's application for employment only if –
>
>    (i)   the consumer is applying for a position over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49, or a position subject to safety regulation by a State transportation agency[.]. . .

Accordingly, the mandatory written disclosures and written authorizations are not required when one applies for a position over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service by the Secretary of Transportation. In this case, Plaintiff alleges he applied for a position as a commercial truck driver, thereby implicating the exceptions for oral or electronic consent where the only

6

{1782121:}

interaction with the applicant is by mail, telephone or computer. Therefore, 15 U.S.C. § 1681b(b)(2)(A)(i) and (A)(ii) are not applicable to this case and Counts Four and Five, as pleaded, fail to state a claim and should be dismissed.

### IV. Counts Six and Seven Should Be Dismissed.

Counts Six and Seven allege violations of 15 U.S.C. § 1681m (Amended Complaint, ¶¶ 53, 58). This section pertains to certain disclosures under the FCRA and Plaintiff seeks damages pursuant to 15 U.S.C. §§ 1681n and 1681o. As set forth earlier, pursuant to 15 U.S.C. 1681b(b)(3)(B), a consumer applying for a job over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service is not entitled to the notices contained in 15 U.S.C. §1681m(a). On this basis alone, Counts Six and Seven should be dismissed.

An additional basis for dismissal of these counts exists in that Congress has eliminated a private right of action under § 1681m. Section 1681m(h)(8) provides:

> Enforcement
>
> (A) No civil actions. Sections 616 and 617 [15 U.S.C. §§ 1681n and 1681o] shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement. This section shall be enforced exclusively under section 621 [15 U.S.C. § 1681s] by the Federal agencies and officials identified in that section.

Although the Sixth Circuit has yet to hold that this section has eliminated a private right of action as to the whole of 1681m, a majority of federal courts have so held. *See Perry v. First Nat'l Bank,* 459 F.3d 823 (7th Cir. 2006) ("The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m."); *Tobler v. Equifax,* No. 08-cv-12610, 2009 WL 1491046 (E.D. Mi. May 27, 2009);

7

*Meyers v. Freedom Credit Union*, No. 05-3526, 2007 U.S. Dist. Lexis 70032, 2007 WL 2753172 (E.D.Pa. Sept. 21, 2007); *Gelman v. State Farm Mut. Auto. Ins. Co.,* No. 06-5118, 2007 WL 2306578, 2007 U.S. Dist. Lexis 58237, at * 28 (E.D.Pa. Aug 9, 2007) ("However, every other federal court that has considered this issue, including one within this district . . . has concluded that the FACTA amendments eliminated the private right of action to enforce the § 1681m(d) disclosure requirements."); *Soroka v. JP Morgan Chase & Co.*, 500 F.Supp.2d 217, 223 (S.D.N.Y. 2007); *White v. E-Loan, Inc.*, 409 F.Supp.2d 1183, 1187 (N.D.Cal. 2006); *Putkowski v. Irwin Homes Equity Corp.*, 423 F.Supp.2d 1053, 1061-62 (N.D.Cal.2006) (explaining that the Fair and Accurate Credit Transactions Act of 2003 amended FCRA to make it clear that there is no private right of action for violations of § 1681m); *But see Barnette v. Brook Road, Inc.*, 429 F.Supp.2d 741, 749 (E.D.Va.2006).

Accordingly, Counts Six and Seven should be dismissed.

**V.    Count Eight Should Be Dismissed.**

In Count Eight, Plaintiff alleges an individual cause of action for defamation. This claim is time-barred on the face of the complaint. In Ohio, the statute of limitations for defamation is one year. O.R.C. § 2305.11(A). *See, also, Sabouri v. Ohio Dept. of Job & Family Services*, 145 Ohio App.3d 651, 763 N.E.2d 1238, 1240 (Ohio Ct. App. 2001). The statute begins to run when the allegedly defamatory words are first spoken or published, "regardless of the aggrieved party's knowledge of them." *Id* at 1240-1241. *See, also, Burt v. CBS, Inc.*, 769 F.Supp. 1012, 1014 (S.D. Ohio, 1991) ("The statute of limitations begins to run when the allegedly defamatory statement is made."), *citing Rainey v. Shaffer*, 8 Ohio App.3d 262, 456 N.E.2d 1328 (1983).

Plaintiff's Amended Complaint alleges that Defendant obtained the alleged report on January 15, 2008 (Amended Complaint, ¶9) and that Plaintiff learned of the "inaccurate report"

on February 2, 2008. (Amended Complaint, ¶12.) Accordingly, Plaintiff should have filed the defamation claim by January 15, 2009 or, at the very latest, by February 2, 2009. However, Plaintiffs' original complaint was filed on April 7, 2009. Therefore, on the face of the complaint, the defamation claim is time-barred and should be dismissed.

## **CONCLUSION**

For the reasons cited herein, it is respectfully requested that the amended complaint be dismissed.

Respectfully submitted,

/s/ Tyler L. Mathews
William J. O'Neill (0029936)
Tyler L. Mathews (0063759)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
E-mail: woneill@mcdonaldhopkins.com
tmathews@mcdonaldhopkins.com

Attorneys for Defendant Vitran Express, Inc.

9

{1782121:}

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of August, 2009, a copy of the foregoing Motion to Dismiss and attached Memorandum of Law was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system.

                                               /s/Tyler L. Mathews
                                               Tyler L. Mathews (0063759)

                                               One of the Attorneys for Defendant
                                             Vitran Express, Inc.