**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS E. HALL,** | ) | **CASE NO.   1:09cv800** |
| | ) | |
| | ) | |
| **Plaintiff(s),** | ) | **JUDGE DAN A. POLSTER** |
| **vs.** | ) | |
| | ) | |
| **VITRAN EXPRESS, INC.,** | ) | **CASE MANAGEMENT CONFERENCE** |
| | ) | **SCHEDULING ORDER** |
| | ) | |
| **Defendant(s).** | ) | |

        Persons who practice before this Court are expected to familiarize themselves with the

Local Civil Rules of the United States District Court for the Northern District of Ohio[1] (Local

Rules) and the Federal Rules of Civil Procedure (Fed. R. Civ. P.).  They are also expected to read

this Order, which departs from the Local Rules in minor but important respects, and follow the

Order in its entirety.  Do not delegate the responsibility for reading this Order, and complying

with it, to a secretary, paralegal or other non-attorney staff member in your office.

**I.     NOTICE OF THE CASE MANAGEMENT CONFERENCE**

        The above-entitled action has been set for a Case Management Conference (CMC) on

**Wednesday, September 30, 2009 at 9:30 a.m.,** before Judge Dan A. Polster, in Chambers 18B,

801 W. Superior Ave., Cleveland, Ohio.  **LEAD COUNSEL AND ALL PARTIES SHALL**

**ATTEND THIS CONFERENCE IN PERSON**.  Local Rule 16.3(b).  "Parties" means the

named individuals or, in the case of a corporation or similar legal entity, a person with

knowledge of the facts who has full settlement authority.  If the presence of a party or lead

counsel will constitute an undue hardship, a written motion to excuse the presence of such person

must be filed well in advance of the CMC.

---

[1]The Local Rules can be accessed over the Internet at the following link:
http://www.ohnd.uscourts.gov/Clerk_s_Office/Local_Rules/civil-rules-6-04-07.pdf

## II.        CONSENT TO JURISDICTION OF MAGISTRATE JUDGE

Magistrate Judge Greg White has been assigned to assist in this case.  The parties are encouraged to discuss and consider consenting to the jurisdiction of the Magistrate Judge.  **See Attachment 1**.

## III.       DIFFERENTIATED CASE MANAGEMENT

This case is subject to the provisions of Differentiated Case Management (DCM) as set forth in Local Rules 16.1 to 16.3.  Each of the tracks (expedited, standard, complex, mass tort and administrative) has its own set of guidelines governing discovery practice, motion practice and trial practice.  Read and pay particular attention to Local Rules 16.1 to 16.3 for track assignment  guidelines, Fed. R. Civ. P. 26 and Local Rule 26.1 for discovery practice, Local Rule 7.1 for motion practice and page limitations, and Local Rule 37.1 for resolving discovery disputes.

## IV.       PREPARATION FOR THE CMC:  The Planning Meeting; Report of the Planning Meeting

The agenda for the CMC is set forth by Local Rule 16.3(b)(2).  Both federal and local civil rules require counsel of record and all unrepresented parties to confer with one another well in advance of the CMC in an effort to agree in good faith upon the items listed in the agenda, including a track assignment and discovery schedule.  See Local Rule 16.3(b)(3); Fed. R. Civ. P. 26(f).  This conference is called the "Planning Meeting."  The local and federal civil rules place responsibility for arranging the Planning Meeting jointly on the parties; however, to avoid confusion, the undersigned places the ultimate burden of arranging the Planning Meeting on counsel for Plaintiff(s).

In addition to reviewing the agenda items listed in Local Rule 16.3(b)(2) at the Planning Meeting, counsel must determine whether there will be discovery of electronically stored information, or E-discovery.  If counsel anticipate E-discovery, they must decide upon a method for conducting such discovery or they must agree to abide by the default standard set forth in Appendix K to the Local Rules.  **See Attachment 2**.

The Court also requires Plaintiff(s) to make a demand upon Defendant(s) with a written

2

description and monetary breakdown of the damages claimed, and Defendant(s) to respond with a counteroffer – all well before the CMC.

