# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS E. HALL, on behalf of himself and all others similarly situated, ) ) ) | CASE NO. 1:09-CV-00800 |
| Plaintiffs, ) ) | JUDGE POLSTER |
| vs. ) ) | |
| VITRAN EXPRESS, INC., ) ) | |
| Defendant. ) | |

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

## OVERVIEW

In this Fair Credit Reporting Act ("FCRA") case, Defendant Vitran Express, Inc. ("Defendant") was not obligated to provide the notices and disclosures in the manner alleged by Plaintiff Thomas Hall ("Plaintiff") and Plaintiff's attempt to point to inapplicable portions of the FCRA should be rejected.

## COUNTS ONE AND TWO SHOULD BE DISMISSED

The crux of Counts One and Two is that Plaintiff was entitled to "pre-adverse notification" and a copy of his consumer report before Defendant took an alleged "adverse" employment action. Amended Complaint, ¶¶ 28, 33. But job applicants in the trucking industry are not entitled to such notices and Plaintiff ignores this critical point.

{1844442:}

Congress amended the FCRA in 1998 to provide special procedures for mail, telephone or electronic employment application in the trucking industry.[1] *See www.ftc.gov/bcp/edu/pubs/business/credit/bus08.shtm.* Employers do not need to make written disclosures and obtain written permission in the case of applicants who will be subject to state or federal regulations as truckers. Specifically, no pre-adverse action disclosure is required. *See* 15 U.S.C. § 1681b(b)(3)(B)(i).

This portion of the FCRA not an affirmative defense as Plaintiff would suggest; rather, it is a congressionally mandated compliance scheme for those seeking jobs in industries over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service. Under these circumstances, Plaintiff was not entitled to "pre-adverse notification" and copy of his consumer report before an adverse employment action was taken. Plaintiff's effort to impose the entirely different statutory obligations of 15 U.S.C. §§ b(b)(3)(A)(i) and (A)(ii) upon the Defendant should be rejected. For this threshold reason, as pleaded, Counts One and Two should be dismissed.

## COUNT THREE SHOULD BE DISMISSED

Plaintiff argues that he may assert a claim pursuant to 15 U.S.C. § 1681b(b)(1). However, Plaintiff fails to cite a single case supporting his view. The plain language of the statute confirms that only a consumer reporting agency, not the "user" of the report, may be liable under 15 U.S.C. § 1681b(b)(1). As the court in *Obabuecki* observed, § 1681b(b)(1) contains three subsections that set forth certain obligations for consumer reporting agencies and users. However, each subsection does not prescribe obligations for both agencies and users. The

---

[1] Although Plaintiff suggests that he did not apply in this manner, the portion of the Amended complaint to which Plaintiff points does not allege that he applied in person, only that he applied "through" the facility in Brook Park, Ohio. Amended Complaint, ¶ 7. Defendant acknowledges that the manner in which applicants applied may require additional factual development.

second and third subsections affect "users." *See* 15 U.S.C. §§ 1681b(b)(2) and b(b)(3). The first subsection, the one alleged at issue here, sets the forth obligations that an <u>agency</u> must satisfy before furnishing a consumer report. *See* 15 U.S.C. §§ 1681b(b)(1). As the *Obabuecki* court correctly ruled, this portion of the statue applies to the consumer reporting agency and not the "user." *Obabuecki,*145 F.Supp.2d at 393-394. Therefore, Count Three should be dismissed.

### COUNTS FOUR AND FIVE SHOULD BE DISMISSED

Because the arguments advanced for dismissal of Counts Four and Five are similar to those advanced for dismissal of Counts One and Two, Defendant incorporates by reference its arguments herein.

### COUNTS SIX AND SEVEN SHOULD BE DISMISSED

The majority of federal courts have held that Congress intended to preempt private causes of action to enforce 15 U.S.C. § 1681m. *See, Tobler v. Equifax,* No. 08 cv-12610, 2009 WL 1491046 (E.D. Mi., May 27, 2009). *See, also, Perry v. First Nat'l Bank*, 459 F.3d 816, 822-823 (7th Cir. 2006). Plaintiff fails to offer a compelling reason why this congressional mandate should be disregarded. As recently as June of 2009, a federal district court dismissed a claim seeking relief under § 1681m because no private right of action exists under this portion of the FCRA. *See*, *Dimedio v. HSBC Bank*, Civil No. 08-5521, 2009 WL 1796072, *2-3 (D.N.J. June 22, 2009). Based on the plain language of the statute, the better view is that Congress eliminated <u>any</u> private right of action for a violation of the entirety of Section 1681m. Accordingly, Counts Six and Seven should be dismissed.

3

## COUNT EIGHT SHOULD BE DISMISSED

Plaintiff failed to respond to Defendant's motion that the defamation claim is time-barred and subject to dismissal. Because the face of the Amended Complaint shows that the one-year statute of limitations has expired, it is respectfully requested that Count Eight be dismissed.

## CONCLUSION

For the reasons set forth in its moving papers and herein, it is respectfully requested that the Amended Complaint be dismissed.

Respectfully submitted,

/s/ Tyler L. Mathews
William J. O'Neill (0029936)
Tyler L. Mathews (0063759)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
Fax:   (216) 348-5474
E-mail: woneill@mcdonaldhopkins.com
        tmathews@mcdonaldhopkins.com

Attorneys for Defendant Vitran Express, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2009, a copy of the foregoing Reply Brief in Support of Motion to Dismiss was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system.

/s/Tyler L. Mathews
Tyler L. Mathews (0063759)

One of the Attorneys for Defendant
Vitran Express, Inc.