**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS E. HALL, on Behalf of Himself and All Others Similarly Situated** <br><br> Plaintiffs, <br><br> vs. <br><br> **VITRAN EXPRESS, INC.** <br><br> Defendant. | CASE NO. 1:09-cv-00800 <br><br> JUDGE DAN AARON POLSTER <br><br> **REPORT OF PARTIES' PLANNING CONFERENCE** |

* * * *

  1. Pursuant to Fed.R.Civ.P.26(f) and LR 16.3(b)(3), a meeting was held on September 21, 2009 and was attended by:

 Anthony R. Pecora, counsel for plaintiffs, Thomas E. Hall et al.

 Matthew A. Dooley, counsel for plaintiffs, Thomas E. Hall, et al.

 Tyler Mathews, counsel for defendant, Vitran Express, Inc.

  2. The parties:

__X__ have not been required to make initial disclosures.

_____ have exchanged the pre-discovery disclosures required by Fed.R.Civ.P.26(a)(1) and the Court's prior order;

_____ Expedited  _____ Standard  __X__ Complex

_____ Administrative  _____ Mass Tort

1

3. This Case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:

_____ Early Neutral Evaluation   \_\_X\_\_ Mediation   _____ Arbitration

_____ Summary Jury Trial   _____ Summary Bench Trial

_____ Case not suitable for ADR

4. The parties _____ do   \_\_X\_\_ do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C § 636(c).

5. The parties agree that this case \_\_X\_\_ does _____ does not involve electronic discovery.

6. Recommended Discovery Plan (**Counsel are reminded to review the default standard for e-discovery set forth in Appendix K to the Local Rules**):

(a) Describe the subjects to which discovery is to be sought, the nature and extent of discovery and any potential problems:

**By Plaintiffs**:

- all emails related to hiring from April 7, 2007 through the present;
- complete files (electronic and hard copy) of job applicants who applied for positions with Vitran from April 7, 2007 to the present;
- depositions of all hiring/human resources personnel;
- documentation pertaining to Vitran's relationship with USIS Commercial Services;
- Vitran's written policies regarding the hiring process;
- all training manuals and other written manuals/policies regarding Vitran's use of criminal background reports;
- Vitran's written statement of rights promulgated by the FCC;
- Vitran's application and FCRA disclosure forms utilized from April 7, 2007 through present;

2

- correspondence regarding all job applicants from April 7, 2007 through the present; and

- Vitran's phone records to the extent they relate to conversations with job applicants from April 7, 2007 through the present regarding criminal background reports or other notices required by FCRA.

**By Defendant:**

(b) Describe anticipated e-discovery issues (i.e, what ESI is available and where it resides; ease/difficulty and cost of producing information; schedule and format of production; preservation of information; agreements about privilege or work-production protection, etc.):

- Vitran communicates FCRA/criminal background results and consequential employment decisions with its regional terminals via email and other electronic means. Upon information and belief, the electronic communications originate from and are stored at Vitran's Indianapolis, Indiana headquarters. Plaintiffs will seek to engage a third-party e-discovery consultant to search Vitran's email servers using terms related to Plaintiffs' cause of action, and to return results to Plaintiffs in a native format for review. Plaintiffs view this search as a relatively easy and inexpensive process provided that Vitran provides the necessary access to servers. Plaintiffs further anticipate completing this task no later than January 31, 2009.

- Plaintiffs will also request native documents regarding Vitran's written notification to job applicants between April 7, 2007 and present, where adverse action is planned, or is taken, relative to the applicant. Plaintiffs will utilize a third-party e-discovery consultant to search necessary servers and return results in native format for review. Plaintiffs view this search as a relatively easy and inexpensive process provided that Vitran provides the necessary access to servers. Plaintiffs further anticipate completing this task no later than January 31, 2009.

(c) Describe handling of expert discovery (i.e., timetable for disclosure of names and exchange of reports, depositions): Expert witness names shall be

exchanged by **April 30, 2010**; export reports shall be exchanged by **July 15, 2010**; depositions of experts shall be taken by **August 31, 2010**.

        (d)    Discovery Deadlines:

            (i)    Liability:    **April 30, 2010**

            (ii)    Damages:    **April 30, 2010**

7. Recommended dispositive motion date:   **June 30, 2010**

8. Recommended cut-off for amending the pleadings and/or adding additional parties:   **January 15, 2010**

9. Recommended date for status hearing and/or final pretrial settlement conference:   Status Conference on _____

10. Other matters for the attention of the Court:  Plaintiffs will also seek class certification in accordance with Fed. R. Civ. P. 23, and recommend that such motion be made no later than **April 30, 2010**.

                      Attorney for Plaintiff(s):  /s/   Anthony R. Pecora_____

                      Attorney for Defendant(s):  /s/_____