**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **THOMAS E. HALL,** on behalf of himself and all others similarly situated, | ) ) ) | **Case No. 1:09CV00800** |
| **Plaintiff,** | ) ) ) | **Judge Dan Aaron Polster** |
| vs. | ) ) | |
| **VITRAN EXPRESS, INC.,** | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendant.** | ) | |

Before the court is Defendant Vitran Express Inc.'s Motion to Dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (*ECF No. 7*). For the reasons stated below, Defendant's motion is **GRANTED IN PART AND DENIED IN PART**.

**I. FACTS**

Plaintiff Thomas E. Hall ("Plaintiff") alleges that he applied for a commercial truck driving position with Defendant Vitran Express, Inc. ("Defendant") on January 9, 2008 through its terminal facility in Brook Park. *ECF No. 6* at ¶ 7. On or about January 15, 2008, Vitran, without proper authorization from Hall, ordered a criminal background report regarding Hall from USIS Commercial Services, Inc. ("USIS"), a consumer reporting agency as defined by 15 U.S.C. 1681a. *Id.* at ¶ 9. On that same date, USIS provided Vitran with a criminal

background report, which grossly misidentified Hall as having twenty-seven (27) felony convictions for crimes involving moral turpitude. *Id.* at ¶ 9. Immediately after receiving the criminal background report, Vitran decided not to hire Hall based on the results of the report. *Id.* at ¶ 10. Hall was not advised by Vitran of the reason for the adverse action, nor did he learn of the inaccurate report until February 2, 2008, when he received a letter and a copy of the report from USIS. *Id.* at ¶ 11-12.

On April 7, 2009, Plaintiff filed a Class Action Complaint alleging three class claims that Defendant had violated the Fair Credit Reporting Act ("FCRA") and an individual claim that Defendant defamed Plaintiff. *ECF No. 1*. On July 23, 2009 Plaintiff amended his complaint to state seven causes of action based on FCRA violations,[1] as well as a defamation claim. *ECF No. 6*.

On August 7, 2009, Defendant moved to dismiss Plaintiff's complaint. Defendant moved to dismiss Counts One, Two, Four, Five, Six and Seven, arguing that the sections of the FCRA that Defendant allegedly violated in these counts are triggered only if Plaintiff applied for a job in-person, not if he applied by mail, telephone, computer, or other similar means. Because Plaintiff's complaint does not sufficiently allege that he applied in-person, these counts do not

---

[1] The FCRA causes of action are: failure to provide a copy of the consumer report used to make an employment decision in violation of 15 U.S.C. § 1681b(b)(3)(A)(i) (Count One); failure to provide a copy of the summary of rights required under 1681b(b)(3)(A)(ii) (Count Two); failure to certify that it would comply with the FCRA in violation of 1681b(b)(1) (Count Three); failure to provide a written disclosure that a consumer report may be obtained for employment purposes in violation of 1681b(b)(2)(A)(i) (Count Four); failure to obtain valid authorization to procure a consumer report for employment purposes in violation of 1681b(b)(2)(A)(ii) (Count Five); failure to provide notice that the consumer reporting agency did not make the decision to take adverse action and that the consumer reporting agency is unable to provide the consumer with the specific reason why the adverse action was taken in violation of 1681m(a)(2)(B) (Count Six); and failure to provide notice of the right to obtain a free copy of the consumer report within 60 days in violation of 1681m(a)(3)(A) (Count Seven).

state a claim and therefore should be dismissed.

## II. LAW AND ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Furthermore, the court must view the complaint in a light most favorable to the non-moving party, taking all well-pleaded factual allegations as true. *Tackett v. M&G Polymers*, 561 F.3d 487, 488 (6th Cir. 2009).

Pursuant to Federal Rule of Civil Procedure 16(c)(2)(K), the Court denied Defendant's Motion to Dismiss Counts One, Two, and Four through Seven at a case management conference held on September 30, 2009.  At the case management conference Plaintiff stated, and Defendant did not dispute, that Plaintiff applied in-person.

Counts Three and Eight do not hinge on whether Plaintiff applied in-person and therefore were not addressed at the case management conference.  For the reasons stated below, Defendant's Motion to Dismiss Counts Three and Eight is **GRANTED** as to counts 3 and 8.

In Count Three, Plaintiff alleges that Defendant violated 15 U.S.C. 1681b(b)(1) by failing to certify that it would comply with the Fair Credit Reporting Act prior to obtaining and using consumer reports to make employment decisions. *ECF No. 6* at ¶ 38.  In its Motion to Dismiss, Defendant argues that the consumer reporting agency is required to obtain the end user's certification but that the end user has no obligation under this section of the statute. *ECF*

*No. 7* at 4-5. However, Plaintiff claims that the section applies to both consumer reporting agencies and end users. *ECF No. 8* at 8. The Court disagrees. The statute states in pertinent part:

> [a] consumer reporting agency may furnish a consumer report for employment purposes only if . . . the person who obtains such report from the agency certifies to the agency that . . . the person has complied with paragraph (2) with respect to the consumer report, and the person will comply with paragraph (3) with respect to the consumer report if paragraph (3) becomes applicable . . ..

*Id.* The plain language of the statute places the burden on the consumer reporting agency, requiring it to obtain certification from the end user. If it fails to do so, the consumer has a cause of action against the consumer reporting agency, not the user. Therefore, Plaintiff has no cause of action against Defendant for the violation of §1681b(b)(1).

Plaintiff also alleges that Defendant defamed him under Ohio law. *ECF No. 6* at 63-67. The statute of limitations in Ohio for a defamation claim is one year. O.R.C. § 2305.11(A). *See, Sabouri v. Ohio Dept. of Job & Family Services*, 145 Ohio App.3d 651, 763 N.E.2d 1238, 1240 (Ohio Ct. App. 2001). The statute begins to run when the allegedly defamatory words are first spoken or published, "regardless of the aggrieved party's knowledge of them." *Id.* at 1240-41. Defendant obtained the alleged report on January 15, 2008, and Plaintiff learned about it on February 2, 2008. Plaintiff's defamation claim needed to be filed by January 15, 2009, or at the latest, February 2, 2009. Plaintiff filed his claim April 7, 2009, and it is therefore time-barred. Moreover, Plaintiff has conceded this argument by not opposing it.

## III. CONCLUSION

For the reasons stated supra, Defendant's Motion to Dismiss (*ECF No. 7*) is **DENIED** with respect to Counts One, Two, and Four through Seven and **GRANTED** with respect to

Counts Three and Eight.

**IT IS SO ORDERED.**

                                             */s/Dan Aaron Polster    10/5/09*
                                             **Dan Aaron Polster**
                                             **United States District Judge**