# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **THOMAS E. HALL, on Behalf of Himself and All Others Similarly Situated**<br><br>Plaintiffs,<br><br>vs.<br><br>**VITRAN EXPRESS, INC.**<br><br>Defendant. | CASE NO. 1:09-cv-00800<br><br>JUDGE DAN AARON POLSTER<br><br><br><br>**MOTION FOR LEAVE TO AMEND CLASS ACTION COMPLAINT** |

\* \* \* \*

Now come the Plaintiffs, Thomas E. Hall and the putative class and respectfully request leave to amend the pleadings pursuant to Fed. R Civ. P. 15(a) to add PJax, Inc. as a party-defendant in this action.

2

A memorandum in support is attached hereto and incorporated herein.

                    Respectfully submitted,

                    STUMPHAUZER, O'TOOLE, McLAUGHLIN,
                    McGLAMERY & LOUGHMAN CO., LPA

By:    /s/ Dennis M. O'Toole
        Dennis M. O'Toole (0003274)
        Anthony R. Pecora (0069660)
        Matthew A. Dooley (0081482)
        Attorneys for Plaintiff
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Telephone:  (440) 930-4001
        Facsimile:  (440) 934-7208
        Email:  sheffieldlaw@sheffieldlaw.com
                  apecora@sheffieldlaw.com
                  mdooley@sheffieldlaw.com

**MEMORANDUM IN SUPPORT**

On December 30, 2009, Vitran provided its responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents, which sought information regarding both Vitran and PJax, Inc. Based upon the statements of Vitran's corporate representative during the case management conference on September 30, 2009, the plaintiffs determined that PJax was affiliated with Vitran as a subsidiary following a merger of some type in 2008. But when asked to identify "the corporate entities and addresses of all Vitran subsidiaries, associated entities, integrated entities, or other business entities in which Vitran has an ownership interest," Vitran answered that it had no such business relationships.[1]

Further, Vitran lodged a general objection to the scope of the written discovery to the extent it seeks information about PJax, and indicated that no information would be provided.[2] Interestingly, www.pjax.com automatically redirects to Vitran's internet homepage. And during the case management conference, Vitran's representative advised the court that Tom Hall was in fact hired by Vitran when he accepted a short-term position with PJax. Thus the distinction between Vitran and PJax remains vague, leading the plaintiffs to seek leave to amend their class action complaint to add PJax as a party-defendant pursuant to Fed. R. Civ. P. 15.

In *Foman v. Davis*, 371 U.S. 178, 182 (U.S. 1962), the United States Supreme Court explained:

> Rule 15 (a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. *See generally*, 3 Moore, Federal Practice (2d ed. 1948), ¶¶. 15.08 and 15.10. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any

---

[1] *See* Vitran's Responses to Plaintiff's First Set of Interrogatories and Request for Production as Exhibit A.
[2] *See* Exhibit A, pg. 1.

> apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

The plaintiffs have acted with due diligence by immediately requesting leave after a review of discovery documents. Additionally, the plaintiffs brought the matter to Vitran's attention in a letter to Vitran's counsel on January 4, 2010. Indeed, but for several extensions granted to Vitran to provide discovery responses, the plaintiffs would have sought an amendment prior to the December 15, 2009 cut-off date established by the Court. This request is not made to delay, hinder or prejudice any party, and should not require any modifications to the current discovery schedule. Rather, the plaintiffs – including the countless job applicants who sought employment with PJax – would be denied an opportunity to pursue claims against PJax.[3]

---

[3] Vitran produced a spreadsheet indicating that approximately 1,633 individuals sought employment with Vitran since April 2007.

4

**WHEREFORE**, the plaintiffs, Thomas E. Hall and the putative class, respectfully request that this Honorable Court grant their Motion for Leave to Amend the Pleadings.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By: /s/ Dennis M. O'Toole
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
Attorneys for Plaintiff
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: sheffieldlaw@sheffieldlaw.com
apecora@sheffieldlaw.com
mdooley@sheffieldlaw.com

## **CERTIFICATE OF SERVICE**

      This will certify that a copy of the foregoing Motion for Leave was filed electronically this 7th day of January, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or via regular mail.

      /s/Dennis M. O'Toole
      Dennis M. O'Toole

G:\25\25747-1\Motion For Leave.Docx