**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS E. HALL, on behalf of himself and all others similarly situated, | ) | CASE NO. 1:09-CV-00800 |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiffs, | ) | |
| vs. | ) | **RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| VITRAN EXPRESS, INC., | ) | |
| Defendant. | ) | |

Defendant Vitran Express, Inc. ("Vitran"), for its answers and objections to Plaintiffs' First Set of Interrogatories ("Interrogatories") and Request for Production of Documents ("Document Requests"), responds as follows:

**GENERAL OBJECTIONS**

1. Vitran objects to Plaintiff's Interrogatories and Document Requests to the extent that they are vague, overly broad, unduly burdensome, and necessarily seek irrelevant information not likely to lead to the discovery of admissible evidence. Vitran also objects to the extent they purport to require the disclosure of information subject to the attorney client or work product privilege. No such information will be required.

2. Vitran objects to Plaintiffs' Interrogatories and Document Requests to the extent that they request proprietary business information about PJax, Inc. ("PJax"). In light of the fact that the Amended Class Complaint does not name or assert claims against PJax, Interrogatories and Document Requests seeking information about PJax, a non-party, are overly broad, unduly burdensome and not reasonably calculated to lead to discoverable information under Rules 26 and 33 of the Federal Rules of Civil Procedure ("Rules"). Accordingly, no such information will

be provided.

Subject to and without waiving the above General Objections, but in the spirit of cooperation contemplated by the Rules, Vitran responds to Plaintiffs' Interrogatories and Document Requests as follows:

## INTERROGATORIES

**1. State the name, address, and telephone number of the Vitran or PJax employee or agent answering the following interrogatories and request for production of documents.**

**ANSWER:**

The Vitran employee answering the following Interrogatories and Document Requests is Ms. Terri Winters. Ms. Winters' address is 1600 West Oliver Avenue, Indianapolis, Indiana 46221. Ms. Winters' telephone number is (317) 803-4064.

**2. Provide the corporate identities and addresses of all Vitran subsidiaries, associated entities, integrated entities, or any other business entities in which Vitran has an ownership interest.**

**ANSWER:**

Vitran has no subsidiaries, associated entities, integrated entities, or other business entities wherein it has an ownership interest.

**3. Provide the names and addresses of all recruiting personnel, human resource personnel or other employees who process any of the following documents pertaining to job applicants seeking employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:**

**a. Requests for criminal background reports, driving records or any other consumer report;**

**ANSWER:**

The names and addresses of the employees who process requests for criminal background reports, driving records, or any other consumer reports for Vitran are: (1) Ms. Cindy Bacher,

1506 North Tuxedo Street, Indianapolis, Indiana 46201; (2) Mr. Greg Hadley, 2160 Canvasback Drive, Indianapolis, Indiana 46234; and (3) Mr. James Crouse, 190 Maple Leaf Avenue, Siloan Springs, Arizona 72761. *See* General Objection No. 2, which is incorporated herein, regarding PJax employees.

**b. Job applications received electronically, orally, by facsimile, or by mail; and**

**ANSWER:**

This Interrogatory is inapplicable because Vitran does not receive job applications electronically, orally, by facsimile, or by mail. *See* General Objection No. 2, which is incorporated herein, regarding PJax employees.

**c. Job applications received in-person.**

**ANSWER:**

The name of the individual who processes requests for job applications received in-person by Vitran is Ms. Terri Winters. Ms. Winters' address is set forth above in Answer No. 1. *See* General Objection No. 2, which is incorporated herein, regarding PJax employees.

**4. Provide the names and addresses of all applicants who applied for employment in person with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2007 through the present.**

**ANSWER:**

The names and addresses of all applicants who applied for employment in-person with Vitran from April 7, 2007 through the present are identified in Exhibit 1. *See* General Objection No. 2, which is incorporated herein, regarding applicants who applied for employment to PJax.

**5. Provide the names and addresses of all applicants who applied for employment via telephone with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present.**

**ANSWER:**

This Interrogatory is inapplicable because Vitran did not receive employment applications via telephone from April 7, 2004 through the present. *See* General Objection No. 2, which is incorporated herein, regarding applicants who applied for employment to PJax.

6. **Provide the names and addresses for all applicants who applied via facsimile for employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present.**

**ANSWER:**

This Interrogatory is inapplicable because Vitran did not receive employment applications via facsimile from April 7, 2004 through the present. *See* General Objection No. 2, which is incorporated herein, regarding applicants who applied for employment to PJax.

