**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS E. HALL, | ) | CASE NO. 1:09-CV-00800 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | |
| VITRAN EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | **STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY stipulated and made an Order of this Court, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that all parties and non-parties shall follow the procedures set forth below with respect to documents and information provided in this proceeding:

**DEFINITIONS AND RECITALS**

1. As used herein, "party" or "parties" shall mean the plaintiffs or defendant in this Action.

2. As used herein, "Discovery Material" shall mean any and all documents and/or information deemed discoverable under the Federal Rules of Civil Procedure, including, but not limited to, deposition testimony, written discovery responses and documents produced in response to formal or informal requests, that are not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, the Federal Rules of Civil Procedure or other applicable source of law.  When used in this Order, "documents" shall mean any and all written, recorded or graphic materials and all copies (identical or non-identical) thereof including, but not limited to, Electronically Stored Information ("ESI") which is made and/or maintained by electronic, photographic or mechanical means, and any other documents as defined or identified in the Federal Rules of Civil Procedure.

3. As used herein, "Confidential Material" shall mean Discovery Material that a party in good faith believes contains trade secret or other confidential, private, competitive, personal or proprietary

information used by or pertaining to that party and which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law.

    4.    As used herein, "Privileged Material" shall mean Discovery Material in this Action that may contain attorney-client privileged communications or other information protected as privileged under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

    5.    As used herein, "Work Product Material" shall mean Discovery Material in this Action that may contain protected attorney work product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

    6.    The parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of any and all Discovery Material, some Privileged Material and/or Work Product Material (collectively referred to as "Protected Material") may be inadvertently disclosed to the other parties during the course of this litigation.

    7.    The parties further acknowledge that some Confidential Material may be disclosed -- either inadvertently or knowingly -- to the other parties during the course of this litigation.

    8.    The parties desire to establish a mechanism to: (a) avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Information in this Action; and (b) keep disclosed Protected Material and Confidential Material confidential and protected from dissemination to the maximum extent possible.

    9.    The parties hereby stipulate and agree that the following clauses of this Order shall govern the disclosure of Protected Material and Confidential Material in this Action.

**NON-WAIVER OF PRIVILEGE OR ANY OTHER
PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE**

    10.    The inadvertent disclosure of any document which is subject to a legitimate claim that the document should be withheld from disclosure as Protected Material shall <u>NOT</u> waive any privilege or other

applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

11. Except in the event that the requesting party disputes the claim, any documents (including any copies, summaries and/or compilations) which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, either promptly returned to the producing party or destroyed by the requesting party. In the event that the producing party demands destruction of inadvertently disclosed Protected Material, the requesting party shall provide written certification of compliance within thirty (30) days of the producing party's written request.

12. In the event that the requesting party disputes the producing party's claim concerning the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking the Court's determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

13. Pursuant to this Order, any Protected Material inadvertently disclosed by the producing party to the requesting party shall be and remain the property of the producing party.

14. To the extent there may be inconsistencies between the aforementioned stipulations in this Order and Federal Rule of Civil Procedure 26(b)(5)(B), including the accompanying Committee Note, Federal Rule of Civil Procedure 26(b)(5)(B) and the accompanying Committee Note shall control.

## CONFIDENTIAL TREATMENT OF DISCOVERY MATERIAL

15. A party designating Discovery Material as Confidential Material shall designate, label or mark (where practical) such material as "CONFIDENTIAL". All designations of Discovery Material as Confidential Material must be made by the producing party at the time of disclosure.

16. A party that inadvertently fails to mark any Discovery Material as Confidential Material at the time of disclosure may later correct its failure in writing to all parties, accompanied by substitute copies bearing the appropriate confidentiality designation, provided that such correction is made as soon as the

failure is discovered. Within five (5) business days of receipt of the substitute copies, the requesting party shall return, certify the destruction of, or mark as Confidential Material the previously unmarked Discovery Material (including any copies, summaries and/or compilations thereof) and shall subsequently treat such substituted items as Confidential Material pursuant to this Order.

17. In the event a party wishes to file any Confidential Material with the Court for any purpose, such party shall file it with the Court under seal in the manner prescribed by Local Rule 5.2 of the United States District Court for the Northern District of Ohio.

