**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **THOMAS E. HALL, on Behalf of Himself and All Others Similarly Situated**<br><br>Plaintiff,<br><br>vs.<br><br>**VITRAN EXPRESS, INC.**<br><br>Defendant. | DISTRICT JUDGE POLSTER<br><br>CASE NO. 1:09-cv-00800 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

EXECUTIVE SUMMARY

On April 7, 2009, Plaintiff, Thomas E. Hall – on behalf of himself and all other truck drivers similarly situated – commenced this litigation to redress the harm caused by Vitran's failure to comply with the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, et seq. Presently, the class claims pertain only to the ***two-year period*** prior to April 7, 2009 and are generally described as follows:

Count 1: Vitran failed to provide a copy of the consumer report used to make employment decisions before denying employment to applicants based upon the report. *See* 15 U.S.C. §§1681b(b)(3)(A)(i)

Count 2: Vitran failed to provide a copy of the Summary of Rights to job applicants before denying employment based upon a consumer report. *See* 15 U.S.C. §§1681b(b)(3)(A)(ii)

Count 4: Vitran failed to provide a clear and conspicuous written stand-alone document that consists solely of a disclosure to job applicants that a consumer report may be obtained for employment purposes. *See* 15 U.S.C. § 1681b(b)(2)(A)(i)

Count 5:   Vitran failed to obtain a valid authorization in writing from job applicants prior to obtaining a consumer report for employment purposes. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii)

Count 6:   Vitran failed to provide job applicants with oral, written or electronic notice that the consumer reporting agency did not make the decision to deny employment and is unable to provide the applicant with the specific reason why employment was denied. *See* 15 U.S.C. § 1681m(a)(2)(B)

Count 7:   Vitran failed to provide job applicants with oral, written or electronic notice of the applicant's right to obtain within sixty (60) days a free copy of the consumer report regarding the applicant from the consumer reporting agency that prepared the report. *See* 15 U.S.C. § 1681m(a)(3)(A)

After reviewing 1,501 application files pertaining to Vitran applicants from early 2007 through December, 2009, Hall discovered that prior to March, 2009, Vitran systematically failed to comply with the disclosure requirements ***and*** the pre-adverse action/adverse action requirements mandated by the FCRA.[1] As a result, all applicants prior to March, 2009 remain unaware that Vitran violated their rights under the FCRA – including applicants who applied for employment between April 7, 2004 and April 7, 2007. To protect the rights of these applicants, Hall moves pursuant to Fed. R. Civ. P. 15(a) and 15 U.S.C. § 1681p(2) to amend his complaint to extend the Class Period to the ***five-year period*** preceding April 7, 2009. Failure to do so may permanently preclude these applicants from ever asserting a claim.

LEGAL STANDARD

Fed. R. Civ. P. 15(a) requires leave to amend be "freely given when justice so requires." It is well-settled that cases "should be tried on their merits rather than the technicalities of pleadings….", *Turner v. City of Taylor,* 412 F.3d 629, 646 (6th Cir. 2005). In the absence of any

---

[1] In response to a February 2, 2009 letter from Hall's counsel, Vitran adopted a policy on or about March, 13 2009 that discusses Vitran's disclosure obligations and pre-adverse/adverse action notification. A copy of Vitran's post-March 2009 disclosure to applicants is attached as Exhibit A.

apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227; 9 L. Ed. 2d 222.

### THE STATUTE OF LIMITATIONS

Hall's claims are governed by the statute of limitations set forth in 15 U.S.C. 1681p:

> An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

Hall urges the Court to focus on the five-year period, where an applicant is without knowledge that a violation occurred. *See Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 387 (C.D. Cal. 2007) ("Credit reports are generally prepared and published to third parties without a consumer being made aware of them, signifying that the vast majority of violations would fall subject to the longer of these two periods").

### VITRAN'S HIRING PRACTICES FROM APRIL 2004 THROUGH MARCH 2009

It is undisputed that prior to March, 2009, Vitran did not provide a clear and conspicuous disclosure to its applicants informing them that a criminal background report would be obtained for employment purposes. *See* 15 U.S.C. § 1681b(b)(2)(A)(i). In fact, Vitran's pre-March, 2009

employment application did not even contain the phrases "consumer report" or "criminal background check."[2] *See* Exhibit B attached hereto.

In many instances, the consumer reporting agency would provide a copy of a derogatory report to the applicant by regular mail.[3] But Vitran made employment decisions within minutes of receiving criminal background reports instantaneously via the internet. In Hall's case, Vitran ordered his report on January 15, 2008, and by 10:01 AM had decided to decline him employment. *See* Exhibit C attached hereto. A copy of the report provided to Vitran was not placed in the mail to Hall until January 31, 2008. *See* Exhibit D attached hereto. By that time, Vitran had already hired a "qualified" applicant to fill the position. This same scenario replayed hundreds of times for every Vitran applicant who was the subject of a derogatory background report.

In any event, an applicant does not have notice of a FCRA violation merely by learning that a consumer report has been obtained. *Yarish v. Downey Fin. Corp.,* No. 3:08-CV-00380-HEH, 2009 U.S. Dist. LEXIS 62583, *8 (E.D. V.A. Apr. 28, 2009); *see, also Andrews v. Equifax Info. Servs. LLC*, 700 F. Supp. 2d 1276, 1279 (W.D. Wash. 2010) ("There are very few cases that

---

[2] Vitran's application contains the following language:

> I authorize investigation of all statements contained in this application as may be necessary in arriving at an employment decision. I understand that an investigation *may* be made and information may be obtained through interviews with past employers or personal reference and/or driver's record check. This inquiry may include information as to, among other things, my character, general reputation and personal characteristics, as well as information about my work performance and workplace conduct. I consent to this investigation and to the consideration of any statements of references, former employers or others that are given in response to the inquiry.

