**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THOMAS E. HALL, *on Behalf of Himself and All Others Similarly Situated*, | CASE NO. 1:09 CV 800 |
| Plaintiffs, | JUDGE DAN AARON POLSTER |
| vs. | |
| VITRAN EXPRESS, INC., | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT** |
| Defendant. | |

## I.      INTRODUCTION

Defendant Vitran Express, Inc. ("Vitran") submits this memorandum in opposition to Plaintiff Thomas E. Hall's ("Plaintiff") Motion for Leave to Amend Class Action Complaint ("Motion to Amend," ECF No. 24).  This Court should deny Plaintiff's Motion pursuant to Rules 15(a)(2) and 16(b) of the Federal Rules of Civil Procedure because it is both untimely and prejudicial, and Plaintiff fails to provide good cause for filing his Motion to Amend seven months after the scheduling deadline.  This Court should also deny the Motion to Amend pursuant to Rule 15(a)(2) because amendment would be futile under 15 U.S.C.A. § 1681p.

## II.      FACTUAL BACKGROUND

Plaintiff filed a Class Action Complaint on April 7, 2009.  In that Complaint, Plaintiff's class claims were confined to a two-year period.  (Compl. ¶ 1, ECF No. 1).  On July 23, 2009, Plaintiff filed an Amended Class Action Complaint where he again confined the class claims to a two-year period.  (Am. Compl. ¶ 2, ECF No. 6.)   The Court entered its Case Management Plan on September

30, 2009.  (ECF No. 13.)  The Case Management Plan ordered in relevant part that the deadline for amending pleadings and adding parties was March 1, 2010, the discovery cut-off date was October 1, 2010, and the dispositive motion deadline was November 1, 2010.  (*Id.* at 1-3.)

Defendant served its Responses to Plaintiffs' First Set of Interrogatories and Request for Production of Documents on December 30, 2009.  Plaintiff filed a Motion to Amend Class Action Complaint on January 7, 2010, wherein he sought to join as a defendant a company known as PJAX.  (ECF No. 16).  Plaintiff subsequently withdrew that Motion.  (*See* ECF No. 18.)   On February 4, 2010 – over eight months ago – Vitran produced the majority of its driver application files to Plaintiff.[1]  Since that time, the Court repeatedly requested in several telephonic conferences with the parties that Plaintiff identify how many Vitran applicants were similar to Plaintiff, *i.e.,* individuals who did not obtain employment based on inaccurate background results.   On September 24, 2010, Plaintiff finally orally acknowledged to the Court and in writing to Vitran that such a class was likely limited to approximately 100 individuals.[2]  (*See* Sept. 24, 2010 Letter from M. Dooley to T. Mathews, attached hereto as Ex. 1.)  In that same letter, Plaintiff indicated for the first time that he was now interested in expanding the class period to five years.   (*Id.* at 2.)

On October 5, 2010, seven months after the court-ordered deadline regarding the amendment of pleadings, Plaintiff has moved again for leave to file another Amended Class Action Complaint.  This time, Plaintiff seeks to expand the class period to five years, arguing that individuals who applied for employment between April 7, 2004 and April 7, 2007 had no knowledge that they were denied employment based on information in their consumer report.  (Pl.'s Mot. to Amend at 5.)  However, Plaintiff's Motion to Amend acknowledges that USIS, the credit reporting agency,

---

[1] Vitran produced the remaining 81 applications on March 10, 2010.

[2] Vitran estimates this number is likely considerably lower.

provided notice to Plaintiff that Vitran had ordered a copy of the applicant's consumer report and that this consumer report was being provided to Vitran. (*See* Am. Compl. ¶ 12.)[3] This notice informed Plaintiff that the notice was "being sent pursuant to Section 613 of the Fair Credit Reporting Act." (*See, e.g.,* USIS Notice to Thomas Hall, attached hereto as Ex. 2.) The notice included a copy of the credit report for Plaintiff's review. (*Id.*) The notice also provided a phone number for Plaintiff to contact if he needed assistance regarding the information contained in the notice. (*Id.*) It is undisputed that Plaintiff discovered the alleged FCRA violation from this notice. (*See* Am. Compl. ¶ 12.)

## III. LAW AND ARGUMENT

### A. Relevant Legal Standard

While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given, but such leave is not without limitation, and courts should deny motions to amend under certain circumstances. Specifically, while leave to amend remains in the sound discretion of a trial court, "[a] motion to amend a complaint should be denied if the amendment . . . results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)); *see also Hutsell v. Sayre*, 5 F.3d 996, 1006 (6th Cir. 1993) (the court need not permit amendment where such amendment would be futile).

