# EXHIBIT 1

Case: 1:09-cv-00800-DAP Doc #: 25-1 Filed: 10/14/10 1 of 3. PageID #: 203

# Stumphauzer ∴ O'Toole

*Stumphauzer, O'Toole, McLaughlin,*
*McGlamery & Loughman, Co. LPA*
*Attorneys at Law*
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: 440.930.4001

**Direct:** 440.930.4017
**Email:** mdooley@sheffieldlaw.com

September 24, 2010

**VIA EMAIL ONLY: tmathews@mcdonaldhopkins.com**
Tyler Mathews, Esq.
MCDONALD HOPKINS
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114

Re:   Hall, et al. v. Vitran Express, Inc.
      Northern District of Ohio, Case No. 1:09-CV-00800

Dear Tyler:

Please allow this correspondence to summarize our teleconference this morning regarding the plaintiffs' perspective of relative class definitions and sizes. As you know, we view this case as primarily regarding three distinct classes – (1) those applicants who were not provided a clear and conspicuous disclosure and authorization prior to Vitran's background search, (2) those applicants who were not provided with pre-adverse action notification, and (3) those applicants that were not provided with adverse action notification. While each category may also include smaller subclasses, it is more appropriate at this juncture to discuss the global perspective, as we continue to work towards a negotiated resolution.

Having nearly completed our review of the 1,501 application files provided by Vitran to date (1,417 files in Vitran Production 4 and 84 files in Vitran Production 5), we believe that of the total applicants identified by Vitran, approximately 1,000 of these applicants did not execute a clear and conspicuous disclosure or authorization prior to Vitran's performance of a background search. As we discussed, the actual class size is difficult to determine due to Vitran's internal document retention policy.

Because we view the class as limited in temporal scope to pre-March 2009, we issued a subpoena to HireRight Solutions, Inc., the provider of background reports, seeking a list of all applicants who were the subject of a report ordered by Vitran from April 30, 2004 through April 30, 2009. We believe that the information provided by HireRight will fill certain gaps that now exist relative to the disclosure and authorization class. We also recognize at this juncture that we have asserted a temporal class limit extending from April 7, 2007 through April 7, 2009. Under

Tyler Mathews, Esq.
September 24, 2010
Page 2

15 U.S.C. § 1681p, the putative class may reach a period five years from the date of the violation where the applicant has no notice of the violation. We would ask Vitran to consider stipulating to an amended class action complaint asserting a five year period for the disclosure and authorization class, such that any resolution would achieve global peace for Vitran.

As you know, our ability to identify applicants who did not receive pre-adverse action notification and adverse action notification is limited to our review of the application files provided by Vitran. We also recognize that these respective class sizes will be limited in temporal scope to pre-March 2009, when Vitran changed its policy in consideration of my letter regarding same. Based on these physical and temporal limitations, we view the pre-adverse action and adverse action classes to contain approximately 100 applicants, respectively.

The putative class sizes expressed herein, particularly the disclosure and authorization class, may change following HireRight's response to our subpoena. Per our discussion, we believe that the case can be mediated at this juncture without the need to conduct additional discovery. In that regard, we share your position that a productive mediation could take place in late November or early December. In order to facilitate this process, we welcome a list of proposed mediators in the near future so that we can obtain available dates in November and December. Should mediation ultimately be unsuccessful, we would ask to revisit the need for depositions of certain Vitran personnel, and would likewise produce Mr. Hall for a deposition as well.

As always, we appreciate you and your client's cooperation, and look forward to addressing any additional questions or concerns you may have.

Very truly yours,

Matthew A. Dooley
MAD/ks

Cc: United States District Judge Dan Polster
G:\25\25747-1\Correspondence\Mathews Ltr 5.docx

Stumphauzer ∴ O'Toole