# EXHIBIT 3

Westlaw.

Page 1

Not Reported in F.Supp.2d, 2008 WL 2246042 (E.D.Mich.)
(Cite as: 2008 WL 2246042 (E.D.Mich.))

▷
Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
Jon and Anne Marie HANCOCK, Plaintiffs,
v.
CHARTER ONE MORTGAGE, et al, Defendant.
No. 07-15118.

May 30, 2008.

Kurt A. O'Keefe, Detroit, MI, for Plaintiff.

Henry J. Stancato, Simon, Galasso, Troy, MI, Brian M. Ziff, Clark Hill, Detroit, MI, Tamara Fraser, Frank, Haron, Troy, MI, Alan M. Gill, Christopher T. Lane, Schuckit Assoc., Indianapolis, IN, Brian A. Nettleingham, Maddin, Hauser, Southfield, MI, for Defendants.

*OPINION AND ORDER*

VICTORIA A. ROBERTS, District Judge.

I. INTRODUCTION

*1 This matter is before the Court on a Motion to Dismiss filed by Experian Information Solutions, Inc. ("Experian") and joined by Charter One Mortgage ("Charter"), and Trans Union, LLC ("Trans Union"). Equifax did not join in this Motion.

Plaintiffs, Jon and Anne Marie Hancock ("The Hancocks"), filed a complaint under the Fair Credit Reporting Act ("FCRA") and state law defamation. The Hancocks concede that their state claim is barred by the statute of limitations. Accordingly, the Court only addresses the FCRA claim.

The Hancocks ask the Court for leave to amend their complaint to allege their claims under different provisions of the FCRA. The Defendants claim the statute of limitations bars the Hancock's claims, and that amendment would be futile.

For the following reasons, the Court **GRANTS** Defendants' Motion and **DENIES** Plaintiffs' request for leave to amend.

II. BACKGROUND

The Hancocks took out two mortgages: one from Charter in Oct. 2001 and another from Countrywide in 2004. In April 2004 the Hancocks used the proceeds from the Countrywide mortgage to pay the Charter mortgage in full. But the Hancocks' credit reports showed a balance due on the Charter mortgage of $194,747 and a past-due balance of $3,053.

The Hancocks called Charter about the discrepancy and were told to put their complaint in writing. The Hancocks sent a dispute letter on December 10, 2004. By February 2005, the error still existed on their credit reports. It was still there in June 2005. The Hancocks sent the same dispute letter to Charter, Trans Union and Experian. In December 2005, this process repeated. As a result of erroneous information on their credit report, the Hancock's Countrywide payment increased. While the Hancock's credit report was corrected in June 2006, they could not obtain a new fixed rate mortgage from November 2004 through June 2006 because of Defendants' alleged wrongdoing. The Hancocks say this caused them to lose their home to foreclosure in December 2006.

The Hancocks filed this complaint on December 3, 2007.

III. ANALYSIS AND APPLICABLE LAW

A. **Failure to state a claim upon which relief can be granted**

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Not Reported in F.Supp.2d, 2008 WL 2246042 (E.D.Mich.)
(Cite as: 2008 WL 2246042 (E.D.Mich.))

Defendants' Motion is filed pursuant to FED.R.CIV.P. 12(b)(6). When reviewing a Rule 12(b)(6) Motion, the trial court "must construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir.1994). Because a Rule 12(b)(6) motion rests upon the pleadings rather than the evidence, "it is not the function of the court [in ruling on such a motion] to weigh evidence or evaluate the credibility of witnesses." *Miller v. Currie,* 50 F.3d 373, 377 (1995). The Court should deny a Rule 12(b)(6) motion "unless it appears beyond doubt that the Plaintiffs can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Gazette* at 1064. While this standard is decidedly liberal, it requires more than the bare assertions of legal conclusions. *In re DeLorean Motor Co.,* 991 F.3d 1236, 1240 (6th Cir.1993). Rather, the complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *DeLorean* at 1240.

*2 The Hancocks cannot prove a set of facts to support their claims. The FCRA, 15 U.S.C. § 1681 et seq., dictates acceptable and non-acceptable practices and procedures involved in the reporting of consumer credit information. Under the FCRA, consumers have a right to view information in their credit file and dispute inaccurate information. § 1681 p provides a time line for claims brought under the FCRA:

> An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of (1) 2 years after the date of discovery by Plaintiffs of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

The Hancocks discovered the error in November 2004 and wrote a dispute letter 3 on December 10, 2004. They filed suit on December 3, 2007. The Hancocks had two years after the date of discovery, November 2004, to file suit. They argue, however, that their additional reports to CRAS about errors in their credit report restart the statute of limitations. However, "additional reports cannot restart the limitations clock. To do so would allow [The Hancocks] to indefinitely extend the limitations period by simply sending another complaint letter to the credit reporting agency." *Bittick v. Experian,* 419 F.Supp.2d 917, 919 (N.D.Tex.2006).

The Hancocks argue that "each transmission of the same credit report constitutes a separate and distinct tort to which a separate statute of limitations applies." They rely on *Hyde v. Hibernia Nat'l Bank in Jefferson Parish,* 861 F.2d 446 (5th Cir.1988). In *Hyde* the defendant's second issuance of plaintiff's credit report was held to be a discrete event triggering a new statute of limitations. *Id. a* t 449. The Hancocks say this means that if CRAS did not correct erroneous information on the Hancock's' credit report within 30 days after receiving a dispute letter, the fact that they sent another complaint restarted the statute of limitations. They argue each dispute letter restarts the statute of limitations. This is wrong; *Bittick* is the controlling authority. The Hancocks say *Bittick* cites approvingly to *Hyde* . While *Hyde* does discuss a situation in which the statute of limitations can be restarted, that situation does not pertain here. In *Hyde,* credit agencies reissued erroneous reports. *Hyde* stands for the proposition that the statute of limitations begins to run with each reissuance, and *Bittick* does not cite *Hyde* for this proposition. It cites *Hyde* to confirm only that prior to 2003 Amendments to the FCRA, the rule was the same regarding statute of limitations: 2 years from the date of discovery.

The Hancock's subsequent dispute letters regarding the same erroneous information do not restart of the statute of limitations clock. A perpetual statute of limitations not intended by the FCRA would be the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 3

Not Reported in F.Supp.2d, 2008 WL 2246042 (E.D.Mich.)
**(Cite as: 2008 WL 2246042 (E.D.Mich.))**

result if the Court adopted the Hancocks' argument. The Hancocks knew of the errors on their credit report more than two years before they filed suit. As a result, their claim is barred by the statute of limitations set forth in § 1681 p. Defendants' motion to dismiss under FRCP 12(b)(6) is granted.

\*3 Further, the Hancock's request for leave to amend their complaint to state violations of § 1681i and s-2(b) is futile. The same statute of limitations applies to claims brought under these sections. 15 U.S.C. § 1681p. The Hancock's request for leave to amend their complaint is denied.

II. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's request for leave to amend their complaint.

**IT IS ORDERED.**

E.D.Mich.,2008.
Hancock v. Charter One Mortg.
Not Reported in F.Supp.2d, 2008 WL 2246042 (E.D.Mich.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.