# EXHIBIT 4

Case: 1:09-cv-00800-DAP Doc #: 25-3 Filed: 10/14/10 1 of 11. PageID #: 210

Westlaw.

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

Page 1

**H**
Only the Westlaw citation is currently available.

United States District Court,
D. Rhode Island.
Teofilo REGUS, Plaintiff,
v.
CITIBANK (SOUTH DAKOTA), N.A., a.k.a.
CitiFinancial, Defendant.
No. CA 10-76 ML.

June 22, 2010.

West KeySummary
**Credit Reporting Agencies 108A ⇐⇒3**

108A Credit Reporting Agencies
 108Ak3 k. Liability for False Information. Most Cited Cases
Borrower who failed to allege that a bank who furnished information to consumer reporting agencies received notice from such an agency of any dispute regarding the information reported failed to state a claim for relief under the FCRA. Bank's duty to investigate was only triggered by a report from an agency, and borrower's reports would not have triggered bank's duty. Fair Credit Reporting Act, §§ 623(a), 623(b), 15 U.S.C.A. §§ 1681s-2(a), 1681s-2(b).

Teofilo Regus, North Providence, RI, pro se.

Eric B. Mack, Edwards Angell Palmer & Dodge, Providence, RI, for Defendant.

### REPORT AND RECOMMENDATION

DAVID L. MARTIN, United States Magistrate Judge.

*1 Before the Court is Defendant's Motion to Dismiss (Document ("Doc.") # 4) ("Motion to Dismiss" or "Motion"). By the Motion Defendant Citibank (South Dakota), N.A. ("Defendant" or "Citibank"), seeks dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).[FN1] Plaintiff Teofilo Regus ("Plaintiff"), acting pro se, has not filed an objection to the Motion.

> FN1. Federal Rule of Civil Procedure 12(b) provides in relevant part that:
>
> Every defense to a claim for relief in any pleading must be asserted in a responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> ...
>
> (6) failure to state a claim upon which relief can be granted; and
>
> ....
>
> Fed.R.Civ.P. 12(b).

The Motion to Dismiss has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has determined that no hearing is necessary. After reviewing the filings and performing independent research, I recommend that the Motion to Dismiss be granted.

### I. Facts [FN2] and Travel

> FN2. The facts are taken primarily from Plaintiff's Complaint (Doc. # 1) and are assumed to be true for purposes of this Report and Recommendation.

This case arises out of Defendant's repeated misreporting of a payment history by Citibank on Plaintiff's credit reports, despite Plaintiff's repeated protests to Citibank that the account reporting should be deleted. Complaint ¶ 5. Citibank made the incorrect entries on Plaintiff's credit reports and transferred said information to the credit reporting

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

Page 2

agencies, and Citibank again failed to correct Plaintiff's credit report. *Id.* ¶ 6. The transactions involve a Citibank Home Depot account. *Id.* ¶ 7. Defendant failed to take corrective measures and failed to investigate the dispute [FN3] and continued to report the incorrect information. *See id.* ¶ 8. Defendant repeatedly failed and refused to properly reinvestigate items in Plaintiff's credit report. *Id.* ¶ 9. Despite having actual knowledge that certain information did not properly pertain to Plaintiff, Defendant continued to maintain said information in Plaintiff's file and continued to report said information to third parties. *Id.* ¶ 10.

> FN3. Plaintiff previously sued The Home Depot and "Cbsd" in Rhode Island Sixth Division District Court under Docket No. 08-1095. *See* Memorandum in Support of Citibank (South Dakota), N.A.'s Motion to Dismiss Plaintiff's Complaint ("Defendant's Mem."), Exhibit ("Ex.") A (Small Claims Notice of Suit). Plaintiff alleged that:
>
>> On[ ] January 16, 2008[,] Equi [f] ax Credit Reporting [r]eturned a result of an investigation of a dispute on [c]redit [r]eporting for the Home Depot account number.... This account was closed on 9/24/06 paid in full for the amount of $437.96 but the creditor reported 30 day lates on 12/06-3/07. This has an adverse effect on my credit standing. *Id.* at 1. The action was dismissed on March 13, 2008, because "Plaintiff failed to appear today to prosecute [his] claim." *Id.* at 2; *see also id.* at 1. Defendant was present and asked the court to grant its Motion to Dismiss, which the court did. *Id.* Defendant voluntarily dismissed its counterclaim. *Id.*

