# EXHIBIT 5

Westlaw.

Page 1

Slip Copy, 2009 WL 1208178 (E.D.Va.)
(Cite as: 2009 WL 1208178 (E.D.Va.))

C
Only the Westlaw citation is currently available.

United States District Court, E.D. Virginia,
Richmond Division.
Joyce and Richard YARISH, Plaintiffs,
v.
DOWNEY FINANCIAL CORPORATION, et al.,
Defendants.
Civil Action No. 3:08-CV-00380-HEH.

April 28, 2009.

West KeySummary
**Credit Reporting Agencies 108A ⇐4**

108A Credit Reporting Agencies
    108Ak4 k. Actions by or Against Agency. Most Cited Cases
Loan applicants were not required to allege in their complaint the particular date they discovered an alleged violation of the Fair Credit Reporting Act (FCRA) by the financial institution that allegedly failed to supply certain information back to the applicants regarding their credit scores, in order to state a cause of action under the FCRA. While the financial institution argued that the statute of limitations period required all potential plaintiffs to file claims within two years from discovering an alleged violation of the FCRA, determining whether the requirement was met was impossible at this early stage of litigation. As the alleged violation was that the financial institution failed to disclose the required credit score information as soon as reasonably practicable and the date of the violation was not yet ascertained, there was no way to conclude whether the suit was outside the limitations period. Fair Credit Reporting Act, § 609(g)(1), 15 U.S.C.A. § 1681g(g)(1).

Matthew James Erausquin, Leonard Anthony Bennett, Consumer Litigation Assoc. PC, Newport News, VA, for Plaintiffs.

John Curtis Lynch, Jonathan Stuart Hubbard, Alan Durrum Wingfield, Troutman Sanders LLP, Norfolk, VA, for Defendants.

*MEMORANDUM OPINION*

(Denying Defendant's Motion to Dismiss)

HENRY E. HUDSON, District Judge.

*1 THIS MATTER comes before the Court on a Motion to Dismiss Count One of the Second Amended Complaint, filed on February 27, 2009, by Defendant Downey Savings & Loan Association ("Downey"). The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process. For the reasons stated herein, the Court will deny Downey's Motion.

**I. BACKGROUND**

This dispute arises from Plaintiff's application for a residential mortgage loan with Downey in May 2005.[FN1] Plaintiffs allege that Downey obtained and used a credit report regarding Plaintiffs as part of its evaluation of their loan application. Plaintiffs allege that on May 10, 2005, the three national credit reporting agencies provided six credit scores and twenty-four key reason factors concerning Plaintiffs to Downey. Plaintiffs assert, however, that Downey failed to disclose certain information related to the credit scores and key reason factors as required by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681g(g). Plaintiffs filed their Complaint on June 19, 2008.

    FN1. Downey Financial Corporation, a bank holding company that owns Downey, is also named as a defendant in the case. Downey Financial Corporation filed a Suggestion of Bankruptcy on December 14,

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1208178 (E.D.Va.)
(Cite as: 2009 WL 1208178 (E.D.Va.))

Page 2

2008, and the case was stayed as to Downey Financial Corporation pursuant to 11 U.S.C. § 362.

Downey filed its Motion to Dismiss asserting that Count One in Plaintiffs' Second Amended Class Complaint is barred by the statute of limitations. Downey maintains that Plaintiffs failed to plead affirmatively that they filed their Complaint within the two-year statute of limitations prescribed by the FCRA. In the alternative, Downey claims that Plaintiffs knew or should have known about their claim no later than June 24, 2005-the date of their loan closing-and thus their claim is barred.

## II. *STANDARD OF REVIEW*

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). A complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (internal quotation marks omitted). In considering a motion to dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint are true and construe them in the light most favorable to the plaintiff." *Martin,* 980 F.2d at 952.

The assertion that the statute of limitations bars a particular claim is an affirmative defense. Fed.R.Civ.P. 8(c). Affirmative defenses are generally not considered on a motion to dismiss. *Chisolm v. The T.J.X. Co., Inc.,* 286 F.Supp.2d 736, 739 (E.D.Va.2003). When considering a motion to dismiss, the court may properly dismiss a complaint only when "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem,* 85 F.3d 178, 181 (4th Cir.1996) (citing *Richmond Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir.1993)). The Court may grant this Motion only if the expiration of the limitations period clearly appears on the face of the complaint. *Suarez Corp. Indus. v. McGraw,* 125 F.3d 222, 229 (4th Cir.1997).

## II. *ANALYSIS*

*2 The FCRA requires any person who makes or arranges loans and who uses a consumer credit score in connection with a loan application to disclose certain information related to the credit score to the consumer "as soon as reasonably practicable." 15 U.S.C. § 1681g(g)(1). The required disclosures include the consumer's current or most recent credit score; the range of possible credit scores under the model used; the key factors that adversely affected the consumer's credit score; the date on which the credit score was created; and the name and contact information of the entity that provided the credit score. *Id.* § 1681(f)(1)(A)-(E).

