IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOMAS E. HALL, et al.,

        Plaintiffs,

vs.

VITRAN EXPRESS, INC.,

        Defendant.

CASE NO. 1:09-CV-00800

JUDGE DAN AARON POLSTER

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

\* \* \* \*

Pursuant to Rules 33 and 34 of the of the Federal Rules of Civil Procedure, Plaintiffs, Thomas E. Hall and the putative class propound the following First Set of Interrogatories and Request for Production of Documents upon Defendant, Vitran Express, Inc.

**INSTRUCTIONS AND DEFINITIONS**

1.    Within thirty (30) days of the date of service of Plaintiffs' First Set of Interrogatories and Request for Production of Documents, the Interrogatories are to be answered under oath and returned to the undersigned attorneys for Plaintiffs and each document requested in the Request for Production of Documents shall be produced at the offices of Stumphauzer | O'Toole, 5455 Detroit Road, Sheffield Village, Ohio 44054, attention Matthew A. Dooley. Where documents are requested, production shall be made with the exception of those being entitled to privileged, of all documents in the possession of Defendant and/or in the possession of Defendant's agents, employees, representatives and attorneys.  Where a document is not produced, identify it fully, state the reason it is not being produced and the privilege being

EXHIBIT A

claimed.

2.      The terms "Defendant," "Vitran," "you," and "your" shall mean Vitran Express, Inc., together with its officers, directors, employees, representatives, agents, attorneys, successors and assigns.

3.      The term "Plaintiff" shall mean Plaintiff, Thomas E. Hall and all others similarly situated.

4.      The term "person" shall mean a natural person, business entity or entity of any type.

5.      The term "facts" shall mean all circumstances, events, opinions (lay or expert) and evidence pertaining to the matter in question.

6.      The term "subject criminal background report" shall mean all criminal background reports prepared by Vitran regarding Plaintiff or any individual named Thomas E. Hall, including but not limited to USIS Order Nos. 49057426 and 51153988.

7.      The term "document" shall mean, without limitation, the original and any and all drafts and copies of any writings or material of any kind and your possession, custody or control of you or your agents, including electronic copies of such material in its native form, including but not limited to, any and all writings, printings or recordings (whether graphic, photographic, or sound reproduction), books, records, reports, telephone receptionist messages, notes, memoranda, transmittals, acknowledgments, e-mails, correspondence, interoffice and intra-office communications, manuals, data, notebooks, work papers, drafts, diaries, calendars, appointment books, transcripts, telegrams, cables, telexes, schedules, graphs, pleadings, opinions, studies, analyses, summaries, bulletins, instructions, minutes, videotape recordings, cassette recordings, questionnaires, surveys, register tapes, drawings, sketches, computer tapes, cards, computer

EXHIBIT A

printouts, computer disks, microfilms, authorizations, checks, canceled checks, and any and all other written, printed, typed or otherwise recorded material of whatever nature, all documents within the meaning of Fed. R. Civ. P 34, and each copy of the foregoing which contain handwritten notations or which is for any other reason identical.  Compliance with the request for production of documents portions of this discovery request can be made by forwarding to the office of counsel for Plaintiff for inspection and copying all documents responsive to the request within thirty (30) days from the date hereof, or by delivery of copies of same within the same time period.

8.     When requested to identify or describe a document, please state:

    a.     A brief description of the document (i.e., memoranda, drawing, letter, et cetera);

    b.     The date of the document;

    c.     The identity of each author, addressee or recipient;

    d.     The title, file number or other identifying document;

    e.     The location of the document and the identity of the present custodian.

9.     When you are asked to identify or name a person, please state if the person is a natural person, in addition to his or her full name, his or her present residence address, and his or her telephone number.  If the person referred to is a business entity or entity of another type, please state, in addition to the full name of the entity, the present business address of the entity and its telephone number.

10.     These Interrogatories and Request for Production of Documents shall be deemed to be continuing and require that you serve, in the form of supplementary answers or responses, any information and documents requested herein which are unavailable to you, or of which you

EXHIBIT A

are unaware, at the time you submit your answers and responses, but which become available to you, or of which you become aware, up to and including the time of trial.  Similarly, any information provided in answers to these Interrogatories which are later found to be incorrect or incomplete or to have become incorrect or incomplete because of changed circumstances shall be corrected or completed by means of supplementary answers.  Unless otherwise specified, each Interrogatory calls for information through the date on which the answer or response to that Interrogatory is served.  If any change occurred or occurs during the relevant period which affects the correctness, accuracy or intelligibility of any answers to any of these Interrogatories (e.g. a change in the identity of the officers or directors of a corporation), the exact nature of each change and the date thereof should be set forth in each supplementary answer to each such Interrogatory.

