# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THOMAS E. HALL, on behalf of himself and all others similarly situated, ) ) ) | CASE NO. 1:09-CV-00800 |
| ) | JUDGE POLSTER |
| Plaintiffs, ) ) | |
| vs. ) ) | **DEFENDANT VITRAN EXPRESS, INC.'S PARTIAL MOTION FOR** |
| VITRAN EXPRESS, INC., ) ) | **SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF** |
| Defendant. ) | **LAW** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendant Vitran Express, Inc. ("Vitran") hereby moves to dismiss Counts Six and Seven, which Plaintiff Thomas E. Hall ("Hall") brings pursuant to 15 U.S.C. § 1681m, of Plaintiff's currently filed Amended Complaint (ECF No. 6.)[1] This Court should grant summary judgment on Counts Six and Seven because there is no genuine issue of material fact that Congress eliminated any private right of action under 15 U.S.C. § 1681m when it amended the Fair Credit Reporting Act ("FCRA") in 2003.

In support of the Motion, Vitran states as follows:

## I.   FACTUAL BACKGROUND

Plaintiff filed a four-count Class Action Complaint on April 7, 2009. (Compl., ECF No. 1.) Plaintiff subsequently filed an eight-count Amended Class Action Complaint on July 23, 2009. (Am. Compl. ¶ 2, ECF No. 6.)

Vitran moved to dismiss the Amended Class Action Complaint on August 7, 2009. (Mot.

---

[1] This Court granted Plaintiff's Motion for Leave to File an Amended Complaint on October 30, 2010 (Order, ECF No. 28), but Plaintiff has not yet submitted this Complaint as of the date of the filing of this Motion for Partial Summary Judgment. In that Order, the Court also stated that, "[r]ecognizing that the dispositive motion deadline is imminent, however, the Court will freely grant Defendant leave to extend such deadline upon filing of a motion." (*Id.* at 4.) While Vitran now moves to dismiss Counts Six and Seven, to the extent that other issues arise as a result of the filing of the Second Amended Complaint, Vitran reserves the right to file a subsequent dispositive motion and so moves herein.

{2446949:}

to Dismiss, ECF No. 7.) Vitran argued that Counts One, Two, Four, and Five should be dismissed because the FCRA provides exceptions when an applicant applies by mail, telephone or electronically for a position in the trucking industry. (*Id.* at 2-7.) Vitran also moved to dismiss Count Six and Seven, which Plaintiff brought pursuant to 15 U.S.C. § 1681m, because Congress eliminated a private any private right of action under 15 U.S.C. § 1681m when it amended the Fair Credit Reporting Act ("FCRA") in 2003. (*Id.* at 7-8.) Moreover, Vitran also moved to dismiss Count Three because only a credit reporting agency, and not a prospective employer, can be liable under 15 U.S.C. § 1681b(b)(1). (*Id.* at 4-5.) Finally, Vitran moved to dismiss Count Eight as time-barred because the statute of limitations for defamation under Ohio law is only one year. (*Id.* at 8-9.)

The Court granted in part and denied in part Vitran's Motion to Dismiss on October 5, 2009. (Mem. of Opinion and Order, "Order," ECF No. 6.) Specifically, the Court granted Vitran's Motion to Dismiss Counts Three and Eight. (*Id.* at 3.) The Court denied Vitran's Motion to Dismiss Counts One, Two, and Four through Seven because "[a]t the case management conference Plaintiff stated, and Defendant did not dispute, that Plaintiff applied [for a job at Vitran] in-person." (*Id.*) Yet, Counts Six and Seven – unlike Counts One, Two, Four and Five – did not hinge on whether Plaintiff applied in-person for his position at Vitran. However, the Court did not address Vitran's argument that Counts Six and Seven should be dismissed as a matter of law because Congress eliminated a private any private right of action under 15 U.S.C. § 1681m when it amended the Fair Credit Reporting Act ("FCRA") in 2003.[2]

---

[2] As noted *supra,* the Court granted Plaintiff's Motion to File an Amended Complaint on October 30, 2010. While Plaintiff did not attach a proposed Second Amended Complaint to his Motion, Plaintiff's basis for amendment was premised upon extending the class period from two years prior to commencement of litigation to five years prior to commencement of litigation. (Order at 2.) Accordingly, Vitran's Partial Motion for Summary Judgment is premised upon the assumption that this expansion of the class time period is the only change to Plaintiff's Second Amended Complaint.

