**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THOMAS E. HALL, on behalf of himself and all others similarly situated, ) ) ) | CASE NO. 1:09-CV-00800 |
| Plaintiffs, ) ) | JUDGE POLSTER |
| vs. ) ) | **ANSWER AND AFFIRMATIVE DEFENSES** |
| VITRAN EXPRESS, INC., ) ) | |
| Defendant. ) | (Jury Demand Endorsed Hereon) |

Defendant Vitran Express, Inc. ("Defendant") hereby answers the Second Amended Complaint as follows:

1. Defendant admits that Plaintiff purports to bring this action pursuant to the Fair Credit Reporting Act ("FCRA") and that it seeks class certification. Further answering, Defendant denies the balance of the allegations contained in Paragraph 1 of the Second Amended Complaint.

2. The allegations contained in Paragraph 2 of the Second Amended Complaint are a statement of law for which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 2 of the Second Amended Complaint.

3. The allegations contained in Paragraph 3 of the Second Amended Complaint are a statement of law for which no response is required. To the extent a response is required, Defendant admits the allegations contained in Paragraph 3 of the Second Amended Complaint.

4. In response to Paragraph 4 of the Second Amended Complaint, Defendant denies knowledge or information sufficient enough to form a response thereto and therefore denies same.

5. Defendant admits the allegations contained in Paragraph 5 of the Second Amended Complaint.

6. The allegations contained in Paragraph 6 of the Second Amended Complaint are legal conclusions for which no response is required. If a response is required, Defendant denies the allegations contained in Paragraph 6 of the Second Amended Complaint.

7. In response to Paragraph 7 of the Second Amended Complaint, Defendant admits that Hall applied for a commercial truck driver position on or about January 9, 2008, but denies the balance of the allegations for want of knowledge or information sufficient to form a belief as to the truth thereof.

8. In response to Paragraph 8 of the Second Amended Complaint, Defendant admits that Hall signed a document, which document speaks for itself.

9. In response to Paragraph 9, Defendant admits that it ordered and received a background check pertaining to Hall from USIS Commercial Services, Inc., denies that it was unauthorized, and denies the balance of the allegations contained in Paragraph 9 of the Second Amended Complaint for want of knowledge.

10. In response to Paragraph 10 of the Second Amended Complaint, Defendant admits that it did not hire Hall at that time.

11. Defendant denies the allegations contained in Paragraph 11 of the Second Amended Complaint for the reason that it did verbally advise Hall of the reason it took the adverse action.

12. Defendant denies the allegations contained in Paragraph 12 of the Second Amended Complaint for the reason that Defendant did verbally advise Hall of the reason of the adverse action. Defendant denies knowledge or information sufficient enough to form a

response to the balance of the allegations contained in Paragraph 12 of the Second Amended Complaint and therefore denies the same.

13. In response to Paragraph 13, Defendant only admits that it has obtained background reports in the past for certain job applicants, but denies the balance of the allegations contained in Paragraph 13 of the Second Amended Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Second Amended Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Second Amended Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Second Amended Complaint.

17. The allegations contained in Paragraph 17 contain a statement of law for which no response is required. Further answering, Defendant denies that Plaintiffs are entitled to recover the relief and/or damages sought therein.

18. Defendant denies the allegations contained in Paragraph 18 of the Second Amended Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Second Amended Complaint, including sub-parts (a)-(d).

20. Defendant denies the allegations contained in Paragraph 20 of the Second Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Second Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Second Amended Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Second Amended Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Second Amended Complaint, including subparts (a)-(i).

25. Defendant denies the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Second Amended Complaint.

## **COUNT ONE**

27. In response to Paragraph 27 of the Second Amended Complaint, Defendant incorporates by reference its preceding admissions and denials as if fully rewritten herein.

28. In response to Paragraph 28 of the Second Amended Complaint, Defendant admits that it did not provide a copy of the alleged report to Hall, denies that this was willful, and further denies that the provisions of FCRA cited in Paragraph 28 of the Second Amended Complaint apply to it on a class-wide basis.

29. The allegations contained in Paragraph 29 of the Second Amended Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 29 of the Second Amended Complaint.

30. The allegations contained in Paragraph 30 of the Second Amended Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 30 of the Second Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Second Amended Complaint.

## COUNT TWO

32. In response to Paragraph 32 of the Second Amended Complaint, Defendant incorporates by reference its preceding admissions and denials as if fully rewritten herein.

33. In response to Paragraph 33 of the Second Amended Complaint, Defendant admits that it did not provide the alleged summary to Hall, denies that this was willful, and further denies that the provisions of the FCRA cited in Paragraph 33 apply to it on a class-wide basis.

