# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **THOMAS E. HALL, on Behalf of Himself and All Others Similarly Situated** | DISTRICT JUDGE POLSTER |
| Plaintiff, | CASE NO. 1:09-cv-00800 |
| vs. | |
| **VITRAN EXPRESS, INC.** | |
| Defendant. | |

## SECOND AMENDED STIPULATION OF SETTLEMENT

This matter has come before this Court for approval of the terms and conditions of a Second Amended Stipulation of Settlement ("Stipulation") made and entered into, as of April 13, 2011, by and among Plaintiffs Thomas E. Hall, et al for himself and on behalf of the Class Members (as defined below); and Defendant Vitran Express, Inc. ("Defendant" or "Vitran") (as defined below) (collectively, "Settling Parties").   It is the Court's understanding that this Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims (as defined below), upon and subject to the terms and conditions hereof ("Settlement"). The Stipulation by the parties, as represented by counsel, is as follows:

## I.    THE FAIR CREDIT REPORTING ACT LITIGATION CLAIMS

On April 7, 2009 Plaintiff filed a lawsuit in the United States District Court for the Northern District of Ohio, Eastern Division, styled *Thomas E. Hall, et al. v. Vitran Express, Inc.* Case No. 1:09-CV-00800 ("Civil Action").   The Civil Action was filed on behalf of consumers residing in the United States who applied for employment with Vitran and were the subject of a criminal background report or other consumer report obtained by Vitran for employment

purposes. The Class Period applicable to the Civil Action is from April 7, 2004 through April 7, 2009. The Civil Action alleges that Vitran violated certain provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") in connection with its use of consumer reports. Specifically, the Civil Action alleges that Vitran violated the following:

1. 15 U.S.C. § 1681b(b)(2)(A)(i) by failing to provide a clear and conspicuous written disclosure in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes;

2. 15 U.S.C. § 1681b(b)(2)(A)(ii) by failing to obtain a valid authorization in writing to procure a consumer report for employment purposes;

3. 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision before taking adverse action that was based in whole or in part on that report;

4. 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section before taking adverse action that was based in whole or in part on the consumer report;

5. 15 U.S.C. § 1681m(a)(2)(B) by failing to provide oral, written or electronic notice that the consumer reporting agency did not make the decision to take adverse action and is unable to provide the consumer with the specific reasons why the adverse action was taken; and

6. 15 U.S.C. § 1681m(a)(3)(A) by failing to provide oral, written or electronic notice of the consumer's right to obtain, within 60 days, a free copy of the consumer report regarding the consumer from the consumer reporting agency that prepared the report.

The Civil Action seeks to recover statutory damages, punitive damages, and attorney's fees and costs. Plaintiffs and putative class members in the Civil Action are represented by Dennis M. O'Toole, Matthew A. Dooley, Anthony Pecora of the law firm of Stumphauzer O'Toole, and Leonard A. Bennett of Consumer Litigation Associates, P.C. ("Class Counsel"). Vitran is represented by William O'Neill, Tyler Mathews, and Jennifer Armstrong of McDonald Hopkins LLC ("Defense Counsel").

Following the filing of the Civil Action, the parties engaged in written discovery through which Vitran provided Class Counsel with information concerning the consumers who were the subject of consumer reports and adverse employment decisions during the Class Period.  The parties also participated in a mediation with the Honorable Dan Aaron Polster, which resulted in this settlement.

## II.    VITRAN'S DENIAL OF WRONGDOING AND LIABILITY

Vitran denies all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Civil Action.  Specifically, it is Vitran's position that its disclosures were FCRA compliant and that it, in good faith, complied with the provisions of the FCRA and all other applicable laws.    Vitran acknowledges that a portion of its job-applicants may not have been aware that a criminal background report or other consumer report would be procured by Vitran for employment purposes, and did not receive pre-adverse and adverse action notices during the Class Period in question, and Vitran has changed its practices to further comply with the FCRA. Notwithstanding the above, Vitran has concluded that further conduct of the Civil Action would be protracted and expensive, and has also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Civil Action.  Vitran has determined that it is desirable and beneficial to the company and its current shareholders and other stakeholders that the Civil Action be settled in the manner and on the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Civil Action have merit and that if the case did not settle they would prevail at trial.  However, Plaintiffs and Class Counsel recognize

