## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **THOMAS E. HALL, on Behalf of Himself and All Others Similarly Situated** | |
| Plaintiff, | DISTRICT JUDGE POLSTER |
| | CASE NO. 1:09-cv-00800 |
| vs. | |
| **VITRAN EXPRESS, INC.** | **ORDER** |
| Defendant. | |

WHEREAS, Plaintiff[1] on behalf of himself and the other Class Members in this action entitled *Hall v. Vitran Express, Inc.*, Case No. 1:09-cv-800 (N.D. Ohio) (the "Litigation") and Vitran have entered into a Second Amended Stipulation of Settlement, filed April 13, 2011 (the "Second Amended Stipulation") (ECF 44), after lengthy arms-length settlement discussion;

AND, WHEREAS, the Court has received and considered the Second Amended Stipulation;

AND, WHEREAS, the Parties have made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of the Litigation (ECF 45), and for its dismissal with prejudice upon the terms and conditions set forth in the Amended Stipulation;

AND, WHEREAS, the Court has reviewed the Parties' application for such order, and has found good cause for the same.

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Amended Stipulation of Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      Pursuant to Federal Rule of Civil Procedure 23, and for settlement purposes only, the Court hereby certifies this Litigation as a class action on behalf of the following Class:

Consumers residing in the United States who applied for employment with Vitran, and during the application process, Vitran procured a criminal background report or other consumer report without first, (i), providing the consumer(s) with a clear and conspicuous disclosure in writing in a document that consisted solely of the disclosure that a consumer report would be obtained for employment purposes, and (ii) obtaining the proper written authorization of the consumer(s) to procure such consumer reports as defined by claims asserted in Count 1 of the Third Amended Complaint together with the following sub-classes:

a.  "Pre-Adverse Action Class." A sub-class of the Preliminary Settlement Class, which consists of consumers described above who, before Vitran declined their employment, were not provided with a copy of their criminal background report or other consumer report which was used for employment screening prior to Defendant's employment decision if the same was based in whole or in part on said report.  Said sub-class members further did not receive from Vitran a copy of the summary of rights as required by the FCRA prior to Defendant taking adverse action which was based on or in part on the criminal background or other consumer report used for employment screening.  These sub-class members' claims are encompassed by 15 U.S.C. §§

1681b(b)(3)(A)(i) and 1681b(b)(3)(A)(ii) as defined in Count II of the Third Amended Complaint;

b. "Adverse Action Class." A sub-class of the Preliminary Settlement Class which consists of consumers described above who were not provided with oral, written or electronic notice by Vitran that the consumer reporting agency ("CRA") which issued a criminal background report or other consumer report on the consumer did not make the decision to take adverse action, and that the CRA is unable to provide the consumer with the specific reasons why the adverse action was taken. Vitran further failed to provide oral, written or electronic notice to the consumer of his or her right to obtain, within 60 days, a free copy of the consumer report regarding the consumer from the CRA which prepared the report. These sub-class members' claims are encompassed by 15 U.S.C. §§ 1681m(a)(2)(B) and 1681m(a)(3)(A) as defined in Count III of the Third Amended Complaint.

If the settlement is not finally approved, Vitran's stipulation to the certification of the class shall be null and void ab initio, and may not be used or relied upon by the plaintiffs for any purpose.

2. With respect to the Class, the Court preliminarily finds the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met; in that: (a) the Class is so numerous that joinder of all individual Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class and those common questions of law and fact predominate over any individual questions; (c) the claims of the class representative are typical of the claims of

the Class; (d) the class representative and Class Counsel will fairly and adequately represent the interests of the Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.       Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby appoints the Plaintiff in this Litigation, Thomas E. Hall, as class representative of the Class.

4.       Having considered the factors set forth in Rule 23(g) of the Federal Rules of Civil Procedure, the Court hereby appoints Class Counsel to represent the Class.

5.       The Court hereby preliminarily approves the Second Amended Stipulation and terms and conditions set forth therein, subject to further consideration at the Settlement Hearing described below.

6.       The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Second Amended Stipulation, and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminarily approves the proposed settlement as set forth in the Second Amended Stipulation.

7.       Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing (the "Settlement Hearing") on August 31, 2011 at 12:00 p.m. in the Courtroom of the Honorable Dan. A. Polster, United States District Court for the Northern District of Ohio, 801 West Superior Avenue, Cleveland, Ohio 44113 for the following purposes:

a.      finally determining whether the Class meets all applicable requirements of Federal Rule of Civil Procedure 23 and, thus, the Class claims should be certified for purposes of effectuating the settlement;

b.      determining whether the proposed settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

c.      considering the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses, as provided for under the Second Amended Stipulation;

d.      considering whether the Court should enter the [Proposed] Judgment, Final Order, and Decree;

e.      considering whether the release by the Settlement Class Members of the Released Claim as set forth in the Second Amended Stipulation should be provided; and

f.      ruling upon such other matters as the Court may deem just and appropriate.

8.      The Court may adjourn the Settlement Hearing and later reconvene such hearing without further notice to the Settlement Class Members.

9.      The Parties may further modify the Second Amended Stipulation prior to the Settlement Hearing, so long as such modifications do not materially change the terms of the settlement provided thereunder.  The Court may approve the Second Amended Stipulation with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class Members.

10.     Class Members must file and serve any objections to the proposed settlement no later than 30 days prior to the Settlement Hearing, including any memorandum and/or submissions in support of said objection, which deadline will be set forth in the Class Notice.

11.     All papers in support of the Settlement and any application for an award of attorneys' fees, actual out-of-pocket expenses and/or class representative incentive awards must be filed with the Court and served at least seven days prior to the Settlement Hearing.

12.     The Court approves, as to form and content, the proposed Notice of Class Action Settlement and Publication Notices (collectively, the "Class Notice"), which are attached as Exhibit A to the Amended Stipulation.

13.     Within 60 days of this Order, Class Counsel shall provide to each Class member the Class Notice.

14.     The Court finds that the distribution of Class Notice substantially meets the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

15.     The Court approves the designation of Class Counsel to administer the settlement.  Class Counsel shall disseminate Class Notice and supervise and carry out the notice procedure, the processing of claims, and other administrative functions, and shall respond to Class Member inquiries, as set forth in the Second Amended Stipulation and this Order under the direction and supervision of the Court.

16.     All costs administering the settlement shall by paid by Class Counsel, as set forth in the Second Amended Stipulation.

17.     As provided in the Class Notice, each Class Member shall have the right to exclude himself or herself form the settlement class by mailing a request for exclusion to Class Administrator postmarked no later than 30 days after mailing of the Class Notice.  Requests for exclusion must set forth the class member's name and address.  At least 10 days prior to the final approval hearing, Class Counsel shall file with the Court a list of all persons who have timely requested exclusion from the Settlement Class.

18.     As provided in the Class Notice, each class member who does not timely opt out of the class shall have the right to object to the settlement or to the request by Class Counsel for an award of attorneys' fees and expenses by filing written objections with the Court not later than 30 days after distribution of the Class Notice, and copies of the objections shall be served on Class Counsel.  Failure to timely file and serve written objections will preclude a class member from objecting at the fairness hearing.  At least 10 days prior to the final approval hearing, Class Counsel shall file with the Court a copy of all objections to the settlement.

19.     All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement and for an award of attorneys' fees and expenses by counsel for the class shall be filed not later than 10 days before the fairness hearing.

20.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

IT IS SO ORDERED.

/s/Dan Aaron Polster  4/19/11
DAN AARON POLSTER
UNITED STATES DISTRICT COURT JUDGE