Attached to this Order is a form entitled "Report of the Parties' Planning Meeting." **Attachment 3**.  Counsel shall jointly report the results of the Planning Meeting to the Court by filling in the form and adding the information about the demand, the counteroffer and E-discovery (if applicable).  After counsel sign the Report, <u>Plaintiff's counsel</u> shall file the Report and fax a copy of it to Chambers (216-357-7195) no later than **12:00 p.m. on <u>9/25/09.</u>**

## V.      THE CASE MANAGEMENT CONFERENCE

The Court shall review the Report of the Parties' Planning Meeting, evaluate the case in accordance with Local Rule 16.2(a)(1), assign it to one of the case management tracks described in Local Rule 16.2(a)(2), and issue a Case Management Plan.

## VI.     DISCOVERY

### A.      INITIAL DISCLOSURES

With the exception of certain cases enumerated in Fed. R. Civ. P. 26(a)(1)(E),[2] parties must, without awaiting a discovery request, provide to opposing parties the initial disclosures set forth in Fed. R. Civ. P. 26(a)(1) and (2).

### B.      FORMAL DISCOVERY

With the exception of the initial disclosures, no preliminary formal discovery may be conducted prior to the CMC without leave of Court.

### C.      FILING OF DISCOVERY MATERIALS

Unless otherwise ordered by the Court, initial disclosures, discovery depositions, interrogatories, requests for documents, requests for admissions, and answers and responses thereto shall <u>not</u> be filed with the Clerk's Office, except that discovery materials may be filed as

---

[2]The following categories of proceedings are exempt from the initial disclosure requirements of Rule 26(a)(1):  habeas petitions, reviews of administrative decisions, federal forfeiture cases, government collection cases, miscellaneous proceedings, *pro se* prisoner civil rights cases and actions to enforce arbitration awards.

evidence in support of a motion or for use at trial.

If a party intends to rely on deposition testimony in support of its position on a motion, the Court prefers the filing of the entire deposition rather than excerpts, unless the party truly believes that excerpts are sufficient, and with the proviso that any other party who believes the excerpts offered are not sufficient is free to file the entire deposition.  In any event, discovery material submitted in support of any party's position shall be filed at the same time as that party's memorandum setting forth its position.

## VII.    ELECTRONIC FILING

The U.S. District Court for the Northern District of Ohio requires attorneys in civil cases to file documents with the Court electronically over the Internet through its Case Management / Electronic Case Files (CM/ECF) system.  The Court orders that all further documents, notices and orders in this matter be filed electronically rather than on paper, <u>except as provided</u> in The Electronic Filing Policies and Procedures Manual, which can be accessed at the following link:

**http://www.ohnd.uscourts.gov/Electronic_Filing/CvAppendix_B.pdf**

The Manual provides helpful information on system requirements and usage.  Notice of filings are sent electronically.  It is the responsibility of each counsel of record to set up a user account to receive e-mail notice of court filings and to check his or her e-mail box on a regular basis. Directions for setting up e-mail notice can be accessed at the following link:

**http://www.ohnd.uscourts.gov/Electronic_Filing/ECF_Email/ecf_email.html**

The Office of the Clerk of Court has established an Electronic Filing Help Desk to answer questions and provide assistance if needed.  The Help Desk number is **1-800-355-8498**.

## VIII.   COURTESY COPIES

Chambers will <u>not</u> accept courtesy copies of pleadings or memoranda unless expressly requested by the Court, with the following exception.  Any pleadings or memoranda filed <u>within two (2) business days</u> of a conference/hearing/trial shall be faxed to chambers (216-357-7195) as well as opposing counsel on the same day it is filed.

4

## IX.     DEPOSITIONS PRACTICES

The Judges of the Northern District of Ohio have adopted Local Rule 30.1 which governs the scheduling and taking of depositions, and which is intended to significantly decrease discovery disputes.  A copy of this rule is located at **Attachment 4**.  Counsel are expected to read this rule and comply with it.

## X.     PRELIMINARY ESTIMATE/BUDGET OF FEES AND EXPENSES REPORT

Certain claims allow for, or entitle, prevailing parties to collect attorney fees from the other party.  If this case contains such a claim, each party must bring to the Case Management Conference a preliminary estimate and/or budget of the amount of fees and expenses anticipated to be the subject of any such claim.  A Preliminary Estimate/Budget of Amount of Fees and Expenses form, located at **Attachment 5**, is provided for the parties' convenience.  Lead counsel of record shall provide a copy of this report to his or her client prior to the CMC, where the reports will be exchanged.