7. **Provide the names and addresses for all applicants who applied via mail for employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present.**

**ANSWER:**

This Interrogatory is inapplicable because Vitran did not receive employment applications via mail from April 7, 2004 through the present. *See* General Objection No. 2, which is incorporated herein, regarding applicants who applied for employment to PJax.

8. **Provide the names and addresses for all applicants who applied via internet for employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present.**

**ANSWER:**

This Interrogatory is inapplicable because Vitran did not receive employment applications via Internet from April 7, 2004 through the present. *See* General Objection No. 2, which is incorporated herein, regarding applicants who applied for employment to PJax.

**9. Provide the following information pertaining to policies regarding the procurement and handling of criminal background reports utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:**

**a. The date the policy was first created;**

**ANSWER:**

The policy regarding the procurement and handling of criminal background reports utilized by Vitran was developed on March 28, 2008. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**b. Identify individuals who drafted and/or revised the policy;**

**ANSWER:**

The individuals who drafted the Vitran policy are Mr. Dale Chrystie and Mr. Joseph A. Ciucci. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**c. Identify any changes made to the policy (inclusive of what was added, deleted, or replaced) and provide the dates of such changes; and**

Changes were made to the policy on March 13, 2009, and the changes made are self-evident upon review of the old and new policy. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**d. Identify the individuals who have access to and whose function is to review criminal background reports from April 7, 2004 through the present.**

**ANSWER:**

The Vitran employees who have access to and whose function is to review criminal background reports from April 7, 2004 through the present are: (1) Ms. Carolyn Medsker; (2) Ms. Cindy Bacher; (3) Mr. Greg Hadley; (4) Mr. James Crouse; (5) Ms. Terri Winters; (6) Ms. Carlene Walls; (7) Ms. Andrea Persinger; (8) Ms. Debra Cummings; (9) Ms. Kelly Henrickson; and (10) Ms. Jill Rogers. *See* General Objection No. 2, which is incorporated herein, regarding

PJax employees.

**10. Provide the following information pertaining to any pre-adverse action notification policies utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:**

**a. The date the policy was first created;**

**ANSWER:**

The Vitran pre-adverse notification policy was created on March 13, 2009. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**b. Identify individuals who drafted and/or revised the policy;**

**ANSWER:**

The individual who drafted the Vitran policy is Mr. A. Jack Finklea, Esq. Mr. Finklea is an attorney affiliated with the law firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**c. Identify any changes made to the policy (inclusive of what was added, deleted, or replaced) and provide the dates of such changes; and**

**ANSWER:**

No changes were made to the Vitran pre-adverse notification policy. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**d. Identify the individuals responsible for implementing the pre-adverse action policy.**

**ANSWER:**

The individual responsible for implementing the pre-adverse notification policy is Ms. Terri Winters. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**11. Provide the following information pertaining to any post-adverse action policies utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:**

**a. The date the policy was first created;**

**ANSWER:**

The Vitran post-adverse notification policy was first created on March 13, 2009. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**b. Identify individuals who drafted and/or revised the policy;**

**ANSWER:**

The individual who drafted the Vitran policy is Mr. A. Jack Finklea, Esq. Mr. Finklea is an attorney affiliated with the law firm of Scopelitis, Garvin, Light, Hanson & Feary, P.C. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**c. Identify any changes made to the policy (inclusive of what was added, deleted, or replaced) and provide the dates of such changes; and**

**ANSWER:**

No changes were made to the Vitran policy. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**d. Identify the individuals responsible for implementing the post-adverse action policy.**

**ANSWER:**

The individual responsible for implementing Vitran's post-adverse notification policy is Ms. Terri Winters. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**12. Provide the name and address of the employee(s) who attempted to contact Thomas E. Hall by telephone to advise him that an employment position was available for him after January 15, 2008, together with the date(s) on which such attempt(s) was made, as represented by Vitran's representative at the case management conference.**

**ANSWER:**

The Vitran employee who attempted to contact Mr. Hall by telephone to advise him that an employment position was available for him after January 15, 2008 was Mr. John Chmura. Vitran is without sufficient information to identify the exact date in January 2008 that Mr. Chmura attempted to contact Mr. Hall.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**1. Provide all written policies pertaining to the procurement and handling of criminal background reports obtained for employment decisions, including:**

**a. The present policy and each previous policy if the present policy has been modified;**

**RESPONSE:**

Please see Exhibits 2 and 3 for responsive written Vitran policies. *See* General Objection No. 2, which is incorporated herein, regarding PJax policies.