18. Confidential Material shall be used and/or reproduced by the parties solely for the purpose of litigating this Action. All Confidential Material subject to this Order, including any and all information derived therefrom, shall not be used, directly or indirectly, for any business, commercial or competitive purposes by or on behalf of any party or other person to whom the Confidential Material is disclosed.

19. Discovery Material designated as Confidential Material may be disclosed only to the following persons:

    (a) the Court and those employed by the Court, in which event such Confidential Material shall be filed under seal in accordance with Paragraph 17 of this Order (and kept under seal until further order of the Court);

    (b) the attorneys of record in this Action, the associated attorneys for the party or parties to whom such Confidential Material is disclosed and the employees of such attorneys;

    (c) court reporters and employees of court reporters engaged by a party or its attorneys to record and transcribe testimony in this Action;

    (d) the author, any recipient, and any person likely to have relevant knowledge about the substance of that Confidential Material;

    (e) experts and/or consultants who have been retained by a party or its attorneys for purposes of assisting in the preparation of this Action for trial or for testifying at trial, plus necessary clerical assistants of the experts and/or consultants;

    (f) parties to this Action who are individuals and the employees, directors or officers of parties to this Action who are corporations,

    partnerships or institutions, to the extent necessary to further the interests of the parties in this Action;

 (g) outside photocopying, data processing or graphic production services employed by a party or its attorneys in this Action; and

 (h) any other person as to whom the parties in writing agree.

20. The individuals described in Paragraphs 19(d), 19(e) and 19(f) of this Order shall have access to Confidential Material only after they have been made aware of the provisions of this Order and have manifested their agreement to be bound thereby by signing a "Non-Disclosure Agreement" in the form attached hereto as Exhibit A.

21. The individuals described in Paragraphs 19(b), 19(c) and 19(g) of this Order may have access to Confidential Material pursuant to the terms of this Order without first signing a Non-Disclosure Agreement provided that they have been made aware of the existence of this Order by receiving a copy thereof and have manifested their agreement to be bound by it either orally or in writing.

22. Any party may request in writing that another party identify the names of all individuals to whom that party and/or its counsel has disclosed Confidential Material or to whom the information contained therein has been disclosed. The party receiving such written request shall have fourteen (14) days from the date of service of such request to furnish the names in writing to the requesting party. Nothing herein shall be construed to require the disclosure of experts other than by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Ohio and/or Court Order.

23. Absent a Court Order, depositions may be taken in the presence of any person, but any party may request that a person not described in Paragraph 19 or not in compliance with Paragraph 20 of this Order leave the deposition for questions and responses containing and/or making reference to Confidential Material.

24. During a deposition, a deponent may be shown and examined about Confidential Material if he or she is a person described in Paragraph 19 and is in compliance with Paragraph 20 of this Order. Deponents shall not retain or copy portions of their deposition transcripts that contain or make reference to

Confidential Material. A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about or asked to disclose potentially Confidential Material.

25. A party may designate portions of deposition testimony and exhibits as Confidential Material at the time of the deposition. Such designated portions shall be numbered consecutively with the portion of deposition not designated as Confidential Material but shall be bound under separate cover and marked appropriately. If filed with the Court, the original of those portions of the transcript so marked as Confidential Material shall be filed under seal in accordance with Paragraph 17 of this Order. All copies of those portions of the transcript marked as Confidential Material shall likewise be marked and may be used by the parties subject to the limitations of this Order.

26. In addition, a party may, within fourteen (14) days after receiving a deposition transcript, designate as Confidential Material those portions of the transcript or exhibits regarded as such. During this same fourteen (14) day period, all parties and counsel shall treat the deposition transcript as Confidential Material. If, within the fourteen (14) day period, any party wishes to file the deposition transcript with the Court, the party shall do so under seal in accordance with Paragraph 17 of this Order.

27. If a party fails to file any Confidential Material under seal, any party who in good faith believes that filing such material under seal is required to protect its interests may move the Court to seal the information within ten (10) days of learning of the allegedly defective filing. Notice and/or a copy of such Motion shall be served to all parties. The Clerk shall seal the disputed part of the filing until the Court rules on the Motion.

28. Each individual who receives any Confidential Material pursuant to this Order hereby agrees to subject himself or herself to the jurisdiction of this Court in this Action for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

29. Any and all recipients of Confidential Material pursuant to this Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to

the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own confidential, competitive and/or proprietary information.