This language did not notify applicants that Vitran intended to procure a criminal background report. Instead, Vitran only informed applicants that it *may* corroborate the information provided in their applications with past employers, personal references, and/or a driver's record check.

[3] Consumer reporting agencies are required by law to provide notice to consumers *at the time* derogatory information is provided to potential employers. Vitran engages HireRight Solutions, Inc. (formerly USIS Commercial Services) to provide criminal background reports. And in Hall's case, HireRight waited 15 days before mailing him a copy of the report provided to Vitran instantaneously via the internet.

4

discuss the amended limitations period…"). In *Yarish,* plaintiffs closed on a residential mortgage loan from Downey Savings & Loan Association ("Downey") on June 24, 2005. *Id.* at *2. Over three years later, plaintiffs filed suit alleging that Downey failed to disclose that it would obtain a credit report. *Id.* Downey contended that plaintiffs' claim was time-barred by applying a two-year statute of limitations because they received inquiry notice of their claim when they closed on their loan. *Id.* at *8. Further, Downey claimed that because plaintiffs signed two documents at closing, which authorized Downey to obtain consumer credit reports, plaintiffs should have been on notice of any potential FCRA violations. *Id.* The court rejected Downey's claim, stating "[t]he documents contain[ed] no reference to Downey's disclosure requirements under the FCRA; they merely notif[ied] Plaintiffs that Downey *may* obtain a consumer report in connection with their loan." *Id.* The Court denied Downey's motion to dismiss, holding that plaintiffs' claims were not time-barred from the face of the complaint. *Id.* at *8-9; *see also, Broccuto v. Experian Information Solutions Inc.,* No. 3:07CV782-HEH, 2008 U.S. Dist. LEXIS 37079, *8-9, FN1 (E.D. V.A. 2008) (holding that the FCRA statute of limitations is judged by the date the *violation* was discovered by the consumer, not the date the consumer first observed inaccurate information in their consumer report).

Here, without pre-adverse and/or adverse action notice from Vitran, applicants who applied during the five-year period prior to the filing of the complaint *would have no knowledge* that they were denied employment based on information contained in their consumer report.[4] Consequently, even the individuals who did receive a copy of their criminal background report from HireRight would be unaware that Vitran violated the FCRA.

---

[4] Furthermore, because Vitran failed to furnish its applicants a copy of their rights under the FCRA, such applicants would not have been aware of Vitran's disclosure obligations pursuant to 15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii).

Finally, any applicants who may have learned after the fact that Vitran denied them employment based on information contained in their consumer reports would still be unaware that Vitran violated the FCRA because Vitran failed to provide applicants a copy of their rights under the FCRA. Title 15 U.S.C. § 1681b(b)(3)(A)(ii) expressly requires employers to furnish applicants "a description in writing of the rights of the consumer under [the FCRA], as prescribed by the Federal Trade Commission…." Notably, this statement of rights informs consumers of the obligations of users of consumer reports as well as their rights under the FCRA. For example, the statement of rights provides in part:

> • **You must be told if information in your file has been used against you.** Anyone who uses a credit report or another type of consumer report to deny your application for credit, insurance, or employment – or to take another adverse action against you – must tell you, and must give you the name, address, and phone number of the agency that provided the information.
>
> *****
>
> • **You have the right to dispute incomplete or inaccurate information.** If you identify information in your file that is incomplete or inaccurate, and report it to the consumer reporting agency, the agency must investigate unless your dispute is frivolous….
>
> *****
>
> • **You must give your consent for reports to be provided to employers.** A consumer reporting agency may not give out information about you to your employer, or a potential employer, without your written consent give to the employer….

*See,* Federal Trade Commission, "A Summary of Your Rights Under the Fair Credit Reporting Act"; *see, also* Exhibit E attached hereto.

The very purpose of requiring employers to furnish applicants a copy of their rights under the FCRA prior to taking any adverse action is to apprise the applicants of their rights under the Act. Of particular importance is the advice to the applicant that he has a right to dispute

6

inaccurate information contained in his criminal background report. Vitran's failure to provide the statement of rights to applicants before declining employment is significant because for a five-year period prior to the filing of the complaint, Vitran made hiring decisions the day that it received the report from HireRight, and weeks before the applicant even learned the substance of the report, if at all.

## CONCLUSION

Allowing Hall to amend this Class Action Complaint to extend the Class Period will not prejudice Vitran. To the contrary, the extension will permit Vitran to fully resolve its historically unlawful practices without potential individual claims by applicants from April 7, 2004 through April 7, 2007 who would have otherwise been excluded from the class. Indeed, the denial of Hall's Motion will prejudice these individuals, as they had no knowledge that their rights had been violated.

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By: /s/ Dennis M. O'Toole
Dennis M. O'Toole (0003274)
Anthony R. Pecora (0069660)
Matthew A. Dooley (0081482)
Attorneys for Plaintiff
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: dotoole@sheffieldlaw.com
apecora@sheffieldlaw.com
mdooley@sheffieldlaw.com

## **CERTIFICATE OF SERVICE**

This will certify that a copy of the foregoing Motion for Leave to Amend Complaint was filed electronically this 5th day of October, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or via regular mail.

/s/Dennis M. O'Toole
Dennis M. O'Toole

G:\25\25747-1\Motion for Leave to Amend Complaint Final.docx