### B. This Court Should Deny Plaintiff's Motion to Amend Because It Is Untimely, and Plaintiff Fails to Show Good Cause for His Seven Month Delay

Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure provides that a scheduling order "must limit the time to join other parties, ***amend the pleadings,*** complete discovery, and file

---

[3] Plaintiff attaches the envelope that contained the USIS notice as Exhibit D to its Motion but failed to attach the contents of the envelope.

motions." (Emphasis added).  Rule 16(b)(4) provides that the schedule "may be modified only for good cause and with the judge's consent."  The Sixth Circuit noted that "a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  *Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) (citing Fed.R.Civ.P. 16, 1983 advisory committee's notes; *Inge v. Rock Financial Corp.,* 281 F.3d 613, 625 (6th Cir. 2002) (stating that good cause is measured by the movant's "diligence in attempting to meet the case management order's requirements").  Another important consideration is whether the opposing party suffered prejudice as a result of the delay.  *Leary,* 349 F.3d at 906.

The *Leary* court noted that a number of circuit courts have considered the intersection of Rule 15's amendment provision and Rule 16's good cause requirement and denied a plaintiff's motion for leave to amend his pleading where he failed to show good cause to do so under Rule 16(b).  *See Leary,* 349 F.3d at 906 (citing *Parker v. Columbia Pictures Inds.,* 204 F.3d 326, 340 (2d Cir. 2000); *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir. 1998); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (noting that Rule 16's standards may not be "short-circuited" by those of Rule 15 because "[d]isregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier").  Based in part on the foregoing authority, the *Leary* court required that "a plaintiff must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper."  Applying this rule, the *Leary* court held that the district court did not abuse its discretion in denying the plaintiff's motion to amend because he failed to show good cause for his failure to comply with the scheduling deadline.

Here, this Court's Case Management Order required that Plaintiff amend his pleadings by March 1, 2010.  Plaintiff's Motion to Amend is now over seven months late.  Vitran provided

interrogatory responses to Plaintiff on December 30, 2010 and provided the majority of the Vitran driver applications to Plaintiff on February 4, 2010. Yet, Plaintiff fails to show its "diligence in attempting to meet the case management order's requirements." Indeed, Plaintiff fails to make any argument to show it had good cause for its delay in seeking to amend the Complaint for a third time, allegedly based on discovery it has had in its possession for at least six months.[4]  Accordingly, the Court should deny Vitran's Motion to Amend under Rules 15(a)(2) and 16(b) of the Federal Rules of Civil Procedure.

**C.      This Court Should Deny Plaintiff's Motion to Amend Because it is Prejudicial to Vitran, and Plaintiff Fails to Establish Good Cause for the Delay**

The *Leary* court also observed that "another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary,* 349 F.3d at 906 (citing *Inge,* 281 F.3d at 625).  In *Owens Corning v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 257 F.3d 484, 496-97 (6th Cir. 2001), the Sixth Circuit held that a defendant suffered unfair prejudice when amendments "suddenly appear" as opponent "was preparing to litigate the remaining issues by motion for summary judgment" and the plaintiff "failed to act with due diligence" in seeking to amend his complaint. The Sixth Circuit has also held that substantial and unjustified delays in seeking leave to amend generally reduce the prospects for obtaining leave to amend. *Wade v. Knoxville Utilities Bd.,* 259 F.3d 452, 459 (6th Cir. 2001) ("When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier.")

Here, Plaintiff's Motion to Amend comes on the eve of the November 1, 2010 dispositive motion deadline and after discovery has closed.  Additionally, the parties have agreed to engage in a

---

[4] As discussed below, Vitran disputes Plaintiff's contention that the discovery it provided to Plaintiff provides a basis to amend the Amended Class Action Complaint as a matter of law.

mediation with the Court on November 30, 2010.  By way of this amendment, Plaintiff seeks to complicate such a mediation by expanding the issues rather than narrowing them.  Accordingly, the Court should deny Plaintiff's Motion to Amend under Rules 15(b) and 16(b) of the Federal Rules of Civil Procedure because it imposes undue prejudice upon Vitran, and Plaintiff fails to demonstrate good cause for his failure to comply with the Case Management Order.

**D.      This Court Should Deny Plaintiff's Motion to Amend Because It is Futile**

The Sixth Circuit has recognized that "a district court may deny a plaintiff leave to amend his or her complaint . . . when the proposed amendment would be futile."  *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006) (citing *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003)).  "A proposed amendment is futile if the amendment could not withstand a 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)).  In *Thiokol Corp. v. Department of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993), that Court explained that "[t]his Circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment."  (Citation omitted).  The Sixth Circuit has recognized that "to survive a motion to dismiss the plaintiff must allege facts that, if accepted as true, are sufficient to 'raise a right to relief above the speculative level' and to 'state a claim to relief that is plausible on its face.'"  *Hensley Manuf. v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)).