On or about February 1, 2010, Plaintiff filed a complaint, Case No.: PC 10-0294, in the Superior Court of Rhode Island for Providence County. *See* Petition for Removal (Doc. # 1), Exhibit ("Ex.") A (state court complaint, summons, and proof of service) at 1. Defendant removed the matter to this Court pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1446 on or about February 22, 2010. *See* Petition for Removal at 1; *see also* Docket. On March 1, 2010, Defendant filed the instant Motion to Dismiss. *See* Docket. Plaintiff's response to the Motion was due on March 18, 2010. *See id.* When no response was filed, this Magistrate Judge on March 26, 2010, issued a notice to Plaintiff, directing him to file an objection to the Motion by April 6, 2010, and warning him that if he failed to do so, the Court would address the Motion to Dismiss without the benefit of a response from Plaintiff. *See* Notice to Plaintiff re Pending Motion to Dismiss (Doc. # 5) ("Order of 3/26/10"); *see also* Docket. Plaintiff did not file an objection or other response to the Motion by April 6, 2010, or anytime thereafter. *See* Docket. Therefore, the Court proceeds to address the pending Motion to Dismiss. *See* Order of 3/26/10 at 1.

II. Law

A. Pro Se Status

*2 Plaintiff is proceeding pro se, and his Complaint is held to a less stringent standard than one drafted by a lawyer. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). It is to be "read ... with an extra degree of solicitude." *Rodi v. Ventetuolo,* 941 F.2d 22, 23 (1st Cir.1991). The Court is required to liberally construe a pro se complaint, *see Strahan v. Coxe,* 127 F.3d 155, 158 n. 1 (1st Cir.1997); *Watson v. Caton,* 984 F.2d 537, 539 (1st Cir.1993), and may grant a motion to dismiss "only if plaintiff cannot prove any set of facts entitling him to relief," *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir.1997). At the same time, a plaintiff's pro se status does not excuse him from complying with procedural rules. *See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ.,* 209 F.3d 18, 24 n. 4 (1st Cir.2000). The Court construes Plaintiff's Complaint liberally in deference to his pro se status.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

**B. Rule 12(b)(6) Standard**

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must view the stated facts in the light most favorable to the pleader, *In Re Credit Suisse First Boston Corp.,* 431 F.3d 36, 51 (1st Cir.2005); *see also Greater Providence MRI Ltd. P'ship v. Med. Imaging Network of S. New England, Inc.,* 32 F.Supp.2d 491, 493 (D.R.I.1998), taking all well-pleaded allegations as true and giving the pleader the benefit of all reasonable inferences that fit the pleader's stated theory of liability, *Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev.,* 421 F.3d 1, 5 (1st Cir.2005); *see also Arruda v. Sears, Roebuck & Co.,* 310 F.3d 13, 18 (1st Cir.2002). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.; see also Bell Atl. Corp. v. Twombly,* 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level...."). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555; *see also Ashcroft v. Iqbal,* 129 S.Ct. at 1949, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 555). The fact that a motion to dismiss under Rule 12(b)(6) is unopposed does not relieve the district court of its obligation to examine the complaint to determine whether it is formally sufficient to state a claim. *See Barber v. Verizon New England, Inc.,* No. C.A. 05-390ML, 2005 WL 3479834, at *1 (citing *Pomerleau v. W. Springfield Pub. Sch.,* 362 F.3d 143, 145 (1st Cir.2004)).