Plaintiffs alleging FCRA violations must file their claims no later than the earlier of:

1) 2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or

2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p. Thus, the statute creates an absolute limitations period whereby a claim may not be brought more than five years after the violation. A FCRA plaintiff, however, only has two years from the date he discovers the violation to file his claim. Downey does not contend that Plaintiffs filed their Complaint beyond the five-year limitations period. Instead, it asserts that Plaintiffs filed their claim more than two years after discovering the alleged FCRA violation.

Downey first argues that the statute of limitations

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 1208178 (E.D.Va.)
(Cite as: 2009 WL 1208178 (E.D.Va.))

Page 3

prescribed by the FCRA is a jurisdictional requirement, and, therefore, Plaintiffs must plead adequate facts to establish the Complaint was filed within the limitations period. The Court finds no authority supporting Downey's proposition as it applies to 15 U.S.C. § 1681p. To support its argument, Downey cites an opinion of this Court, *Broccuto v. Experian Info. Solutions, Inc.*, 2008 U.S. Dist. Lexis 37079 (E.D.Va.2008). The Court in *Broccuto*, however, did not hold that a FCRA plaintiff must affirmatively plead that she filed her FCRA action within the statute of limitations. Instead, the Court stated that a plaintiff must merely plead adequate facts to establish the existence of federal jurisdiction. *Id.* at *4.

Indeed, the Court stated that the FCRA's limitations period does not commence until a "consumer learns information which appears to be normally within the province of the bank or credit reporting agency and not easily discovered by the consumer." *Id.* at *9 n. 1. Thus, the Court noted that "it would be difficult to determine exactly when a consumer discovered a FCRA violation at such an early stage of the litigation" for the purposes of determining whether a FCRA claim was barred by the statute of limitations. *Id.* In this case, the alleged violation occurred when Downey failed to disclose the required credit score information as soon as reasonably practicable. However, the date of the violation is yet to be ascertained. Therefore, the Court cannot, at this stage, determine from the face of the Complaint that Plaintiffs filed their action after the expiration of the limitations period.

*3 Second, Downey contends that Plaintiffs must plead compliance with a statute of limitation when "the plaintiff's claim has been created by a statute that extinguishes the right of action as well as the remedy if the suit is not brought within a certain period." The only case Downey cites for this proposition, *Chisolm v. The T .J.X. Co., Inc.*, 286 F.Supp.2d 736 (E.D.Va.2003), is distinguishable from the present case. *Chisolm* involved continuing violations of federal civil rights laws that clearly extended beyond the two-year limitations period. *Chisolm*, 286 F.Supp.2d at 740. In ordering the plaintiff to file an amended complaint, the Court found it was "highly doubtful on the face of the complaint" that all of the alleged events occurred within the applicable limitations period. *Id.* The Court ordered the plaintiff to file an amended complaint providing some reference in time for the events, which were easily ascertainable by the plaintiff, supporting the alleged continuing violation. *Id.* Unlike *Chisolm*, Plaintiffs cannot easily ascertain at this stage of the litigation the time it became "reasonably practicable" for Downey to make the requisite disclosures under 15 U.S.C. § 1681g(g)(1).

Finally, Downey claims that Plaintiffs' claim is time-barred because they received inquiry notice of their claim no later than June 24, 2005, when they closed on their loan. In support of this argument, Downey attached two documents Plaintiffs signed at their closing authorizing Downey to obtain consumer credit reports to verify their credit. While the Court's review of Downey's Motion is limited to the four corners of the Complaint, these documents do not establish that Plaintiffs knew or should have known of their claim. The documents contain no reference to Downey's disclosure requirements under the FCRA; they merely notify Plaintiffs that Downey may obtain a consumer credit report in connection with their loan. Even if properly presented to support the Motion, the documents do not bolster Downey's argument that the limitations period commenced more than two years before Plaintiffs filed their Complaint.

Plaintiffs' Complaint contains sufficient facts to survive Downey's Motion to Dismiss under Rule 12(b)(1) and 12(b)(6). The Complaint adequately states a claim against Downey for which relief may be granted and provides Downey with fair notice of the claim. Further, the Court cannot determine from the face of the Complaint that Plaintiffs' claim is time-barred. Accordingly, Downey's Motion will be denied.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

Slip Copy, 2009 WL 1208178 (E.D.Va.)
(Cite as: **2009 WL 1208178 (E.D.Va.)**)

An appropriate Order will accompany this Memorandum Opinion.

E.D.Va.,2009.
Yarish v. Downey Financial Corp.
Slip Copy, 2009 WL 1208178 (E.D.Va.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.