## INTERROGATORIES

1.     State the name, address, and telephone number of the Vitran or PJax employee or agent answering the following interrogatories and request for production of documents.

**ANSWER:**

2.     Provide the corporate identities and addresses of all Vitran subsidiaries, associated entities, integrated entities, or any other business entities in which Vitran has an ownership interest.

**ANSWER:**

4

EXHIBIT A

3.      Provide the names and addresses of all recruiting personnel, human resource personnel or other employees who process any of the following documents pertaining to job applicants seeking employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:

      a.      Requests for criminal background reports, driving records or any other consumer report;

      b.      Job applications received electronically, orally, by facsimile, or by mail; and

      c.      Job applications received in-person.

**ANSWER:**

4.      Provide the names and addresses of all applicants who applied for employment in person with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2007 through the present.

**ANSWER:**

5.      Provide the names and addresses of all applicants who applied for employment via telephone with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2. from April 7, 2004 through the present.

EXHIBIT A

**ANSWER:**

      6.     Provide the names and addresses for all applicants who applied via facsimile for employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2. from April 7, 2004 through the present.

**ANSWER:**

      7.     Provide the names and addresses for all applicants who applied via mail for employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2. from April 7, 2004 through the present.

**ANSWER:**

      8.     Provide the names and addresses for all applicants who applied via internet for employment with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2. from April 7, 2004 through the present.

**ANSWER:**

EXHIBIT A

9.      Provide the following information pertaining to policies regarding the procurement and handling of criminal background reports utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:

      a.      The date was the policy first created;

      b.      Identify individuals who drafted and/or revised the policy;

      c.      Identify any changes made to the policy (inclusive of what was added, deleted, or replaced) and provide the dates of such changes; and

      d.      Identify the individuals who have access to and whose function is to review criminal background reports from April 7, 2004 through the present.

**ANSWER:**

10.      Provide the following information pertaining to any pre-adverse action notification policies utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:

      a.      The date was the policy first created;

      b.      Identify individuals who drafted and/or revised the policy;

      c.      Identify any changes made to the policy (inclusive of what was added, deleted, or replaced) and provide the dates of such changes; and

EXHIBIT A

       d.      Identify the individuals responsible for implementing the pre-adverse action policy.

**ANSWER:**

11.    Provide the following information pertaining to any post-adverse action policies utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2:

       a.      The date was the policy first created;

       b.      Identify individuals who drafted and/or revised the policy;

       c.      Identify any changes made to the policy (inclusive of what was added, deleted, or replaced) and provide the dates of such changes; and

       d.      Identify the individuals responsible for implementing the post-adverse action policy.

**ANSWER:**

12.    Provide the name and address of the employee(s) who attempted to contact Thomas E. Hall by telephone to advise him that an employment position was available for him after January 15, 2008, together with the date(s) on which such attempt(s) was made, as represented by Vitran's representative at the case management conference.

**ANSWER:**

8

EXHIBIT A

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Provide all written policies pertaining to the procurement and handling of criminal background reports obtained for employment decisions, including:

      a.      The present policy and each previous policy if the present policy has been modified;

      b.      Any training manual, checklist or reference document used by employees of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who procure and handle said reports; and

      c.      Any documentation pertaining to any employee of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who has violated such policy and/or which establishes any action to correct said violations.

**RESPONSE:**

2.      Provide all written policies pertaining to pre-adverse action, including:

      a.      The present policy and each previous policy if the present policy has been modified;

      b.      Any training manual, checklist or reference document used by employees of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who are required to comply with said policy; and

      c.      Any documentation pertaining to any employee of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who has violated said policy and/or which establishes any action to correct said violations.

9

EXHIBIT A

**RESPONSE:**

3.      Provide all written policies pertaining to post-adverse action, including:

    a.      The present policy and each previous policy if the present policy has been modified;

    b.      Any training manual, checklist or reference document used by employees of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who are required to comply with such policy; and

    c.      Documentation pertaining to any employee of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 who has violated said policy and/or which establishes any action to correct said violations.

**RESPONSE:**

4.      Provide the "Statement of Rights" utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and provided to job applicants when required under the Fair Credit Reporting Act.

**RESPONSE:**

5.      All documents pertaining to job applicants who applied in-person for positions with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present, including but not limited to applications for employment,

10

EXHIBIT A

inquiries to past employers, applicant checklists, and criminal background reports pertaining to each applicant.  Further, for the above in-person applicants, provide:

      a.      All emails, faxes, written correspondence, written documentation and notes to and from Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 to and from any applicant, including documents which pertain to the results of a criminal background report and the applicant's employability as a result of the criminal background report;

      b.      Any documentation which establishes that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 implemented a pre-adverse policy for in-person applicants who were denied employment based on a criminal background report; and

      c.      All telephone records, emails or any other documents, which establish Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 contacted job applicants about adverse hiring decisions.