## II. LAW AND ARGUMENT

### A. Summary Judgment Standard

Vitran requests that the Court issue an order granting partial summary judgment in its favor on Counts Six and Count Seven of Plaintiff's Second Amended Complaint. "Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law." *Macy v. Hopkins County Sch. Bd.,* 484 F.3d 357, 363 (6th Cir. 2007). The moving party bears the burden of demonstrating that there are no genuine issues of material fact, which may be done by pointing out that there is an absence of evidence to support the nonmoving party's case. *Id.* The nonmoving party must then put forth "significantly probative" evidence supporting its claims in order to defeat summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Summary judgment is "properly regarded not as a disfavored procedural shortcut but, rather, as an integral part of the Civil Rules as a whole which are designed to secure a just, speedy and inexpensive determination in an appropriate action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Based on the undisputed record evidence in this case, Vitran is entitled to summary judgment on Counts Six and Seven of Plaintiff's Second Amended Complaint.

### B. Plaintiff Cannot Prevail On Counts Six or Seven Because Congress Eliminated a Private Right of Action Under § 1681(m) in 2003

Counts Six and Seven of Plaintiff's Second Amended Complaint allege violations of 15 U.S.C. § 1681m (Am. Compl. ¶¶ 53, 58). On December 4, 2003, Congress enacted the Fair and Accurate Credit Transaction Act of 2003 ("FACTA"), 20 U.S.C. § 1681 *et seq. See Floyd-Keith v. Homecomings Fin., LLC,* No. 2:09cv769, 2010 WL 3927596, at *8 (M.D. Ala. Sept. 17, 2010). Prior to the enactment of FACTA, persons failing to comply with § 1681m were subject

to both administrative and private enforcement actions. *Id.* (citation omitted). However, § 1681m(h)(8), which provides as follows, eliminated private enforcement under § 1681m:

> Enforcement
>
> (A) **No civil actions**. Sections 616 and 617 [15 U.S.C. §§ 1681n and 1681o] shall not apply to any failure by any person to comply with this section.
>
> (B) Administrative enforcement. This section shall be enforced *exclusively* under section 621 [15 U.S.C. § 1681s] **by the Federal agencies and officials** identified in that section.

(Emphasis added).

"The unambiguous language of § 1681m(h)(8) demonstrates that Congress intended to preempt private causes of action to enforce § 1681m." *Perry v. First Nat'l Bank,* 459 F.3d 816, 823 (7th Cir. 2006). While the Sixth Circuit has not yet held that Congress eliminated a private right of action under § 1681m, the Seventh Circuit has stated that "[s]o far as we are aware, every district court considering this issue – save one – has found that 15 U.S.C. § 1681m(h)(8) bars private enforcement of § 1681m in its entirety." *Id.* (citing *Bruce v. Grieger's Motor Sales, Inc.*, 422 F. Supp. 2d 988, 990-93 (N.D. Ind. 2006); *Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053, 1060-62 (N.D. Cal. 2006); *Stavroff v. Gurley Leep Dodge, Inc.*, 413 F. Supp. 2d 962, 963-67 (N.D. Ind. 2006); *Murray v. Cross Country Bank*, 399 F. Supp. 2d 843, 845 (N.D. Ill. 2005); *Murray v. Household Bank (SB), N.A.*, 386 F. Supp. 2d 993, 996-99 (N.D. Ill. 2005); *Bonner v. Home123 Corp.*, No. 2:05-CV-146 PS, 2006 WL 1518974, at *3-6 (N.D. Ind. May 25, 2006); *Cavin v. Home Loan Center, Inc.*, No. 05 C 4987, 2006 WL 1313191, at *7 (N.D. Ill. May 10, 2006); *Harris v. Fletcher Chrysler Prods., Inc.*, No. 1:05-cv-1140-LJM-VSS, 2006 WL 279030, at *1-3 (S.D. Ind. Feb.2, 2006); *Killingsworth v. Household Bank (SB), N.A.*, No. 05C5729, 2006 WL 250704, at *3-4 (N.D. Ill. Jan.31, 2006); *Villagran v. Freeway Ford,*