34. The allegations contained in Paragraph 34 of the Second Amended Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 34 of the Second Amended Complaint.

35. The allegations contained in Paragraph 35 of the Second Amended Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 35 of the Second Amended Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Second Amended Complaint.

## COUNT THREE

37. In response to Paragraph 37 of the Second Amended Complaint, Defendant incorporates by reference its preceding admissions and denials as if fully rewritten herein.

38. In response to Paragraph 38 of the Second Amended Complaint, Defendant denies that it did not provide the alleged disclosure to Hall or the purported Class members and further denies that the provisions of the FCRA cited in Paragraph 38 apply to it on a class-wide basis.

39. The allegations contained in Paragraph 39 of the Second Amended Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 39 of the Second Amended Complaint.

40. The allegations contained in Paragraph 40 of the Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 40 of the Second Amended Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Second Amended Complaint.

## COUNT FOUR

42. In response to Paragraph 42 of the Second Amended Complaint, Defendant incorporates by reference its preceding admissions and denials as if fully rewritten herein.

43. In response to Paragraph 43 of the Second Amended Complaint, Defendant denies that it did not obtain an authorization from Hall or the purported Class members and further denies that the provisions of the FCRA cited in Paragraph 43 apply to it on a class-wide basis.

44. The allegations contained in Paragraph 44 of the Second Amended Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 44 of the Second Amended Complaint.

45. The allegations contained in Paragraph 45 of the Second Amended Complaint are conclusions of law for which no response is required. In the event a response is required, Defendant denies the allegations contained in Paragraph 45 of the Second Amended Complaint.

46. Defendant denies the allegations contained in Paragraph 51 of the Second Amended Complaint.

## COUNT FIVE

47. In response to Paragraph 47 of the Second Amended Complaint, Defendant incorporates by reference its preceding admissions and denials as if fully rewritten herein.

48. Defendant denies the allegations contained in Paragraph 53 of the Second Amended Complaint for the reason that Congress has preempted a private right of action under said provision. Further answering, Defendant denies that the provisions of the FCRA cited in Paragraph 48 apply to it on a class-wide basis.

49. Defendant denies the allegations contained in Paragraph 49 of the Second Amended Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Second Amended Complaint.

## COUNT SIX

52. In response to Paragraph 52 of the Second Amended Complaint, Defendant incorporates by reference its preceding admissions and denials as if fully rewritten herein.

53. Defendant denies the allegation contained in Paragraph 53 of the Second Amended Complaint for the reason that Congress has preempted a private right of action under said provision. Further answering, Defendant denies that the provisions of the FCRA cited in Paragraph 53 apply to it on a class-wide basis.

54. Defendant denies the allegations contained in Paragraph 54 of the Second Amended Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Second Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The applicable statute(s) of limitation bar some or all of Plaintiffs' claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant is not the proximate cause of any injuries or damages suffered by Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

The FCRA preempts certain of Plaintiffs' claims.

### FIFTH AFFIRMATIVE DEFENSE

The doctrines of absolute and/or qualified privilege bars certain of Plaintiffs' claims.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off for any other settlements obtained by Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff may have released his right to assert this action based upon a settlement in a connected case.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred, in whole or in part, by the doctrines of waiver, estoppel acquiescence, or laches.

### NINTH AFFIRMATIVE DEFENSE

Defendant utilized good faith efforts to comply with all applicable statutes and regulations.

### TENTH AFFIRMATIVE DEFENSE

Defendant maintained reasonable procedures to ensure compliance with the provisions of FCRA.

### ELEVENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages would violate the Defendant's rights under the due process and excessive fines provisions of the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

This case is not appropriate for class action certification.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant did eventually hire the Plaintiff.

WHEREFORE, Defendant Vitran Express, Inc. respectfully requests that Plaintiffs'

{1779614:}
9

Second Amended Complaint be dismissed with prejudice and that it recover its costs, including attorneys' fees, incurred herein.

Dated: November 17, 2010      Respectfully submitted,

/s/ Tyler L. Mathews
William J. O'Neill (0029936)
Tyler L. Mathews (0063759)
McDONALD HOPKINS LLC
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
Fax:   (216) 348-5474
E-mail: woneill@mcdonaldhopkins.com
        tmathews@mcdonaldhopkins.com

Attorneys for Defendant Vitran Express, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of November, 2010, a copy of the foregoing *Answer and Affirmative Defenses of Defendant Vitran Express, Inc. to Second Amended Complaint* was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system.

/s/Tyler L. Mathews
Tyler L. Mathews (0063759)

One of the Attorneys for Defendant
Vitran Express, Inc.