and acknowledge the expense and length of continued proceedings necessary to prosecute the Civil Action against Vitran through trial and through appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and the risk of any litigation, including proceedings involving class certification. Plaintiffs and Class Counsel believe that the settlement set forth in this Stipulation confers substantial benefits on the Settlement Class and is fair, reasonable and adequate, and in the best interests of Plaintiffs and the Settlement Class.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their respective attorneys, that, subject to the approval of the Court, the Civil Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Civil Action shall be dismissed with prejudice upon and subject to the terms and conditions of the Stipulation as follows:

## 1.  Definitions

1.1   "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*

1.2   "CAFA Notice" means the notice described in 4.8 below.

1.3    "Civil Action" means the lawsuit styled *Thomas E. Hall v. Vitran Express, Inc.* currently pending in United States District Court for the Northern District of Ohio, Eastern Division, Docket No. 1:09-CV-00800.

1.4    "Class Counsel" means Dennis M. O'Toole, Anthony R. Pecora, and Matthew A. Dooley of Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman, Co. LPA and Leonard A. Bennett of Consumer Litigation Associates, P.C.

1.5    "Class Member(s)" means any member(s) of the Preliminary Settlement Class and the Settlement Class, as set forth in 2.1 and 2.2 below, but specifically does not include those individuals who timely opt-out of the Settlement as forth in 4.4.

1.6   "Class Period" means the period from April 7, 2004 through April 7, 2009.

1.7   "Court" means the United States District Court for the Northern District of Ohio, Eastern Division.

1.8   "Defendant" or "Vitran" means Vitran Express, Inc.

1.9    "Opt-Out" means to timely request exclusion from the Settlement pursuant to Federal Rule Civil Procedure 23(c)(2)(B).

1.10  "Effective Date" means the date on which the Judgment finally approving this Stipulation and the Settlement becomes Final.

1.11  "Final" means the date on which all appellate rights with respect to the Judgment have expired or have been exhausted in such a manner as to affirm the Judgment, and when no further appeals are possible, including review by the United States Supreme Court.

1.12   "Final Notice" shall have the meaning described in Section 5 below.

1.13   "FCRA" means the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

1.14    "Judgment" means a judgment and order of dismissal entered by the Court in the Civil Action granting final approval of the Settlement and entering a judgment according to the terms set forth in this Stipulation.

1.15   "Incentive Award" means the one-time payment to the Named Plaintiff for the time and resources he has put into representing the Class Members, as set forth in 7.4.

1.16    "Notice Order" means the order proposed and submitted by the parties as set forth in 4.7.

1.17 "Person" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.18  "Named Plaintiff" means Thomas E. Hall.

1.19  "Released Claims" means all claims set forth in the Civil Action, (including "Unknown Claims" as defined herein), demands, rights, liabilities, and causes of action under federal or state law, whether based on statutory or common law, whether class or individual in nature, known or unknown, concealed or hidden, and that (i) were asserted in the Civil Action and that related to the use of criminal background checks and consumer reports by Vitran in its employment process, including any duties or obligations to make disclosures as a result of the use of such reports.

1.20  "Released Defendant" means Vitran and its current and former parents, subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees, and/or assigns and their respective subsidiaries, affiliates, divisions, associates, agents, successors, assignors, assignees and/or assigns, and each of their respective present, former or future officers, directors, shareholders, agents, control persons, advisors, employees, representatives, consultants, insurers and reinsurers, accountants, attorneys, and any representative of the above.

1.21 "Settlement" means the terms and conditions of settlement as described in this Stipulation.

1.22  "Settlement Class" has the meaning set forth in 2.1 below.

1.23  "Settlement Funds" means the amounts set forth in 2.4.

1.24   "Settlement Hearing" means the hearing described in 4.7.