## XI.     RESOLUTION PRIOR TO CMC

In the event that this case is resolved prior to the CMC, counsel shall submit a jointly signed stipulation of settlement or dismissal, and notify the Court immediately by telephone or fax that the same is forthcoming.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 9/10/09*
**Dan Aaron Polster**
**United States District Judge**

5

Attachment 1

*United States District Court*
*Northern District of Ohio*
*Cleveland, Ohio, 44113-1834*

*Paul R. Matia*
*Chief Judge*

*Phone: (216) 357-7100*
*Fax: (216) 357-7110*

Dear Litigant,

The United States District Court for the Northern District of Ohio provides litigants with several options to assist them to achieve a fair and speedy resolution of their disputes. One important option is the opportunity to consent to the <u>trial jurisdiction</u> of the experienced magistrate judge assigned to your case.

A magistrate judge may conduct any or all proceedings, including trial, in a jury or nonjury civil matter and order the entry of judgment <u>upon the consent of the parties</u> (28 U.S.C. §636(c)). Because they do not hear criminal felony matters, magistrate judges can often establish civil trial dates sooner, and adhere to those dates more firmly, than Article III Judges whose civil dockets are often interrupted by the requirements of the criminal Speedy Trial Act.

The Court encourages litigants to consent to the trial jurisdiction of the magistrate judge assigned to their case. The magistrate judge can help litigants proceed with the case at a pace agreeable to the parties and may have more flexibility in scheduling. Consent to the magistrate judge need not add any additional steps to the litigation process. Appeals upon judgments in a case disposed of by a magistrate judge on consent of the parties must be taken directly to the United States Court of Appeals for the Sixth Circuit (Local Rule 73.2).

Litigants give consent to the trial jurisdiction of a specific magistrate judge, not to magistrate judges in general (Local Rule 73.1(b)). Where the litigants have consented to the trial jurisdiction of a magistrate judge and that magistrate judge is no longer able to work on the case, the case will be returned to the assigned Article III judge and the parties may consent or refuse to consent to the trial jurisdiction of any magistrate judge subsequently assigned to the case.

Litigants who wish to consent to the trial jurisdiction of the magistrate judge assigned to their case should complete the enclosed <u>Consent to Exercise of Jurisdiction by a United States Magistrate Judge and Order of Reference</u> form. Please note that the form requires all parties to signify their consent.

Sincerely,

*Paul R. Matia*

Paul R. Matia
Chief Judge

attachments

LR-APPENDIX F

# UNITED STATES DISTRICT COURT
## Northern District of Ohio

Plaintiff

v.

Defendant

CONSENT TO EXERCISE OF JURISDICTION
BY A UNITED STATES MAGISTRATE JUDGE
AND ORDER OF REFERENCE

Case Number:

## CONSENT TO EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C.§ 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

| Signatures | Party Represented | Date |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be transferred to _____ United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S. C. § 636(c), Fed.R.Civ.P. 73 and the foregoing consent of the parties.

_____
Date

_____
*United States District Judge*

NOTE:     RETURN THIS FORM TO THE CLERK OF THE COURT *ONLY IF* ALL PARTIES HAVE CONSENTED *ON THIS FORM* TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

# UNITED STATES DISTRICT COURT
## Northern District of Ohio

### NOTICE & ORDER

Pursuant to 28 U.S.C. § 636(c)(1) and LR 73.1, a Magistrate Judge of the Northern District of Ohio may, upon consent of all parties to an action, and entry of an order of reference by the District Judge, exercise trial jurisdiction in civil actions, both jury and non-jury, and enter final judgment therein.

If all parties to this action consent and an order of reference is entered, the case will be assigned to a Magistrate Judge pursuant to LR 73.1. If all parties do not consent, or if an order of reference is not entered, the action will remain with the District Judge to whom it is assigned. The decision of counsel on this matter of consent is entirely voluntary. Your response is joint, and disclosure of individual decisions is not required.