**b. Any training manual, checklist or reference document used by employees of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who procure and handle said reports; and**

**RESPONSE:**

Please see Exhibits 2 and 3 for responsive Vitran documents. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**c. Any documentation pertaining to any employee of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who has violated such policy and/or which establishes any action to correct said violations.**

**RESPONSE:**

No responsive documents exist because no Vitran employee has violated the policy since it came into existence. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**2. Provide all written policies pertaining to pre-adverse action, including:**

**a. The present policy and each previous policy if the present policy has been modified;**

**RESPONSE:**

Please see Exhibit 4 regarding Vitran's pre-adverse action policy. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

b. **Any training manual, checklist or reference document used by employees of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who are required to comply with said policy; and**

**RESPONSE:**

Please see Exhibit 4 for responsive Vitran documents. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

c. **Any documentation pertaining to any employee of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who has violated said policy and/or which establishes any action to correct said violations.**

**RESPONSE:**

No responsive documents exist because no Vitran employee has violated the policy since it came into existence. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

3. **Provide all written policies pertaining to post-adverse action, including:**

a. **The present policy and each previous policy if the present policy has been modified;**

**RESPONSE:**

Please see Exhibit 5 for responsive documents. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

b. **Any training manual, checklist or reference document used by employees of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who are required to comply with such policy; and**

**RESPONSE:**

Please see Exhibit 5 for responsive Vitran documents. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

c. **Documentation pertaining to any employee of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who has violated said policy and/or which establishes any action to correct said violations.**

**RESPONSE:**

No responsive documents exist because no Vitran employee has violated the policy since it came into existence. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

4. **Provide the "Statement of Rights" utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and provided to job applicants when required under the Fair Credit Reporting Act.**

**RESPONSE:**

Please see Exhibit 6 for the "Statement of Rights" utilized by Vitran and provided to Vitran job applicants when required under the Fair Credit Reporting Act. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

5. **All documents pertaining to job applicants who applied in-person for positions with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present, including but not limited to applications for employment, inquiries to past employers, applicant checklists, and criminal background reports pertaining to each applicant. Further, for the above in-person applicants, provide:**

a. **All emails, faxes, written correspondence, written documentation and notes to and from Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 to and from any applicant, including documents which pertain to the results of a criminal background report and the applicant's employability as a result of the criminal background report;**

**RESPONSE:**

Responsive documents not protected by the attorney client or work product privilege will be produced at a mutually agreed-upon time and upon entry into an appropriate search protocol and confidentiality agreement. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

b. **Any documentation which establishes that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 implemented a pre-adverse policy for in-person applicants who were denied employment based on a criminal background report; and**

**RESPONSE:**

*See* Exhibit 4 regarding Vitran's pre-adverse policy for in-person applicants. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

c. **All telephone records, emails or any other documents, which establish Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 contacted job applicants about adverse hiring decisions.**

No responsive documents exist. *See* Response to Document Request No. 7 for further explanation.

6. **All files pertaining to job applicants who applied via telephone, via fax, or via email for positions with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present, including but not limited to applications for employment, inquiries to past employers, applicant checklists, and criminal background reports pertaining to each job applicant. Further, for the above applicants, provide:**

a. **The telephonic, facsimile, email, or internet application;**

b. **All emails, faxes, written correspondences, written documentation and notes to and from Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 to and from any applicant, including documents pertaining to the results of a criminal background report and the applicant's employability as a result of the criminal background report;**

c. **Any documentation which establishes that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 implemented an adverse action policy for job applicants who were denied employment based upon the results of a criminal background report; and**

d. **All telephone records, emails or any other documents, which establish Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 contacted job applicants about its adverse hiring decision.**

**RESPONSE:**

No responsive documents exist because Vitran did not receive driver applications by telephone, facsimile, email or Internet during the identified time period. *See* General Objection No. 2, which is incorporated by reference herein, regarding PJax documentation.