30. A party shall not be obligated to challenge the propriety of a Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Action disagrees at any stage of this litigation with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to resolve any such dispute in good faith on an informal basis. If the dispute cannot be resolved on that basis, the party challenging the designation may request appropriate relief from the Court. The burden of proving that Discovery Material has been properly designated as Confidential Material shall be on the party seeking confidential status. Until this Court enters an Order, if any, changing the disputed designation(s), the Discovery Material shall be given the confidential treatment initially assigned to it and provided for in this Order.

31. In the event that any Confidential Material is used in any Court proceedings in this Action, it shall not lose its confidential designation through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

## **MISCELLANEOUS PROVISIONS**

32. If a party receives a subpoena or other request for Discovery Material from a third party or by Court Order (or request for Court Order), that party shall promptly: (1) inform the requester that the Discovery Material sought is subject to this Order; and (2) provide notice and a copy of the request to all parties in this Action. If, within seven (7) days of receiving notice of the request, a party seeks a Court Order to prevent compliance with the request, the party that received the request shall not produce the requested Discovery Material until authorized to do so by Court Order.

33. Nothing in this Order shall preclude any party to the Action, its attorneys or any other person from disclosing or using, in any manner or for any purpose, Discovery Material not obtained in this Action, if

such material is lawfully obtained from a third party, even though the same material may have been disclosed in discovery in this Action and designated as Confidential Material.

34. Within sixty (60) days of the termination of this Action, all Confidential Material and all copies thereof (including any extracts, summaries or compilations taken therefrom but excluding such copies that have been filed or utilized in accordance with the terms of this Order) shall be returned to counsel for the party which disclosed it or shall be destroyed. If destroyed, counsel for the requesting party will, upon request, certify in writing as such to counsel for the producing party.

35. The originals of any Discovery Material subject to this Order shall remain in the custody and control of the producing party. Discovery Material disclosed in this Action shall not be deemed to be under the control of the party that receives it. Subject to the provisions of this Order, copies of any disclosed Discovery Material may be used for all purposes as if they were originals.

36. By consenting to this Order, the parties have not waived nor are deemed to have waived any objections they may have relating to the admissibility of any Discovery Material.

37. Nothing in this Order shall be construed or shall operate as an admission or agreement as to whether any particular Discovery Material is entitled to be treated as Confidential Material, is otherwise subject to discovery or is admissible into evidence. Nothing in this Order shall prevent any party from seeking a modification, in writing and signed by all parties, of this Order.

38. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this Action, and the Court shall have and retain limited and continuing jurisdiction for the purpose of enforcing this Order.

39. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

40. The parties represent that the undersigned attorneys are authorized and empowered to sign this Order on behalf of the respective parties.

{2230463:3}  8

41. This Order may be signed in one or more counterparts, all of which taken together shall constitute one and the same instrument, that faxed and/or emailed signatures shall be acceptable, and that once obtained, the signatures shall become a part of this Order.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]
[SIGNATURES ON NEXT PAGE]

**STIPULATED AND AGREED TO BY:**

/s/ Tyler L. Mathews
WILLIAM. J. O'NEILL (0029936)
TYLER L. MATHEWS (0063759)
JENNIFER D. ARMSTRONG (0081090)
McDonald Hopkins LLC
600 Superior Avenue, East - Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5400
Facsimile: (216) 348-5474
Email: woneill@mcdonaldhopkins.com
tmathews@mcdonaldhopkins.com
jarmstrong@mcdonaldhopkins.com

Counsel for Defendant Vitran Express, Inc.

/s/ Dennis M. O'Toole
DENNIS M. O'TOOLE (0003274)
ANTHONY R. PECORA (0069660)
MATTHEW A. DOOLEY (0081482)
Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman Co., LPA
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: sheffieldlaw@sheffieldlaw.com
apecora@sheffieldlaw.com
mdooley@sheffieldlaw.com

Counsel for Plaintiff Thomas Hall

**IT IS SO ORDERED** this _____ day of July, 2010.

_____
JUDGE DAN AARON POLSTER

# **EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS E. HALL, | ) | CASE NO. 1:09-CV-00800 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | |
| VITRAN EXPRESS, INC., | ) | |
| | ) | |
| Defendant. | ) | **NONDISCLOSURE AGREEMENT** |

I have read the Stipulated Protective Order and agree to abide by its terms.

_____
Name:

DATED: _____