Here, Plaintiff's Motion to Amend cannot survive a motion to dismiss based on futility because the USIS notice provided the driver applicants with inquiry notice that an alleged violation

of the Fair Credit Reporting Act ("the Act") had occurred.[5]  (Mot. to Amend at 4) ("In many instances, the consumer reporting agency would provide a copy of the derogatory report to the applicant by regular mail.")  "Under the FCRA, consumers have a right to view information in their credit file and dispute inaccurate information." *Hancock v. Charter One Mortgage,* No. 07-15118, 2008 WL 2246042, at *3 (E.D. Mich. May 30, 2008).  Under the Act, the limitations period for a claim under the Act "is the *earlier* of two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation occurred."  *Bittick v. Experian Information Solutions, Inc.,* 419 F. Supp. 2d 917, 918 (N.D. Tex. 2006) (citing 15 U.S.C.A. § 1681p).  The USIS notice informed applicants that Vitran had obtained copies of their consumer reports, provided the applicants with the results of the consumer report, enclosed the consumer report for the applicants' review, and provided the applicant contact information if he required further information. (*See* Ex. 2.)  Indeed, by Plaintiff's own admission, he discovered the alleged FCRA violation on February 2, 2008 "when he received a derogatory letter and a copy of the report from USIS." (Am. Compl. ¶ 12.)

Courts have granted Rule 12(b)(6) motions to dismiss or denied motions to amend complaints when the plaintiff filed suit more than two years after the date of the plaintiff discovered the violation. *See, e.g., Hancock*, 2008 WL 2246042, at *3 (denying plaintiffs' motion for leave to

---

[5] As noted *supra,* Plaintiff attached the envelope containing the USIS notice but failed to attach the USIS notice itself. However, this Court can nevertheless consider the notice in the context of determining whether amendment would be futile because this documentation is referred to in paragraph 12 of the Amended Complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein.")  In the absence of Plaintiff's attachment of a Second Amended Complaint to his Motion to Amend, Vitran assumes from Plaintiff's Motion that Plaintiff merely intends to change the two-year class period to a five-year class period and leave the remainder of the Second Amended Complaint unchanged. (*See* Mot. to Amend at 2) ("[H]all moves to amend his complaint to extend the Class Period to the ***five-year period*** preceding April 7, 2009.") (Emphasis in original).

amend as futile in light of § 1681p, where plaintiffs discovered the error in their credit report in November 2004 but failed to file suit until December 2007); *Regus v. Citibank (South Dakota), N.A.,* No. CA 10-76, 2010 WL 2803952, at *5 (D. R.I. June 22, 2010) (granting the defendant's motion to dismiss because "[b]y Plaintiff's own admission, he discovered the violation on January 6, 2008. … Thus, his Complaint, filed on or about February 1, 2010, more than two years after he discovered the alleged violation, is time-barred and should be dismissed on this basis"); *Bittick,* 419 F. Supp. 2d at 919 (granting the defendant's motion to dismiss when the plaintiff discovered the violation on May 11, 2001, but she failed to file suit until June 27, 2005).

The cases cited by Plaintiff in support of his Motion to Amend are distinguishable from the instant case.  For example, the court in *Yarish v. Downey Financial Corporation,* No. 3:08-CV-00380, 2009 WL 1208178, at *3 (E.D. Va. April 28, 2009), rejected the defendant's argument that plaintiffs were on inquiry notice of the FCRA violation when plaintiffs signed two documents that "merely notified Plaintiffs that Downey *may* obtain a consumer report in connection with their loan." (Emphasis added).  Here, Plaintiff and the Vitran applicants *received* affirmative notice from USIS that Vitran *had* obtained the applicants' consumer report.  (*See* Ex. 2.)  Additionally, *Andrews v. Equifax Information Services LLC,* 700 F. Supp. 2d 1276 (W.D. Wash. 2010), is distinguishable from the instant case because that defendant failed to provide the consumer reports to the Court or even adequately support its assertion that it had sent the plaintiff the consumer reports.  Here, Plaintiff does not dispute that USIS (the credit reporting agency) sent Plaintiff a notice and consumer report; in fact, Plaintiff has affirmatively stated in his Amended Class Action Complaint that he received this documentation (Am. Compl. ¶ 12), and he presumably relied upon it in discovering the alleged FCRA violation.  Accordingly, this Court should deny Plaintiff's Motion to Amend because amendment would be futile under 15 U.S.C.A. § 1681p.

## IV.  CONCLUSION

For the foregoing reasons, Vitran Express, Inc. respectfully requests that this Court deny

Plaintiff's Motion to Amend.


Respectfully submitted,


/s/ Tyler L. Mathews
WILLIAM J. O'NEILL (0029936)
TYLER L. MATHEWS (0063759)
JENNIFER D. ARMSTRONG (0081090)
MCDONALD HOPKINS LLC
600 Superior Avenue, East - Suite 2100
Cleveland, OH 44114
Telephone:     (216) 348-5400
Facsimile:     (216) 348-5474
Email:  woneill@mcdonaldhopkins.com
        tmathews@mcdonaldhopkins.com
        jarmstrong@mcdonaldhopkins.com

Attorneys for Defendant Vitran Express, Inc.

{2406317:2}                                    9

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ***Defendant's Memorandum in Opposition to Plaintiff's Motion for Leave to File Second Amended Class Action Complaint*** was filed electronically on October 14, 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's ECF system.

/s/ *Tyler L. Mathews*
TYLER L. MATHEWS
McDonald Hopkins LLC

An Attorney for Defendant Vitran Express, Inc.