*3 The Court, however, is not required to "credit bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aponte-Torres v. Univ. of Puerto Rico,* 445 F.3d 50, 54 (1st Cir.2006)(internal quotation marks omitted); *see also Ashcroft v. Iqbal,* 129 S.Ct. at 1949 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ")(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. at 557) (alteration in original). Rule 12(b)(6) is forgiving, *see Campagna v. Mass. Dep't of Envtl. Prot.,* 334 F.3d 150, 155 (1st Cir.2003), but it "is not entirely a toothless tiger," *Rivera v. Rhode Island,* 402 F.3d 27, 33 (1st Cir.2005)(quoting *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 67 (1st Cir.2004)(quoting *Dartmouth Review v. Dartmouth Coll.,* 889 F.2d 13, 16 (1st Cir.1989))). A plaintiff must allege facts in support of "each material element necessary to sustain recovery under some actionable legal theory." *Campagna,* 334 F.3d at 155.

**III. Discussion**

Defendant argues that the Motion to Dismiss should be granted because:

(1) Plaintiff's Complaint is barred by the doctrine of res judicata;

(2) All of the claims in Plaintiff's Complaint are time barred under 15 U.S.C. § 1681p; and

(3) Plaintiff's Complaint fails to allege facts sufficient to state a cause of action under the Fair Credit Reporting Act ("FCRA").

Motion to Dismiss at 1. As noted previously, Plaintiff has not filed an objection to the Motion.

**A. Res Judicata**

Res judicata,[FN4] or claim preclusion,

> FN4. Res judicata is a Latin term meaning "[a] matter adjudged...." *ElGabri v. Lekas,*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

Page 4

681 A.2d 271, 275 (R.I.1996)(quoting *Black's Law Dictionary* 1305 (6th ed.1990))(alteration in original).

renders a prior judgment by a court of competent jurisdiction in a civil action between the same parties conclusive as to any issues actually litigated in the prior action, or that could have been presented and litigated therein. Courts employ the doctrine of *res judicata* to maximize judicial efficiency by eliminating duplicative litigation, because such lawsuits only serve to waste the courts' finite resources. *Res judicata* also operates to prevent multiple and possibly inconsistent resolutions of the same lawsuit.
*DiBattista v. State*, 808 A.2d 1081, 1085-86 (R.I.2002) (citations and internal quotation marks omitted); *see also Comm'r of Internal Revenue v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948)(describing doctrine of res judicata). "When invoked, it makes a prior judgment in a civil action between the same parties conclusive with regard to any issues that were litigated in the prior action, or, that could have been presented and litigated therein." *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I.1996); *see also DiBattista v. State*, 808 A.2d at 1086 ("Under this rule, all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are barred from a later action.").

Federal district courts are required to "give state court judgments the same res judicata effect that the state's own law prescribes." *Keating v. Rhode Island*, 785 F.Supp. 1094, 1098 (D.R.I.1992); *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984)( "It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *DiPinto v. Sperling*, 9 F.3d 2, 4 (1st Cir.1993) ("Federal courts must accord a state court judgment the same preclusive effect it would receive in the state where it was rendered."). Under Rhode Island law, res judicata "bars any relitigation (1) of the same cause of action (2) between the same parties or their privies (3) after final judgment has been rendered on the merits in the first suit." *Keating v. Rhode Island*, 785 F.Supp. at 1098; *see also DiBattista v. Rhode Island*, 808 A.2d at 1086 (" *Res judicata* serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action.") (citations and internal quotation marks omitted); *ElGabri v. Lekas*, 681 A.2d 271, 275 (R.I.1996) (same).

*4 Citibank argues that "it is clear that Plaintiff seeks to assert in the instant case the same claims brought in the [prior action]." Defendant's Mem. at 1. As a result, Citibank contends that "Plaintiff's claims clearly are defeated based on res judicata," *id.* The Court is compelled to agree.