**RESPONSE:**

6.      All files pertaining to job applicants who applied via telephone, via fax, or via email for positions with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present, including but not limited to applications for employment, inquiries to past employers, applicant checklists, and criminal background reports pertaining to each job applicant.  Further, for the above applicants, provide:

      a.      The telephonic, facsimile, email, or internet application;

      b.      All emails, faxes, written correspondences, written documentation and notes to and from Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 to and from any applicant, including documents pertaining to the results of a criminal background report and the applicant's employability as a result of the criminal background report;

EXHIBIT A

c.      Any documentation which establishes that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 implemented an adverse action policy for job applicants who were denied employment based upon the results of a criminal background report; and

d.      All telephone records, emails or any other documents, which establish Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 contacted job applicants about its adverse hiring decision.

**RESPONSE:**

7.      Telephone records which establish that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 called or attempted to call Thomas E. Hall about an employment opportunity after January 15, 2008.

**RESPONSE:**

8.      Contracts, Memorandum of Understanding or other documentation which establish obligations of the parties between Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and USIS or any other consumer reporting agency that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 uses to procure criminal background reports.

**RESPONSE:**

EXHIBIT A

9.      Documents which demonstrate that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 certified to USIS or any other consumer reporting agency that Vitran/PJax uses to procure criminal background reports that Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 will comply with the FCRA as an end-user of such reports.

**RESPONSE:**

10.      Native electronic versions of the following:

    a.   Policies pertaining to the procurement and handling of criminal background reports utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2;

    b.   Policies pertaining to pre-adverse notification applicants utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2; and

    c.   Policies pertaining to post-adverse action notification to applicants utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2.

**RESPONSE:**

13

EXHIBIT A

11.     Native electronic versions of internet-based applications for employment for positions with Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 from April 7, 2004 through the present.

**<u>RESPONSE:</u>**

12.     Native (.eml or similar format) copies of emails from April 7, 2004 through the present between recruitment or human resource personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and other personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 regarding or relating in any way to adverse hiring decisions based upon the results of criminal background reports.

**<u>RESPONSE:</u>**

13.     Native (.eml or similar format) copies of emails from April 7, 2004 through the present between recruitment or human resource personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2 and job applicants regarding decisions not to hire said applicants based upon the results of a criminal background report.

**<u>RESPONSE:</u>**

14.     Native versions of the "Application for Employment", "Inquiry to Past Employers" and "Applicant Checklist-Driver [or any other position]" or similar documents utilized by Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2.

**<u>RESPONSE:</u>**

14

EXHIBIT A

15.     Native version of the "Statement of Rights" provided to job applicants who are denied employment based upon the results of a criminal background report.

**RESPONSE:**

16.     Audio recordings of conversations between job applications and personnel of Vitran, PJax, or any other entity identified in your response to Interrogatory No. 2  from April 7, 2004 through the present regarding any matter related to the applicants' employability.

**RESPONSE:**

Respectfully submitted,

STUMPHAUZER, O'TOOLE, McLAUGHLIN,
McGLAMERY & LOUGHMAN CO., LPA

By:     _____
        Dennis M. O'Toole (0003274)
        Anthony R. Pecora (0069660)
        Matthew A. Dooley (0081482)

15

EXHIBIT A

Attorneys for Defendants
5455 Detroit Road
Sheffield Village, Ohio  44054
Telephone:      (440) 930-4001
Facsimile:      (440) 934-7208
Email:          dotoole@sheffieldlaw.com
                apecora@sheffieldlaw.com
                mdooley@sheffieldlaw.com

### CERTIFICATE OF SERVICE

I hereby certify that on this ____ day of November 2009, the original and an electronic copy of Plaintiff's First Set of Interrogatories and Requests for Production of Documents has been sent by electronic mail and ordinary U.S. mail, postage prepaid to:

**tmathews@mcdonaldhopkins.com**
Tyler Mathews, Esq.
McDonald Hopkins
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114
*One of the Attorneys for Defendant*

_____
Dennis M. O'Toole
*One of the Attorneys for Plaintiffs*

16

# EXHIBIT A

STATE OF _____          )
                                )       SS.
_____ COUNTY              )              **V E R I F I C A T I O N**


     I, _____, state that I have read the foregoing Answers to Defendant's Interrogatories and Request for Production of Documents and that the facts stated therein are true to the best of my knowledge, information, and belief.

                                         _____


     BEFORE ME, a Notary Public, in and for said County and State, personally appeared _____ who acknowledged that he/she did sign the foregoing instrument and that the same is his/her free act and deed.

     WITNESS my hand and official seal this _____ day of _____, 2009.


                                         _____
                                         Notary Public

**EXHIBIT A**