*Ltd.*, No. Civ. A. H-05-2687, 2006 WL 964731, at *1 (S.D. Tex. Jan.19, 2006); *Tremble v. Town & Country Credit Corp.*, No. 05 C 2625, 2006 WL 163140, at *1-3 (N.D. Ill. Jan.18, 2006); *Hernandez v. Citifinancial Servs., Inc.*, No. 05 C 2263, 2005 WL 3430858, at *2-6 (N.D. Ill. Dec.9, 2005); *McCane v. America's Credit Jewelers, Inc.*, No. Civ.A. 05 C 5089, 2005 WL 3299371, at *1-7 (N.D. Ill. Dec. 1, 2005); *Pietras v. Curfin Oldsmobile, Inc.*, No. Civ.A. 05 C 4624, 2005 WL 2897386, at *2-5 (N.D. Ill. Nov.1, 2005).

In the wake of *Perry,* numerous district courts – including at least one court in the Sixth Circuit – have held that 15 U.S.C. § 1681m(h)(8) bars private enforcement of § 1681m in its entirety. *See, e.g., Tobler v. Equifax,* No. 08-cv-12610, 2009 WL 1491046 (E.D. Mich. May 27, 2009); *Floyd-Keith,* 2010 WL 3927596, at *8; *Banga v. Allstate Ins. Co.,* No. CIV 2-08-1518, 2010 WL 1267841, at *2 (E.D. Cal. March 31, 2010); *Meyers v. Freedom Credit Union*, No. 05-3526, 2007 WL 2753172 (E.D.Pa. Sept. 21, 2007); *Gelman v. State Farm Mut. Auto. Ins. Co.,* No. 06-5118, 2007 WL 2306578, at * 28 (E.D. Pa. Aug 9, 2007) ("However, every other federal court that has considered this issue, including one within this district . . . has concluded that the FACTA amendments eliminated the private right of action to enforce the § 1681m(d) disclosure requirements."); *Soroka v. JP Morgan Chase & Co.*, 500 F. Supp. 2d 217, 223 (S.D.N.Y. 2007); *White v. E-Loan, Inc.*, 409 F.Supp.2d 1183, 1187 (N.D.Cal. 2006) (explaining that FACTA amended the FCRA to make it clear that there is no private right of action for violations of § 1681m).

Accordingly, in light of the overwhelming weight of federal case authority holding that plaintiffs have no private right of action under § 1681m, there is no genuine issue of material fact that this Court should grant Vitran's Partial Motion for Summary Judgment on Counts Six and Seven.

## **CONCLUSION**

For the foregoing reasons, it is respectfully submitted that this Court should grant Vitran's Partial Motion for Summary Judgment on Counts Six and Seven.

> Respectfully submitted,
>
> /s/ Tyler L. Mathews
> William J. O'Neill (0029936)
> Tyler L. Mathews (0063759)
> Jennifer D. Armstrong (0081090)
> McDONALD HOPKINS LLC
> 600 Superior Avenue, East
> Suite 2100
> Cleveland, Ohio  44114
> Phone:  (216) 348-5400
> Fax:     (216) 348-5474
> E-mail: woneill@mcdonaldhopkins.com
> tmathews@mcdonaldhopkins.com
> jarmstrong@mcdonaldhopkins.com
>
> Attorneys for Defendant Vitran Express, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of November, 2010, a copy of the foregoing ***Defendant Vitran Express, Inc.'s Partial Motion for Summary Judgment and Incorporated Memorandum of Law*** was filed electronically.  Notice of the filing will be sent by operation of the Court's electronic filing system.

/s/Tyler L. Mathews
Tyler L. Mathews (0063759)

One of the Attorneys for Defendant
Vitran Express, Inc.