1.25   "Settlement Notice" means the form of notice to be provided to the Settlement Class after preliminary approval of this Stipulation by the Court, as further described in Sections 4.2-4.6 herein.

1.26   "Settling Parties" means Plaintiff and Defendant as described in 1.8 and 1.18.

1.27   "Stipulation" means this Stipulation of Settlement, including its exhibits.

1.28   "Preliminary Settlement Class" shall have the meaning set forth in 2.1 below.

1.29   "Termination Notice" shall have the meaning set forth in Section 8 below.

1.30   "Unknown Claims" means any Released Claims that Plaintiff or any Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant, which, if know by him, her, or it, might have affected his, her, or its settlement with and release of the Released Defendant, or might have affected his, her, or its decision(s) with respect to the Settlement.   With respect to any and all Released Claims, the Settling Parties stipulate and agree that, on the Effective Date, Plaintiff and Defendant shall expressly waive, and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true related to the subject matter of the Released Claims, but Plaintiffs shall expressly and each Class Member, upon the Effective Date,

shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Class Members and Released Defendant shall be deemed by operation of the Judgment to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and is a key element of the Settlement of which these releases are a part.

## 2.  The Settlement

2.1    For the purposes of effectuating the Settlement only, Class Members and Vitran agree jointly to request that the Court certify a nationwide Preliminary Settlement Class as alleged in Plaintiffs' Third Amended Class Complaint which has been filed (ECF 40). The Preliminary Settlement Class consists of Consumers residing in the United States who applied for employment with Vitran, and during the application process, Vitran procured a criminal background report or other consumer report without first, (i) providing the consumer(s) with a clear and conspicuous disclosure in writing in a document that consisted solely of the disclosure that a consumer report would be obtained for employment purposes, and (ii) obtaining the proper written authorization of the consumer(s) to procure such consumer reports as defined by claims asserted in Count 1 of the Third Amended Complaint together with the following sub-classes:.

A.    **"Pre-Adverse Action Class"** A sub-class of the Preliminary Settlement Class, which consists of consumers described above who, before Vitran declined their

employment, were not provided with a copy of their criminal background report or other consumer report which was used for employment screening prior to Defendant's employment decision if the same was based in whole or in part on said report.  Said sub-class members further did not receive from Vitran a copy of the summary of rights as required by the FCRA prior to Defendant taking adverse action which was based on or in part on the criminal background or other consumer report used for employment screening.  These sub-class members' claims are encompassed by 15 U.S.C. §§ 1681b(b)(3)(A)(i) and 1681b(b)(3)(A)(ii) as defined in Count II of the Third Amended Complaint;

B.  **"Adverse Action Class"** A sub-class of the Preliminary Settlement Class which consists of consumers described above who were not provided with oral, written or electronic notice by Vitran that the consumer reporting agency ("CRA") which issued a criminal background report or other consumer report on the consumer did not make the decision to take adverse action, and that the CRA is unable to provide the consumer with the specific reasons why the adverse action was taken. Vitran further failed to provide oral, written or electronic notice to the consumer of his or her right to obtain, within 60 days, a free copy of the consumer report regarding the consumer from the CRA which prepared the report.  These sub-class members' claims are encompassed by 15 U.S.C. §§ 1681m(a)(2)(B) and 1681m(a)(3)(A) as defined in Count III of the Third Amended Complaint.

2.2  On the Effective Date, the Preliminary Settlement Class set forth in 2.1 above shall become permanently certified ("Settlement Class") unless the Judgment does not become Final.

2.3     In the event the Settlement is not preliminarily and finally approved and implemented, or the Judgment does not become final, the Preliminary Settlement Class is dissolved without prejudice or inference regarding the appropriateness of class certification and thereafter the issue of class certification will be decided *de novo*, and Vitran is not precluded from challenging class certification.