Pursuant to LR 73.1(b) <u>Recusal, Resignation or Death of Magistrate Judge</u>, where the parties have consented to the transfer of a civil case to a Magistrate Judge under section (a) above, if the Magistrate Judge thereafter recuses, resigns or dies, the case shall be returned to the District Judge. The Clerk shall immediately assign another Magistrate Judge by the random draw and notify the parties of such new assignment. Within ten (10) days after such notification by the Clerk, the parties shall indicate their consent, or lack thereof, to transferring the case to the newly-assigned Magistrate Judge under 28 U.S.C. § 636(c). If the parties do not consent to the transfer, the case shall remain with the District Judge.

At the time the last appearance of counsel is made on behalf of the named defendant, the parties are to communicate with each other on this matter. *It is the responsibility of plaintiff's counsel to initiate such consultation. The response is to be returned within ten (10) days of the last appearance.* The response must contain the signatures of all counsel.

Pursuant to 28 U.S.C. § 636(c)(3) all appeals relating to magistrate consent cases must be heard only in the court of appeals.

Please return the completed response form to the Office of Clerk of the Court as promptly as possible. If an order of reference is entered by the Court, you will be advised by the Clerk as to which Magistrate Judge the case has been assigned for further proceedings.

**Geri M. Smith,**
**Clerk of Court**

*(See form on the reverse side)*

c:\forms\consent.pd
revsed January 2002



# UNITED STATES MAGISTRATE JUDGES

*Their Function*
*And Purpose*
*In Our*
*Federal Courts*



FMJA

*A Publication of Federal Magistrate Judges Association*

## Understanding the Function and Purpose of United States Magistrate Judges.

The backbone of an independent federal judiciary is life-tenured judges appointed under Article III of the Constitution. In America's federal trial courts, justice is administered by life-tenured District Judges, and by judges who serve fixed-terms: United States Magistrate Judges, and United States Bankruptcy Judges.

This brochure illuminates the function and purpose of United States Magistrate Judges who are independent judges serving federal district courts in an adjunct capacity by dealing with cases, or parts of cases, assigned to them by District Judges.

## Title and Manner of Addressing a United States Magistrate Judge.

- *The official title of these judges is "United States Magistrate Judge."*

- *A United States Magistrate Judge should be addressed, orally and in writing, as "Judge _____," to be consistent with the position's judicial role and official title as prescribed by law.*

- *Although some state courts have a judicial officer called a "magistrate," that title as applied to a United States Magistrate Judge is obsolete. To address these judges simply as "Magistrate" is akin to improperly addressing a Lieutenant Colonel as "Lieutenant," or a Bankruptcy Judge as "Bankruptcy."*

## Answers to Some Commonly Asked Questions.

**Q: What are the standards for selecting a federal magistrate judge?**

**A:** To be appointed as magistrate judge, an individual must:

- have been a member in good standing of the bar of the highest court of a State, District, Territory, or Commonwealth of the United States for at least five years;
- be determined by the appointing district court to be competent to perform the duties of the office;
- be unrelated to a judge of the appointing court; and
- be selected pursuant to standards promulgated by the Judicial Conference of the United States.

**Q: What's the difference between a district court and a "magistrate judge's court"?**

**A:** There is no "magistrate court." Both district and magistrate judges preside in United States district courts created under Article III of the Constitution.

**Q: What's the difference between district and magistrate judges?**

**A:** District judges are life-tenured judges nominated by the President and confirmed by the Senate. Magistrate judges are fixed-term judges appointed by district judges for eight-year renewable terms via a merit selection process.

**Q: How do civil litigants request trials before magistrate judges?**

**A:** All parties must consent in writing and the case must be officially transferred by the district judge. Forms are available from the clerk of court.

**Q: Are a party's rights affected when litigants consent to have a magistrate judge hear a case?**

**A:** Consenting to jurisdiction of a magistrate judge does not eliminate substantive or procedural rights litigants would otherwise have before a district judge. For example, parties retain their right to a jury trial.

**Q: Do magistrate judges handle many civil jury cases?**

**A:** Yes. In 1999, magistrate judges conducted approximately 21 percent of the civil jury trials in United States district courts. When all parties consent, magistrate judges may conduct trials and enter judgments in civil cases of any type or size.