**7. Telephone records which establish that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 called or attempted to call Thomas E. Hall about an employment opportunity after January 15, 2008.**

**RESPONSE:**

No responsive documents exist because Vitran's offices in Cleveland, Ohio and Indianapolis, Indianapolis were not configured with Storage Management Data Recovery capabilities. Thus, it is not possible to recreate historical data related to inbound/outbound telecommunications for January 2008. However, in order to exhaust all available resource, Vitran requested that Time Warner Telecom ("TWT") Subpoenas Department produce this information. All attempts to secure this data have failed. *See* General Objection No. 2 regarding PJax documentation.

**8. Contracts, Memorandum of Understanding or other documentation which establish obligations of the parties between Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and USIS or any other consumer reporting agency that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 uses to procure criminal background reports.**

**RESPONSE:**

*See* attached Exhibit 7. Vitran makes no representation whether the Carrier Membership Agreement executed on July 29, 1999 is presently legally binding. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**9. Documents which demonstrate that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 certified to USIS or any other consumer reporting agency that Vitran/PJax uses to procure criminal background reports that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 will comply with the FCRA as an end-user of such reports.**

**RESPONSE:**

*See* attached Exhibits 7 and 8. Vitran makes no representation regarding whether these documents are presently legally binding. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**10. Native electronic versions of the following:**

**a. Policies pertaining to the procurement and handling of criminal background reports utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2;**

**b. Policies pertaining to pre-adverse notification applicants utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2; and**

**c. Policies pertaining to post-adverse action notification to applicants utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2.**

**RESPONSE:**

*See* enclosed Computer Disk labeled "Hall v. Vitran Express, Inc." for native electronic versions of the relevant Vitran documents. *See* General Objection No. 2, which is incorporated by reference herein, regarding PJax documentation.

**11. Native electronic versions of internet-based applications for employment for positions with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present.**

**RESPONSE:**

No responsive documents exist because Vitran did not receive applications for employment as a driver via the Internet for the identified time period. *See* General Objection No. 2, which is incorporated by reference herein, regarding PJax documentation.

**12. Native (.eml or similar format) copies of emails from April 7, 2004 through the present between recruitment or human resource personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and other personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 regarding or relating in any way to adverse hiring decisions based upon the results of criminal background reports.**

**RESPONSE:**

Responsive documents not protected by the attorney client or work product privilege will be produced at a mutually agreed-upon time and upon entry into an appropriate search protocol and confidentiality agreement. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**13. Native (.eml or similar format) copies of emails from April 7, 2004 through the present between recruitment or human resource personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and job applicants regarding decisions not to hire said applicants based upon the results of a criminal background report.**

**RESPONSE:**

Responsive documents not protected by the attorney client or work product privilege will be produced at a mutually agreed-upon time and upon entry into an appropriate search protocol and confidentiality agreement. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**14. Native versions of the "Application for Employment", "Inquiry to Past Employers" and "Applicant Checklist-Driver [or any other position]" or similar documents utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2.**

**RESPONSE:**

Responsive documents not protected by the attorney client or work product privilege will be produced at a mutually agreed-upon time and upon entry into an appropriate search protocol and confidentiality agreement. *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**15. Native version of the "Statement of Rights" provided to job applicants who are denied employment based upon the results of a criminal background report.**

**RESPONSE:**

For the native version of this Vitran document, *see* enclosed computer disk labeled "Hall v. Vitran, Inc." *See* General Objection No. 2, which is incorporated herein, regarding PJax documentation.

**16. Audio recordings of conversations between job applications and personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present regarding any matter related to the applicants' employability.**

**RESPONSE:**

No responsive documents exist because no such Vitran audio recordings have ever existed. *See* General Objection No. 2, which is incorporated herein, regarding PJax audio recordings.

DATED: December ~~23~~ 30, 2009 TJO

Respectfully submitted,

[signature]

William J. O'Neill (0029936)



{1971491:3}

Tyler L. Mathews (0063759)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
E-mail: woneill@mcdonaldhopkins.com
tmathews@mcdonaldhopkins.com

Attorneys for Defendant
VITRAN EXPRESS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2009, a copy of the foregoing ***Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents*** was served upon the following counsel:

Matthew Dooley, Esq.
STUMPHAUZER, O'TOOLE, MCLAUGHLIN,
MCGLAMERY & LOUGHMAN CO., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054

Via regular U.S. mail.

Tyler L. Mathews (0063759)

One of the Attorneys for Defendant
VITRAN EXPRESS, INC.