First, although Plaintiff has provided the Court with little factual information, it appears that the causes of action pled in the instant Complaint and in Plaintiff's first complaint in state court, filed under Docket No. 08-1095 in Rhode Island District Court, Sixth Division, on or about February 28, 2008, derive from the same nucleus of operative facts. *Compare* Complaint ¶¶ 5-7 *with* Defendant's Mem., Ex. A at 1. In both documents, Plaintiff complains that a dispute involving a Home Depot account, apparently through Citibank, was misreported on his credit report to his detriment. *See* Complaint ¶¶ 5-10; Defendant's Mem., Ex. A at 1; *see also Pelumi v. Rhode Island*, C.A. No. 09-255ML, 2009 WL 2426050, at *3 (D.R.I. June 17, 2009)(quoting *Apparel Art Int'l, Inc. v. Amertex Enters. Ltd.*, 48 F.3d 576, 583 (1st Cir.1995)) ("[I]n determining whether two causes of action[ ] are distinct, a court must analyze whether the 'party has advanced claims in multiple litigations which derive from the same nucleus of operative facts.' ").

Second, there is an identity of parties. *See Pelumi*, 2009 WL 2426050, at *3 ("Plaintiff has sued substantially the same parties in the later filed cases as

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 5

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

he did in those cases that were dismissed by this Court."). Although The Home Depot is not a named defendant in Plaintiff's current Complaint, Citibank is, as it was in Plaintiff's prior action. *Compare* Complaint at 1 *with* Defendant's Mem., Ex. A at 1.

Third, the involuntary dismissal of Plaintiff's earlier complaint in the state district court operated as a dismissal on the merits. *See* R.I. Dist. Ct. R. 41(b)(3) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, operates as an adjudication on the merits."); *see also* R.I. Gen. Laws § 10-16-8(a) (1997 Reenactment) ("If the plaintiff does not appear at the time set for the hearing, the court may dismiss the claim and action for want of prosecution, or enter judgment for the defendant for his or her costs, or make such other disposition of the case as may be proper."). Here, the district court did not otherwise specify, *see* Defendant's Mem., Ex. A at 1; *see also id.* at 2 (clerk's note under "other dispositions" that "Plaintiff failed to appear today to prosecute claim. Defendant presentasked Motion to Dismiss be granted. *MTD granted.* Defendant dismissed its own counterclaim.").

As it appears that the causes of action derive from the same nucleus of operative facts, the parties are substantially the same, and the dismissal of Plaintiff's prior complaint is considered a dismissal on the merits, Plaintiff's current claims are barred by the doctrine of res judicata. I therefore recommend dismissal of the Complaint on this basis.

**B. Statute of Limitations**

*5 The FCRA contains an explicit statute of limitations:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, **not later than the earlier of**—

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p (bold added); *see also Bittick v. Experian Info. Solutions, Inc.,* 419 F.Supp.2d 917, 918 (N.D.Tex.2006) ("The limitations period for a claim under the FCRA is the *earlier* of two years after the date of discovery by the plaintiff of the violation or five years after the date on which the violation occurred.").

Citibank argues that Plaintiff's claims are time-barred, *see* Defendant's Mem. at 1, because in his prior action

Plaintiff expressly admitted that he discovered the supposedly inaccurate information "on[ ] January 16, 2008[,]" when "Equifax Credit Reporting [r]eturned a result of an investigation of a dispute on [c]redit [r]eporting for the Home Depot account number...." Although the current Complaint makes no date references, it expressly is based on the credit reporting for the same Account. Assuming Plaintiff's allegations to be true, Plaintiff plainly discovered the purportedly inaccurate reporting on or about January 16, 2008, and the instant lawsuit would have [to have been] filed no later than January 16, 2010. Plaintiff, however, filed this action on February 1, 2010-two weeks after the statute of limitations had run.

Defendant's Mem. at 5 (internal citations omitted). The Court is constrained to agree.