2.4     Vitran agrees to pay a total of Two Million Six Hundred Thousand Dollars ($2,600,000.00) to settle the claims set forth by the Preliminary Settlement Class, including each sub-class (the "Settlement Funds").  Vitran shall deposit the Two Million Six Hundred Thousand Dollars ($2,600,000.00), less the Thirty-Thousand Dollar ($30,000.00) first-stage payment to Class Counsel, as described in paragraph 2.7, into an interest-bearing account with the financial institution designated Class counsel.  Vitran shall use its best efforts to complete deposit of the balance of the Two Million Six Hundred Thousand Dollars ($2,600,000.00) within thirty (30) calendar days of the Court's preliminary approval of the Settlement. The parties acknowledge that each class member shall receive the following from the Settlement Funds:

- **Preliminary Settlement Class** – a gross sum of $800.00 from which attorneys' fees and administration costs shall be deducted resulting in a net sum of $550.00.

- **Pre-Adverse Action Class** –a gross sum of $1,000.00 from which attorneys' fees and administration costs shall be deducted resulting in a net sum of $690.00.  Pre-Adverse Action Class members will also receive an additional $550.00 based upon their participation in the Preliminary Settlement Class, for a total net benefit of $1,240.00; and

- **Adverse Action Class** – a gross sum of $1,000.00 from which attorneys' fees and administration costs shall be deducted resulting in a net sum of $690.00. Adverse Action Class members will also receive an additional $1,240 based upon their participation in the Preliminary Settlement Class and Pre-Adverse Action Class, respectively, for a total net benefit of $1,930.00.

2.5     Upon final approval of the Settlement at the final Settlement Hearing, the Civil Action will be dismissed with prejudice.

2.6     Vitran shall not be responsible to pay any sum of money except as stated in paragraph 2.4, which encompasses Class Member recoveries, costs of administration and notice, attorneys' fees and incentive payments.

2.7     Vitran shall deposit Thirty-Thousand dollars ($30,000.00) into an attorney escrow account designated by Class Counsel within ten (10) calendar days from the date the Court enters an order preliminarily approving settlement.  Such proceeds shall be used solely for costs of administration and notice and are part of the full Two Million Six Hundred Thousand Dollar ($2,600,000) Settlement Funds.  The remaining balance of the Settlement Funds shall be deposited into an interest-bearing account, as described in Section 2.4 within thirty (30) calendar days from the date the Court's preliminary approval of the Settlement.

2.8     Upon final approval of the Settlement at the final Settlement Hearing, the Civil Action will be dismissed with prejudice.

## 3.  Release

3.1  Upon the Effective Date, each member of the Settlement Class who has not opted out of the proposed settlement, and each of their respective spouses, executors, representatives, heirs,

successors, bankruptcy trustees, guardians, wards, joint tenants, tenants in common, tenants in the entirety, co-borrowers, agents, successors, assignees and assigns, and all those others who also claim through them or who assert claims on their behalf (including the government in its capacity as parens patriae) shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Defendant.  The Parties hereby acknowledge that the Released Defendant is an expressly intended beneficiary of this Release.

Also, upon the Effective Date, Named Plaintiff and each member of the Settlement Class who has not opted out of the proposed settlement shall be permanently enjoined and barred from filing, commencing, prosecuting, intervening (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding arising from any of the Released Claims.

## 4.  Notice of Order and Settlement Hearing

4.1 On execution of this Stipulation, the Settling Parties shall jointly apply to the Court for preliminary approval of the Settlement set forth in this Stipulation.  It is contemplated that this joint application will be filed contemporaneously with the filing of this Amended Stipulation of Settlement.  The Parties shall submit to the Court the Stipulation, together with its Exhibits, and shall apply for entry of an order (the "Notice Order"), substantially in the form and content of Exhibit B hereto, requesting, *inter alia*, (a) preliminary approval of the Settlement, (b) preliminary certification of the Preliminary Settlement Class, and (c) approval for the distribution of the Settlement Notice substantially in the form and content of Exhibit A hereto, and (d) a time and date for the final Settlement Hearing.  Should any Court reject or materially alter the parties' agreed upon Notice Order or Settlement Notice, then Vitran will have the option

to void the Settlement if the parties are unable, after good faith negotiations, to agree on a form of Notice Order and Settlement Notice acceptable to the Court.