**Q: Do magistrate judges handle many criminal cases?**

**A:** Yes. With consent of defendants, magistrate judges may preside in Class A misdemeanor cases, including conducting jury trials. In 1999, magistrate judges terminated 10,733 Class A misdemeanor cases. Although magistrate judges do not preside at felony trials, they may conduct preliminary and post-conviction proceedings in felony cases. Magistrate judges may conduct trials and dispose of all petty offense cases.

## The Role of Magistrate Judges.

United States Magistrate Judges are generalist judges with a broad range of responsibilities. While their duties may vary with the specific needs of each district court, Magistrate Judges handle a wide array of federal civil and criminal cases nationwide.

A sampling of the judicial functions performed by Magistrate Judges demonstrates the potential breadth of their authority:

- Presiding at civil jury trials by consent of the parties and entering judgments;
- Presiding at criminal misdemeanor jury trials by consent of the parties and imposing sentences;
- Pretrial case management in complex civil cases;
- Conducting preliminary proceedings in all criminal cases;
- Conducting settlement conferences;
- Hearing and determining pretrial motions;
- Hearing and recommending disposition of summary judgment and other case-dispositive motions;
- Reviewing prisoner suits collaterally attacking convictions or complaining of conditions of confinement; and
- Issuing arrest and search warrants.

## A Historic Overview.

The United States magistrate judge system evolved from the United States commissioner system established in 1793. Congress conducted an exhaustive examination of the commissioner system in 1965. Witnesses overwhelmingly favored overhauling the system and enhancing the commissioner position.

The Federal Magistrates Act of 1968 created the position named United States magistrate to denote the break with the commissioner system. The Act increased the criminal trial jurisdiction of these new judicial officers over that of commissioners, and also authorized the new officers to assist judges of district courts in handling a wide range of proceedings in civil and criminal cases.

In 1976, 1979, and 2000, further amendments were enacted which specifically:

- *Authorized magistrate judges to try any civil case upon consent of the parties and to order the entry of final judgment;*
- *Expanded trial jurisdiction of magistrate judges to all federal misdemeanors;*
- *Required that magistrate judges be selected and appointed in accordance with regulations promulgated by the Judicial Conference of the United States;*
- *Expanded magistrate judges' civil and criminal contempt authority;*
- *Gave magistrate judges plenary authority in Class B and C misdemeanor cases without the consent of the defendant; and*
- *Gave magistrate judges authority to sentence juvenile defendants to terms of imprisonment in misdemeanor cases.*

Attachment 2

UNITED STATES DISTICT COURT
NORTHERN DISTRICT OF OHIO

DEFAULT STANDARD FOR DISCOVERY OF
ELECTRONICALLY STORED INFORMATION ("E-DISCOVERY")

1.     **Introduction.** The court expects the parties to cooperatively reach agreement on how to conduct e-discovery. In the event that such agreement has not been reached by the time of the Fed. R. Civ. P. 16 scheduling conference, the following default standards shall apply until such time, if ever, the parties reach agreement and conduct e-discovery on a consensual basis.

2.     **Discovery conference.** Parties shall discuss the parameters of their anticipated e-discovery at the Fed. R. Civ. P. 26(f) conference, as well as at the Fed. R. Civ. P. 16 scheduling conference with the court, consistent with the concerns outlined below.

Prior to the Rule 26(f) conference, the parties shall exchange the following information:

a.     A list of the most likely custodians of relevant electronically stored information ("identified custodians"), including a brief description of each person's title and responsibilities (see ¶ 7).

b.     A list of each relevant electronic system that has been in place at all relevant times[1] and a general description of each system, including the nature, scope, character, organization, and formats employed in each system. The parties should also include other pertinent information about their electronically stored information and whether that electronically stored information is of limited accessibility. Electronically stored information of limited accessibility may include those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost.

c.     The name of the individual designated by a party as being most knowledgeable regarding that party's electronic document retention policies ("the retention coordinator"), as well as a general description of the party's electronic document

---

[1] For instance, in a patent case, the relevant times for a patent holder may not only be the time of the alleged infringement, but may also be the date the patent(s) issued or the effective filing date of each patent in suit.

1

retention policies for the systems identified above (see ¶ 6).

    d.    The name of the individual who shall serve as that party's "e-discovery coordinator" (see ¶ 3).

    e.    Provide notice of any problems reasonably anticipated to arise in connection with e-discovery.