By Plaintiff's own admission, he discovered the violation on January 16, 2008. *See* Defendant's Mem., Ex. A at 1 ("On[ ] January 16, 2008[,] Equifax Credit Reporting [r]eturned a result of an investiga-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

Page 6

tion of a dispute...."). Thus, his Complaint, filed on or about February 1, 2010, *see* Complaint at 1, more than two years after he discovered the alleged violation, is time-barred and should be dismissed on this basis. *See Hancock v. Charter One Mortgage,* No. 07-15118, 2008 WL 2246042, at *2 (E.D.Mich. May 30, 2008)("The [plaintiffs] knew of the errors on their credit report more than two years before they filed suit. As a result, their claim is barred by the statute of limitations set forth in § 1681p."); *see also id.* (granting defendants' motion to dismiss); *cf. Gibbs v. SLM Corp.,* 336 F.Supp.2d 1, 10 (D.Mass.2004)("Thus, by no later than April, 1997, [plaintiff] knew or should have known that the representation that the terms of the Consolidated Loan remained unchanged from prior loans was false. Since suit was not brought until 2003, well beyond the 3-year statute of limitations for tort claims, Count II is time-barred."). I so recommend.

**C. Failure to State a Claim**

*6 The FCRA places obligations on three distinct types of entities involved in consumer credit: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. Consumer reporting agencies and users of consumer reports are subject to civil liability for willful or negligent violations of the FCRA.
*Carney v. Experian Info. Solutions, Inc.,* 57 F.Supp.2d 496, 500 (W.D.Tenn.1999); *see also Chipka v. Bank of America,* 355 Fed. Appx. 380, 382, 2009 WL 4598327, at *2 (11th Cir. Dec.8, 2009) (unpublished opinion)("To achieve its purpose, the FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies."); *Chiang v. MBNA,* 634 F.Supp.2d 164, 167 (D.Mass.2009)(same); *Gibbs,* 336 F.Supp.2d at 10-11 ("There are essentially three types of actors which interplay in suits under the FCRA, namely 1) consumer reporting agencies, 2) users of consumer reports, and 3) the furnishers of information to consumer reporting agencies.") (quoting *Vazquez-Garcia v. Trans Union de Puerto Rico,* 222 F.Supp.2d 150, 153-54 (D.P.R.2002)).

Plaintiff alleges that Citibank "negligently violated 15 U.S.C. [§ ] 1681e(b) by failing to maintain reasonable procedures designed to assure maximum possible accuracy of the information [it] reported to one or more parties." Complaint ¶ 12; *see also id.* ¶ 13 (same); *id.* ¶ 16 ("[Citibank] willfully and knowingly failed to maintain reasonable procedures designed to assure maximum possible accuracy of the information reported to one or more third parties ... in violation of 15 U.S.C. § 1681e(b)."). Section 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

The term "consumer reporting agency" means
any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f); *see also Carney,* 57 F.Supp.2d at 501 ("The statutory definition of consumer reporting agency under the FCRA requires being in the business of assembling or evaluating consumer credit information. This implies a function which involves more than receipt and retransmission of information identifying a particular debt.") (citations and internal quotation marks omitted). Citibank argues that Plaintiff "does not, and cannot, allege facts establishing that Citibank is a [consumer reporting agency] subject to the requirements governing a [consumer reporting agency] ...," Defendant's Mem. at 6, because it is a furnisher of information, not a consumer reporting

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

Page 7

agency, *see id.* at 7 ("Plaintiff's allegations establish Citibank as a furnisher of information, not as a [consumer reporting agency].").

*7 The allegations in Plaintiff's complaint make clear that Citibank is a furnisher of information, not a credit reporting agency. *See* Complaint ¶ 6 ("Citibank ... made the incorrect entries on and transferred said information to the Credit Reporting Agencies ...."); *see also Chipka,* 355 Fed. Appx. at 382, 2009 WL 4598327, at *2 ("The statutory definition [of consumer reporting agency], however, excludes those that solely report information as to transactions between the consumer and the person making the report.")(internal quotation marks omitted); *Carney,* 57 F.Supp.2d at 501 ("Retailers ... that merely furnish information to consumer reporting agencies based on their experience with consumers are not consumer reporting agencies within the meaning of the FCRA.")(alteration in original). Construing Plaintiff's pro se Complaint liberally, as it must, *see Strahan v. Coxe,* 127 F.3d 155, 158 n. 1 (1st Cir.1997), the Court finds that Plaintiff intended to allege claims against Citibank as a furnisher of information.