4.2  After preliminary approval of this Stipulation by the Court, Class Counsel shall provide to each member of the Preliminary Settlement Class a notice within sixty (60) days after preliminary approval in substantially similar form as the notice attached hereto as Exhibit A, notifying him or her of his or her right to participate in the settlement or to object to or opt out of the settlement ("Settlement Notice").  All putative class members who do not opt out or object within ninety (90) days from the date they were sent the Settlement Notice, as described in the Settlement Notice, shall be considered Class Members and shall be bound by the terms of the Settlement.   The Settlement Notices will be sent to the last known address that can be contemporaneously verified.   If such address is unavailable, Class Counsel shall be responsible to send the Notice by First Class U.S. Mail, postage prepaid to the last known mailing address available for each member of the Preliminary Settlement Class.  These postal addresses shall be checked and updated against the NCOA database.  The notice shall also be posted and made available on the website http://www.vitranclassaction.com.  ("Notice Website").  The parties acknowledge that, other than the records already produced by Vitran in the Civil Action, Vitran neither owns nor controls any records regarding the names and addresses of any Class Members. Notwithstanding the above, Vitran shall use its best efforts to obtain from HireRight Solutions, Inc. (formerly known as USIS Commercial Services, Inc.) the names and addresses of job applicants about whom it obtained a consumer report from HireRight Solutions from April 7, 2004 through April 7, 2009, and shall provide such information to Class Counsel upon receipt.

4.3.   Each Class Member shall be informed in the Settlement Notice that he or she is entitled to the cash funds, as set forth in Section 2.4.  Checks shall be mailed to the Class

Members who have not opted out of the Settlement at the last known address on file with and shall become void 90 days after issuance. The proceeds to be paid to thereby shall not become the property of the Class Member until and unless they cash the check.

4.4.    A Settlement Class Member may request to be excluded from the Settlement Class by sending a written request for exclusion to Class Counsel at the address provided in the Notice.  The Settlement Class Member's Opt-Out request must contain the Class Member's original signature, current postal address and a specific statement that the Class member wants to be excluded from the Settlement Class.  Opt-Outs must be postmarked no later than the deadline set by the Court in the Preliminary Approval Order.  In no event shall persons who purport to opt out of the Settlement Class as a group, on an aggregate basis or as a class involving more than one Class Member be considered valid Opt-Outs.  Requests for exclusion that do not comply with any of the foregoing requirement are invalid.  No later than seven (7) business days after the deadline for submission of request for exclusion of Opt-Out, Class Counsel shall provide Vitran with a complete list of all persons who have properly Opted Out of the Settlement together with copies of the opt-out requests.

4.5.    Procedure to Object to the Settlement:  Any Class Member who does not opt out, but who instead wishes to object to the Settlement or any matters as described in the Notice, may do so by filing with Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting Class Member's signature), with any papers in support of their position, and serve copies of all such papers on Class Counsel and the Defendant's Counsel.  Objections must be filed and served no later than the deadline set by the Court in the Preliminary Approval Order.  The objection must indicate whether the Class member and/or his attorney(s) intends to appear at the Final Fairness Hearing.  Any attorney who

intends to appear a the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of Court no later than the deadline set by the Court in the Preliminary Approval Order.

4.6    The cash funds from any checks mailed pursuant to Section 4.3 that remain uncashed and become stale after the ninety (90) day period provided therein shall be distributed as follows:

> A.    Vitran shall receive a sum which equals the greater of $120,000.00 or twenty-three percent (23%) of the uncashed checks net of fees and expenses. Should the amount of uncashed checks be less than $120,000.00, Class Counsel shall absorb the difference to be paid to Vitran from attorneys' fees, not to exceed $120,000.00.
>
> B.    Any remaining sums shall be divided equally to two cy pres beneficiaries selected by the Plaintiffs and subject to approval by the Court.

4.7    The parties agree to seek a final approval hearing ("Settlement Hearing") date approximately one-hundred and twenty (120) days from the date of preliminary approval of the settlement.