To the extent that the state of the pleadings does not permit a meaningful discussion of the above by the time of the Rule 26(f) conference, the parties shall either agree on a date by which this information will be mutually exchanged or submit the issue for resolution by the court at the Rule 16 scheduling conference.

    **3.**    **E-discovery coordinator.** In order to promote communication and cooperation between the parties, each party to a case shall designate a single individual through which all e-discovery requests and responses are coordinated ("the e-discovery coordinator"). Regardless of whether the e-discovery coordinator is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

    a.    Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

    b.    Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues.

    c.    Prepared to participate in e-discovery dispute resolutions.

The Court notes that, at all times, the attorneys of record shall be responsible for responding to e-discovery requests. However, the e-discovery coordinators shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process. The ultimate responsibility for complying with e-discovery requests rests on the parties. Fed. R. Civ. P. 37(f).

    **4.**    **Timing of e-discovery.** Discovery of relevant electronically stored information shall proceed in a sequenced fashion.

    a.    After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronically stored information, and produce relevant responsive electronically stored information in accordance with Fed. R. Civ. P. 26(b)(2).

b.      Electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed. Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request.

c.      On-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted absent exceptional circumstances, where good cause and specific need have been demonstrated.

5.      **Search methodology.** If the parties intend to employ an electronic search to locate relevant electronically stored information, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronically stored information. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery coordinators, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (*e.g.*, time frames, fields, document types).

6.      **Format.** If, during the course of the Rule 26(f) conference, the parties cannot agree to the format for document production, electronically stored information shall be produced to the requesting party as image files (*e.g.*, PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, *i.e.*, the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronically stored information in their native format.

7.      **Retention.** Within the first thirty (30) days of discovery, the parties should work toward an agreement (akin to the standard protective order) that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronically stored information. In order to avoid later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.

The retention coordinators shall:

3

a.   Take steps to ensure that relevant e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that relevant electronically stored information maintained by the individual custodians shall not be altered.

b.   Provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; e-mails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

Within seven (7) days of identifying the relevant document custodians, the retention coordinators shall implement the above procedures and each party's counsel shall file a statement of compliance as such with the court.

8.   **Privilege.** Electronically stored information that contains privileged information or attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days of such. In all other circumstances, Fed. R. Civ. P. 26(b)(5)(B) shall apply.

9.   **Costs.** Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.

4

Attachment 3

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| | ) | CASE NO. |
| | ) | |
| Plaintiff(s), | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | <u>REPORT OF PARTIES' PLANNING</u> |
| | ) | <u> MEETING UNDER FED.R.CIV.P. 26(f)</u> |
| Defendant(s). | ) | <u> AND LR 16.3(b)(3)</u> |

1.      Pursuant to Fed.R.Civ.P. 26(f) and LR 16.3(b)(3), a meeting was held on __

_____, 200__, and was attended by:

_____, Counsel for plaintiff(s) _____

_____, Counsel for plaintiff(s) _____

_____, Counsel for defendant(s) _____

_____, Counsel for defendant(s) _____

2.      The parties:

_____      have not been required to make initial disclosures.

_____      have exchanged the pre-discovery disclosures required by Fed.R.Civ.P. 26(a)(1)
            And the Court's prior order;

_____   Expedited            _____   Standard            _____   Complex

_____   Administrative       _____   Mass Tort

4.      This case is suitable for one or more of the following Alternative Dispute

Resolution (ADR) mechanisms:

_____   Early Neutral Evaluation          _____   Mediation          _____   Arbitration

_____   Summary Jury Trial                  _____   Summary Bench Trial

_____   Case not suitable for ADR

5.      The parties _____ do _____ do not consent to the jurisdiction of the

United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6.      The parties agree that this case _____ does _____ does not involve

electronic discovery.