Nonetheless, Citibank argues that Plaintiff's Complaint "does not allege facts sufficient to state a claim against Citibank as a furnisher of information." Defendant's Mem. at 7. Citibank contends that "[g]enerally speaking, § 1681s-2 identifies two sets of duties that are imposed on furnishers: (1) the duty to provide accurate information, which is set forth in § 1681s-2(a); [FN5] and (2) the duty to undertake an investigation upon receiving a notice of dispute from a [credit reporting agency], which is set forth in § 1681s-2(b).[FN6]" *Id.; see also Chiang,* 634 F.Supp.2d at 167 (noting that "[s]ection 1681s-2 of the FCRA imposes two types of duties on furnishers of credit information" and describing duties); *Carney,* 57 F.Supp.2d at 501 (" Section 1681s-2 ... identifies two duties imposed upon such furnishers of information: the duty to provide accurate information [ § 1681s-2(a) ] and the duty to undertake an investigation upon receipt of notice of dispute from a consumer reporting agency [§ 1681s2(b) ] .")(second and third alterations in original).

> FN5. Section 1681s-2(a) provides, in relevant part:
>
> (a) Duty of furnishers of information to provide accurate information
>
> (1) Prohibition
>
> (A) Reporting information with actual knowledge of errors
>
> A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.
>
> (B) Reporting information after notice and confirmation of errors
>
> A person shall not furnish information relating to a consumer to any consumer reporting agency if-
>
> (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
>
> (ii) the information is, in fact, inaccur- ate.
>
> ....
>
> (2) Duty to correct and update information
>
> A person who-
>
> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experi-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 8

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

ences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

....

15 U.S.C. § 1681s-2(a).

FN6. Section 1681s-2(b) provides in relevant part:

(b) Duties of furnishers of information upon notice of dispute

(1) In general

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall-

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-

(i) modify that item of information;

(ii) delete that item of information; or

(iii) permanently block the reporting of that item of information.

....

15 U.S.C. § 1681s-2 (b)(1).

While Plaintiff clearly alleges that Citibank violated both § 1681s-2(a) and § 1681s-2(b) by failing to correct Plaintiff's reported errors and continuing to report those errors, *see* Complaint at 1 (noting "defendant [ ' ]s repeated failure to correct plaintiff's credit report of errors, and ... continu[ed] false reporting of the status [of] an account"), Plaintiff's Complaint is problematic for several reasons. First, there is no evidence that any person or entity other than Plaintiff alleged that information reported was inaccurate. Section 1681s-2(a)(1) makes clear that "[f]or purposes of subparagraph (A), the term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2 (a)(1)(D).

*8 Second, § 1681s-2(a) provides no private right

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

of enforcement of its provisions. *See Chipka,* 355 Fed. Appx. at 383, 2009 WL 4598327, at \*2 ("Congress ... expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b)."); *Gibbs,* 336 F.Supp.2d at 11 ("Pursuant to 15 U.S.C. §§ 1681s-2(c)(1) and 1681s-2(d), enforcement of violations of § 1681s-2(a) is limited exclusively to designated state and federal officials. Consequently, courts have held that there is no private action for violations of § 1681s-2(a)."); *Whisenant v. First Nat'l Bank & Trust Co.,* 258 F.Supp.2d 1312, 1316 (N.D.Okla.2003)("Congress did not create a private right of action for violations of [ § 1681s-2(a) ], providing at 15 U.S.C. § 1681s-2(d) that such violations 'shall be enforced exclusively ... by the Federal agencies and officials and State officials identified in that section.' "); *Aklagi v. Nationscredit Fin. Servs. Corp.,* 196 F.Supp.2d 1186, 1192 (D.Kan.2002)(noting that plaintiffs had no private right of action under § 1681s-2(a) because "subsection (c) eliminates remedies to consumers for violations of subsection (a), and subsection (d) provides that the duties imposed under subsection (a) can be enforced only by government agencies and officials"); *Carney,* 57 F.Supp.2d at 502 ("The FCRA limits enforcement of subsection (a) of § 1681s-2 governing supplying accurate information exclusively to certain federal and/or state officers."). Thus, because Plaintiff has no private right of action, his Complaint fails to state a claim under § 1681s-2(a). *See Carney,* 57 F.Supp.2d at 502; *see also Gibbs,* 336 F.Supp.2d at 11 (noting that, to extent plaintiff purported to state claim challenging provision of inaccurate information under § 1681s-2(a), "that claim must be dismissed as there is no private right of action"); *Aklagi,* 196 F.Supp.2d at 1192 (noting that plaintiffs have no private cause of action for defendant's "arguable violations of subsection (a)").