4.8    Vitran shall cause notice of the proposed settlement that meets the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, to be served on the appropriate federal and state officials no later than ten days after the filing of this Stipulation with the Court ("CAFA Notice").

## 5.  Final Settlement Hearing Judgment and Notice

5.1    The final Settlement Hearing, as established in the Notice Order, shall be for the purpose of consideration of final approval of the Settlement set forth in the Stipulation.

5.2      On or before the final Settlement Hearing, Class Counsel will certify to the Court that they have fully complied with the notice provisions set forth Section 4.2 herein.

## 6.  Administration and Supervision of the Settlement Fund

6.1 Class Counsel will directly administer the Settlement including controlling the Settlement Funds, subject to Court approval, and Class Counsel shall administer and oversee distribution from the Settlement Funds. On completion of the administration of the Settlement, Class Counsel shall provide or cause to be provided to the Court a final report on its administration of the Settlement. Class Counsel will be responsible for the costs of notice and administration.   Defense Counsel, as defined on page 2, shall have reasonable access to documents relating to compliance and administration of the Settlement, with the right, but not the obligation, to review and audit the documents to determine full compliance with the terms of the Settlement.

6.2      No Person shall have any claim against Class Counsel based on the monetary payments made substantially in accordance with this Stipulation and the Settlement contained herein, or further order(s) of the Court.

## 7.  Plaintiffs' Counsel's Attorneys' Fees, Reimbursement of Expenses and Payment of Additional Costs

7.1   Class Counsel will pay the cost of the settlement notices and other fees and costs associated with processing the notices and mailing any cash payments using the Thirty-Thousand dollars ($30,000.00) first-stage payment, as described in Sections 2.4 and 2.7.

7.2   In advance of the Court's deadline for submission of objections, Class Counsel shall make an application to the Court for an award from the Settlement Funds for attorney's fees, costs, and other expenses in an amount not to exceed thirty-percent (30%) of the Settlement Funds.  Vitran shall not oppose or object to this application.  Nothing in this provision will

require Vitran to pay funds with respect to the litigation over and above the Two Million Six Hundred Thousand Dollars ($2,600,000.00) Settlement Funds.

7.3     If the award of attorney's fees and expenses in the final judgment and order approving the Settlement is reversed, vacated, modified, and/or remanded for further proceedings, Plaintiff's Counsel shall not be obligated to return the Thirty Thousand dollar ($30,000.00) payment by Vitran for purposes of funding class notice and administration of the settlement, unless a portion of those funds are left unused.

7.4     Thomas E. Hall shall receive compensation for serving as class representative in the amount of $10,000.00 (the "Incentive Award"), which shall be in addition to any other sums he may receive as a Class Member. This amount is payable from the Settlement Fund on the day that Judgment becomes final and unappealable.

## 8.   Conditions of Settlement, Effect of Disapproval, Cancellation or Termination

8.1   Plaintiff or Vitran, at either of their sole discretion, shall each have the right to terminate the Settlement and this Stipulation, including dissolution of the Preliminary Settlement Class, if any of the following conditions subsequently occurs ("Terminating Events"):

    a. the Court's refusal to preliminarily (pursuant to Section 4.1 above) or permanently approve this Stipulation or any material part of it;

    b. the Court requires a notice program in addition to or substantially different from that set forth herein;

    c. the Court orders Vitran to pay attorney's fees with respect to the litigation, other than as provided herein;

    d. the Court orders Vitran to pay, with respect to the litigation, any amount above the contribution to the Settlement Funds, other than as provided herein;

e.   the Court declines to enter the Judgment in any material respect; or

f.   the Judgment is reversed, vacated or modified in any material respect by the Sixth Circuit Court of Appeals, the United States Supreme Court, or adverse action being taken by any other trial court or appellate court in any jurisdiction.

8.2     Vitran in its sole discretion also shall have the right to terminate the Settlement and this Stipulation, including dissolution of the Preliminary Settlement Class, if more than five percent (5%) of the Settlement Class Members elect to Opt-Out.