7.      Recommended Discovery Plan (**Counsel are reminded to review the

default standard for e-discovery set forth in Appendix K to the Local Rules):**

(a)      Describe the subjects on which discovery is to be sought, the

nature and extent of discovery and any potential problems: _____

_____

_____

(b)      Describe anticipated e-discovery issues (i.e., what ESI is available

and where it resides; ease/difficulty and cost of producing information; schedule and format of

production; preservation of information; agreements about privilege or work-production

protection, etc.): 

_____

_____

_____

2

(c)     Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions): _____

_____

_____

(d)     Discovery Deadlines:

(i)     Liability: _____

(ii)     Damages _____

8.     Recommended dispositive motion date: _____

9.     Recommended cut-off for amending the pleadings and/or adding additional parties: _____

10.     Recommended date for status hearing and/or final pretrial settlement conference: _____

11.     Other matters for the attention of the Court: _____

_____

_____

Attorney for Plaintiffs:     /s/_____

Attorney for Defendants:     /s/_____

Attachment 4

*Local Civil Rules -- Northern District of Ohio*

**Rule 30.1  Conduct at Depositions**

(a) Witnesses, parties, and counsel shall conduct themselves at depositions in a temperate, dignified, and responsible manner.

(b) The following guidelines for the taking of depositions emphasize the expectations of the Court as to certain issues; they are intended to supplement Fed. R. Civ. P. 26 and 30.

(1) Scheduling. Counsel are expected to make a timely and good faith effort to confer and agree to schedules for the taking of depositions. Unless counsel otherwise agree, depositions shall be conducted during normal business hours. Except where good cause exists, no Notice of Deposition or Subpoena shall issue prior to a scheduling conference with opposing counsel. Counsel for the deponent shall not cancel a deposition or limit the length of a deposition without stipulation of the examining counsel or order of the Court.

(2) Decorum. Opposing counsel and the deponent shall be treated with civility and respect. Ordinarily the deponent shall be permitted to complete an answer without interruption by counsel.

(3) Objections. Objections shall be limited to (a) those which would be waived if not made pursuant to Fed. R. Civ. P. 32(d)(3) and (b) those necessary to assert a privilege, enforce a limitation on evidence directed by the Court or present a motion under Fed. R. Civ. P. 30(d)(3). No other objections shall be raised during the course of the deposition.

(4) Speaking Objections. Counsel may interpose an objection by stating "objection" and the legal grounds for the objection. Speaking objections which refer to the facts of the case or suggest an answer to the deponent are improper and shall not be made in the presence of the deponent.

(5) Instructions Not to Answer. Counsel shall not instruct a witness not to answer a question except under the limited circumstances provided in Fed. R. Civ. P. 30(d)(1). In the event privilege is claimed, examining counsel may make appropriate inquiry about the basis for asserting the privilege.

(6) Witness Preparation. Preparation of the deponent will be completed prior to the taking of the deposition. While a question is pending, counsel for the deponent and the

Last revised 7/9/97. *See* Historical
Notes for full revision history.

_Local Civil Rules -- Northern District of Ohio_

deponent shall not confer, except for the purpose of deciding whether to assert a privilege.


(7) Documents. Examining counsel shall provide counsel for the deponent with copies of all documents shown to the deponent during the deposition.

(8) Disputes. Counsel are expected to comply with Local Rule 37.1 as to any disputes arising in connection with the taking of a deposition.

(c) Where a witness, party, or counsel engages in disruptive or irresponsible behavior at a deposition, the Court may order sanctions or other remedies.

**Attachment 5**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

_____,  )  **JUDGE DAN A. POLSTER**
                                    )
                **Plaintiff(s),**   )
                                    )  **CASE NO. _____**
        **vs.**                     )
                                    )
_____,  )  **PRELIMINARY ESTIMATE/**
                                    )  **BUDGET OF AMOUNT OF FEES**
                **Defendant(s).**   )  **AND EXPENSES**

The following is a preliminary estimate and/or budget of the **Plaintiff's / Defendant's**

(circle one) anticipated to be the subject of a claim in this case.

| Attorney's Fees | | Costs | |
|---|---|---|---|
| Preliminary Investigation & Filing Complaint | $_____ | Deposition | $_____ |
| Procedural Motion s Practice | $_____ | Experts | $_____ |
| Discovery | $_____ | Witness Fees | $_____ |
| Dispositive Motions Practice | $_____ | Juror Fees | $_____ |
| Settlement Negotiations | $_____ | Other | $_____ |
| Trial | $_____ | | |
| TOTAL FEES | $_____ | TOTAL COSTS | $_____ |