Third, with regard to subsection (b) of § 1681s-2, "[t]he majority of courts that have considered the issue have concluded that there is a private cause of action under § 1681s-2(b) as there is no statutory ban on such a claim." *Gibbs,* 336 F.Supp.2d at 11 (alteration in original)(internal quotation marks omitted); *see also Whisenant,* 258 F.Supp.2d at 1316 (noting that "[a] private right of action does exist for violations of this set of duties [under § 1681s-2(b) ]"). However, such private right of action is triggered "only if the furnisher received notice from a consumer reporting agency, as opposed to the plaintiff alone, that the credit information was disputed." *Chiang,* 634 F.Supp.2d at 167; *see also Whisenant,* 258 F.Supp.2d at 1316 ("Courts have consistently held that a furnisher's duty under § 1681s-2(b) is triggered only after the furnisher receives notice of the dispute from a consumer reporting agency.")(internal quotation marks omitted); *Carney,* 57 F.Supp.2d at 502 ("The duties described in subsection (b) of § 1681s-2 are triggered only upon notice received from a consumer reporting agency, not the consumer....").

\*9 Here, Plaintiff has not alleged that a credit reporting agency notified Citibank of any dispute, thereby triggering Citibank's duty to investigate and take corrective measures. *See Whisenant,* 258 F.Supp.2d at 1316 ("In the absence of such notification, no duty arises."). Rather, he alleges that he reported the claimed error to Citibank. *See* Complaint ¶ 5 ("This case arises out of defendant's repeated misreporting of a payment history by Citibank ... on plaintiff's credit reports, despite plaintiff's repeated protests to Citibank ... that the account reporting should be deleted."). Accordingly, his claim based on violation of § 1681s-2(b) should be dismissed. *See Gibbs,* 336 F.Supp.2d at 11 ("In the instant case, Gibbs has not alleged that he contacted any credit reporting agency or that the agency, in turn, got in touch with any of the defendants. Under such circumstances, a complaint brought under § [1681s-]2(b) should be dismissed."); *Carney,* 57 F.Supp.2d at 502 ("Moreover, plaintiff has not alleged that a consumer reporting agency notified [defendants] so as to trigger any duty under § 1681s-2(b). Thus,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 10

Slip Copy, 2010 WL 2803952 (D.R.I.)
(Cite as: 2010 WL 2803952 (D.R.I.))

plaintiff fails to state a claim under 15 U.S.C. § 1681s-2(b).").

The Court finds that Plaintiff's Complaint fails to state a claim under either § 1618s-2(a) or § 1618s-2(b) and, therefore, should be dismissed. I so recommend.

**D. Summary**

The Court finds that Plaintiff's claims are barred by the doctrine of res judicata. The Court further finds that the Complaint is time-barred. Finally, the Court finds that Citibank is not a credit reporting agency but is, rather, a furnisher of information. Plaintiff's Complaint fails to allege facts sufficient to state a claim against Citibank as a furnisher of information. There is no private right of action under § 1618s-2(a), and Plaintiff has not alleged that a credit reporting agency notified Citibank of a dispute, thereby triggering Citibank's duties under § 1618s-2(b). Therefore, the Complaint fails to state a claim under § 1618s-2(a) or (b).

**IV. Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. *See* Fed.R.Civ.P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. *See United States v. Valencia-Copete,* 792 F.2d 4, 6 (1st Cir.1986); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980).

D.R.I.,2010.
Regus v. Citibank (S.D.), N.A.
Slip Copy, 2010 WL 2803952 (D.R.I.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.