8.3     The failure of the Court or any appellate court to approve in full the request by Class Counsel or Plaintiffs for attorney's fees, incentive awards, costs and other expenses shall not be grounds for named Plaintiffs, the Settlement Class, or Class Counsel, to terminate this Stipulation.

8.4.   If either party exercises their respective rights to terminate this Settlement and Stipulation pursuant to Section 8.1 or 8.2 herein, they shall terminate the Settlement and this Stipulation, including dissolving the Preliminary Settlement Class, by delivering written notice of the electing party's election to do so ("Termination Notice") to all other parties hereto within thirty (30) days of a Terminating Event or within thirty (30) days of any event described in Section 8.2 above.  In the event that a Termination Notice is so provided, then the Settlement and this Stipulation shall be canceled and terminated unless and until Class Counsel and counsel for Vitran mutually agree in writing to proceed with the Stipulation.

8.5   In the event that the Settlement and this Stipulation are terminated as provided for herein, then (a) this Stipulation shall be null and void and of no further force and effect, including voiding the Preliminary Settlement Class; (b) the Settling Parties shall be restored to their respective positions in the Civil Action immediately prior to the execution of this

Stipulation; (c) any portion of the Settlement Funds not used to fund notice and administration shall be returned to Vitran together with any interest earned thereon; (d) this Stipulation shall not be used in the Civil Action or in any other proceeding for any purpose; and (e) any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

8.6  Upon the filing of the proposed Stipulation with the Court, all proceedings shall be stayed until further order of the Court except such proceedings as may be necessary either to implement the proposed Stipulation or to comply with or effectuate the terms of this Stipulation.

## 9.  Final Judgment

9.1     The Parties shall jointly seek entry by the Court of a Final Judgment that includes provisions:

    a.  granting final approval of this Stipulation, and directing its implementation pursuant to its terms and provisions;

    b.  ruling on Class Counsel's application for attorney's fees, costs and other expenses;

    c.  discharging and releasing the Released Defendant from the Released Claims as provided in Section 3 above;

    d.  directing that the litigation be dismissed with prejudice, and

    e.  reserving to the Court continuing and exclusive jurisdiction over the parties with respect to the Stipulation and the Final Judgment.

**10.  Miscellaneous Provisions**

10.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this agreement, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

10.2     Neither Vitran, nor Class Counsel, nor the Plaintiff will encourage any person to request exclusion from membership in the settlement class, encourage any person to object to the Settlement, and/or encourage or discourage any person from participating in the distribution of the proceeds of the Settlement.

10.3     Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.4     Class Counsel, on behalf of the Settlement Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

10.5     This Stipulation shall be binding on, and inure to the benefit of, the successors and assigns of the parties hereto.

10.6     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of the validity of any Released Claim, or of any wrongdoing or liability of Defendant; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of Defendant in any civil

criminal or administrative proceeding in any court, administrative agency or other tribunal. Defendant may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.7    The parties agree that any press release or other public comment related to the Civil Action or its resolution shall be limited to a factual description of the terms of the settlement and the remaining procedural steps necessary to secure final approval.  In all events, the parties shall refrain from any accusations or wrongful or actionable conduct by either party and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

10.8    Defendant and Named Plaintiff agree that each has complied fully with the stricture of Rules 11 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1711, *et seq.*, and the final judgment will contain a statement to reflect this compliance.

10.9    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.10   This Stipulation and the Exhibits attached hereto constitute the entire agreement between Plaintiffs and Defendant and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

10.11   This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors in interest.

10.12  This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Ohio and the rights and obligations of the parties to this Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Ohio without giving effect to the State's choice of law provisions.

10.13  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Stipulation.

10.14  This Stipulation may be executed in counterparts, including by signature transmitted by facsimile.  Each counterpart when so executed shall be deemed to be an original, and all such counterparts together shall constitute the same instrument.

10.15  The Parties and their counsel agree to use their best efforts to obtain Court approval of this Stipulation subject, however, to Defendant' right to terminate the Stipulation.

10.16  Except for the Settlement Notices and the CAFA Notice, all notices or formal communications under this Stipulation shall be in writing and shall be given (a) by hand delivery; (b) by registered or certified mail, return receipt requested, postage prepaid; or (c) by Federal Express or similar overnight courier to counsel for the Party to whom notice is directed at the following addresses.

For Named Plaintiffs and the Settlement Class:

Dennis M. O'Toole, Esq.
Anthony R. Pecora, Esq.
Matthew A. Dooley, Esq.
STUMPHAUZER | O'TOOLE
5455 Detroit Road
Sheffield Village, Ohio  44054

For Vitran:

Tyler Mathews, Esq.
William O'Neill, Esq.
Jennifer Armstrong, Esq.
MCDONALD HOPKINS LLC
600 Superior Avenue, E.
Suite 2100
Cleveland, Ohio  44114-2653

10.17   This Stipulation is the entire, complete agreement of each and every term agreed to by the Named Plaintiff and the Settlement Class on the one hand and Defendant and its counsel on the other hand. In entering into this Stipulation, the Named Plaintiff and the Settlement Class have not relied on any warranty or representation not specifically set forth herein.  This Stipulation may be amended or modified only by a written instrument signed by Class Counsel and Defense Counsel.

10.18   Class Counsel and Named Plaintiffs agree to refrain from defaming the Released Defendant and its parent companies, subsidiaries, affiliates, successors or assigns with respect to any issue related to this case.  Class Counsel and Named Plaintiffs agree to refrain from taking any action related to this matter designed to harm the public perception of the Released Defendant and its parent companies, subsidiaries, affiliates, successors or assigns regarding any issue related to this case, except they may provide sworn testimony if required by an order from a court of competent jurisdiction. Defendant agrees to refrain from defaming Named Plaintiff or Class Counsel publicly or in the media regarding any issue related to this case. Failure to abide by this provision will constitute a breach of this Stipulation.

10.19   The headings in this Stipulation are for the convenience of the reader only and shall not affect the meaning or interpretation of this Stipulation.

10.20   In the event that any provision hereof becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable or void, this Stipulation shall continue in full force and effect without such provision.

10.21   None of the Parties to this Stipulation shall be considered to be the primary drafter of this Stipulation or any provision hereof for the purposes of any rule of interpretation or construction that might cause any provision to be construed against the drafter.

10.22   This Stipulation shall be binding according to its terms upon, and inure to the benefit of, Named Plaintiff, the Settlement Class, and the Released Defendant.

10.23   The individuals signing this Stipulation on behalf of Vitran represents that they are fully authorized to enter into, and to execute, this Stipulation on behalf of Vitran. Class Counsel represent that they are fully authorized to conduct settlement negotiations on behalf of named Plaintiffs, and to enter into, and to execute, this Stipulation on behalf of the Settlement Class, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).  Each Named Plaintiff enters into and executes this Stipulation on behalf of himself or herself, and as a representative of and on behalf of the Settlement Class, subject to court approval pursuant to Federal Rule of Civil Procedure 23(e).

10.23   Each of the Parties has had an opportunity to receive, and has received, independent legal advice from his, her or its attorneys  regarding the advisability of this proposed settlement, and to answer any questions about the settlement, and the legal consequences of this Stipulation, and fully understands and accepts the terms of this Stipulation.

10.24   Named Plaintiff, Class Counsel and Vitran may execute this Stipulation in counterparts, and the execution of counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile signatures shall be considered as valid signatures as of the

date signed, although the original signature pages shall thereafter be appended to this Stipulation.

This Stipulation shall not be deemed executed until signed by the named Plaintiff, Class Counsel

and authorized representatives of Vitran.

The Court, having reviewed the Second Amended Stipulation of Settlement, approves the

same and Orders the parties to proceed as agreed.

**It is so Ordered.**

/s/Dan Aaron Polster   4/19/11
DAN AARON POLSTER
UNITED STATES DISTRICT COURT JUDGE

G:\25\25747-1\Second Amended Stipulation Of Settlement.Docx